UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BLOMQUIST, | ) No. C 07-04108 HRL |
| Plaintiff, | ) **MOTION TO SEAL DOCUMENTS** |
| vs. | ) **MISCELLANEOUS INFORMATION** |
| WASHINGTON MUTUAL,et al., , | ) |
| Defendants | ) |

REQUEST TO SEAL DOCUMENTS

1. Pro se plaintiff hereby requests court to seal all documents filed by Judge Seeborg , this motion to seal and In Forma Pauperis. Plaintiff acknowledges and apologizes for his procedural errors and does not want these errors or Judge Seeborg's documents to influence defendants' counsel or the jury.

2. Plaintiff did not research IFP because of foolish pride. Only three years ago plaintiff was a multi-millionaire and has had difficulty adjusting to his current financial situation. At the time of filing, plaintiff was asked by court employee if he was going to file IFP. Plaintiff knew very little about IFP and asked what was needed. Plaintiff was told to complete cover sheet and that was all that was required.

3. At this time plaintiff also requested information on how to receive access to the ECF. Plaintiff was told that he would have to contact the assigned judge, Judge Seeborg. Plaintiff then asked if Judge Seeborg was available. Plaintiff was told that Judge Seeborg was not available, but would be in court the following day for a settlement hearing. Plaintiff asked if it would be acceptable to attend. After a different court employee made a phone call, plaintiff was told he could attend.

MOTION TO SEAL DOCUMENTS C07-04108 HRL - 1

4. At the settlement hearing Judge Seeborg informed plaintiff that he was not allowed in the courtroom for a settlement hearing and that he could not discuss the case ex-parte. Plaintiff left the courtroom without discussion and later sent an email to Judge Seeborg. Email requested what was needed for ECF access and plaintiff's reasons for the TRO. At the time the email was sent, plaintiff believed his email was more procedural than specific to the case and would not be considered ex-parte. Plaintiff was also unaware that Magistrate Judges are not eligible to rule on TROs.

5. Plaintiff apologizes for not properly researching court procedures. Plaintiff is confident that similar mistakes will not occur in the future. Plaintiff has contacted numerous attorneys about representation. Large firms either had conflicts of interest or were looking for cases with potential awards of $10 million or more to justify their expense. Small firms were either not experienced with all causes of action or did not have the resources and time to dedicate to such a complex case. It is evident from plaintiff's research that the defendants intend to bury the plaintiff in paperwork. Plaintiff will continue to interview law firms for representation, but does not want this case to be delayed for the good of public policy.

6. Plaintiff is a 2nd generation mortgage and real estate broker with over 20 years of experience. Plaintiff alleges that the defendants have destroyed or at least illegally exploited the American Dream of Homeownership for their own self-dealings. Plaintiff does not understand how so many laws and regulations could have been violated and our entire financial system put at risk. Plaintiff is dedicated to take this case to the Supreme Court if necessary.

7. Plaintiff has been writing local legislators, regulators and numerous other officials for years. Plaintiff alleges that the only reason the bay area has not experienced the same record number of foreclosures as Stockton, Sacramento and the Central Valley of California is because we have experienced more appreciation and thus have had more access to debt. Unfortunately our record appreciation could also cause us to decline the most. Affordability in Santa Clara

County is one of the lowest in the nation.  Plaintiff is a volunteer for a Presidential candidate who recognizes the severity of this pandemic.  We are already at a 37 year highs for foreclosures. Interest rates are still at record lows and the Option ARMs have yet to start recasting.  Unless the court finds reason to object, the Plaintiff will begin posting a video documentary of the plaintiff's case as it makes its way through the judicial process and system.  Plaintiff is confident and hopeful that media attention will bring about the necessary enforcement of existing laws, the elimination or needed changes to Option ARMs, 100% financing and no income verification loans.  Plaintiff believes that law firms will be willing to commit their resources as the media provides more attention to this issue.

Dated September 10, 2007                           s/Michael Blomquist
                                                   Michael Blomquist
                                                         pro se