**E-Filed 10/12/2007**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL BLOMQUIST,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL, et.al.,<br><br>    Defendant. | Case Number C 07-04108 JF<br><br>ORDER[1] DENYING PLAINTIFF'S MOTION FOR TRO, MOTION TO SEAL DOCUMENTS AND REQUEST TO PROCEED *IN FORMA PAUPERIS* AND GRANTING PLAINTIFF'S REQUEST FOR ECF ACCESS.<br><br>[re: docket nos. 9, 10, 11, 12] |

## I. BACKGROUND

On August 9, 2007, Plaintiff Michael Blomquist ("Plaintiff"), a licensed mortgage and real estate agent, filed this action against Washington Mutual, Kerry K. Killinger, Joseph W. Saunders, Countrywide Home Loans, Inc., Angelo Mozillo, Ken Thompson, Citigroup Corp., Sandford Weill, Charles Prince, Goldman Saches Group, Inc., Henry Paulson, Bear Stearns Co., James Cayne, The McGraw Hill Co., Harold McGraw III, Wells Fargo & Co., Patricia R. Callahan, Herbert M. Sandler, Rock Holdings, Inc., Experian Corp., Fimalac, Inc., Moodys

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-04108
ORDER DENYING PLAINTIFF'S MOTION FOR TRO, MOTION TO SEAL DOCUMENTS AND REQUEST TO PROCEED *IN FORMA PAUPERIS* AND GRANTING PLAINTIFF'S REQUEST FOR ECF ACCESS
(JFLC1)

Corp., James E. Gilleran, John M. Reich, John D. Hawke Jr., John C. Dugan, Susan Schmidt Bies, Donald E. Powell, Sheila C. Blair and Does 1-50 ("Defendants").  On September 10, 2007, Plaintiff amended his complaint.  The First Amended Complaint ("FAC") alleges four claims for relief brought pursuant to the California Civil Code, the California Financial Code and the California Business and Professions Code: (1) false or deceptive statements that restrain trade and create unfair competition; (2) unsafe and unsound lending that restrains trade and creates unfair competition; (3) sale of products below cost to restrain trade and create unfair competition; and (4) fraud and conspiracy that restrains trade and creates unfair competition.  The fifth and sixth claims are brought pursuant to the United States Constitution and federal laws: (5) failure to supervise lending and banking agencies in violation of the United States Constitution Article II § 2 and the Administrative Procedure Act brought against "Agencies;"[2] and (2) fraudulent transaction of domestic securities in violation of 15 U.S.C. §§ 77w, 78b(3), 78i, 78j, 78k-1, 78L, 78o-6, 78uuu.  FAC at ¶¶ 49-69.

Through these claims, Plaintiff accuses Defendants of fraudulent and misleading loan and security activity.  Plaintiff's allegations relate to the sale of "stated income" or "no income verification" loans ("NIV loans"), option adjustable rate mortgage loans ("option ARMs") and 100% financing and income tax practices.  Plaintiff's description of these products is as follows: NIV loans are loans offered without requiring that the borrower provide income documentation. *Id*. at ¶ 34.  Option ARMs are mortgages with an interest rate that adjusts to match the market rate; while the payments due on these mortgages often remain fixed for a period of one year, the interest rate typically begins to adjust during the second month. *Id*. at ¶¶ 36, 37.   100% finance loans cover the entire purchase price of the borrower's new home.  The lender is able to benefit from these loans by taking advantage of a tax deduction equal to the lump sum amount of the loan. *Id*. at ¶ 38.

According to the FAC, NIV loan practices changed in 2004.  While previously, only borrowers with excellent credit standing were eligible for these loans, in 2004 the guidelines

---

[2] Plaintiff has not named any Agencies as defendants.

2

1  were relaxed to allow any individual with a Form W-2 to apply.  Plaintiff alleges that,
2  consequently, 90% of all NIV loans are based upon  inflated borrower incomes.  *Id*. at ¶ 35.
3  Plaintiff also alleges that option ARM worksheets configured when interest rates are low are
4  inherently misleading.  Plaintiff claims that 90% of option ARM borrowers only can make the
5  minimum payments.  *Id*. at ¶ ¶ 36, 37.  With respect to 100% financing and income tax practices,
6  Plaintiff claims that the borrower typically has very few assets and therefore, is not able to take
7  on the taxes imposed following his purchase.  *Id*. at ¶ 38.  Finally, Plaintiff alleges that "risk
8  layering," the combined packaging of these products, is unsafe for borrowers and lenders.  *Id*. at
9  ¶ 39.

10         Plaintiff is the sole owner of Michael Scott Properties, Inc.  He alleges that the products
11  and practices described in the FAC have restrained him from mortgage and real estate commerce
12  because of legal, fiduciary, ethical and moral conflicts.  *Id*. at ¶ 4.  Additionally, Plaintiff states
13  that he purchased Defendants' securities and consequently, suffered from the effect these
14  practices have had on the price of such securities.[3]  *Id*. at ¶ 6.  On September 10, 2007, Plaintiff
15  filed a request for a temporary restraining order ("TRO), a motion to seal documents, an
16  amended application to proceed *in forma pauperis* and a request to access the electronic case file
17  ("ECF").  On September 13, 2007 Plaintiff's case was reassigned to this Court.  The Court took
18  Plaintiff's requests under submission.

19

20                  **II.  TEMPORARY RESTRAINING ORDER**

21         Plaintiff has requested a TRO with respect to the advertising and origination of option
22  ARMs.  Plaintiff filed his request without notice to Defendants.  The standard for issuing a
23  temporary restraining order "(TRO") is the same as that for issuing a preliminary injunction.
24  *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F.Supp.2d 1152, 1154 (D.
25  Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320,
26  1323 (N.D. Cal. 1995).  In the Ninth Circuit, a party seeking a preliminary injunction must show

27
28       [3]  Plaintiff does not state whether he is a current shareholder.

3

either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402. A showing of likely success on the merits gives rise to a presumption of irreparable harm in copyright and trademark cases. *Triad Systems Corp. v. Southeastern Express Co.*, 64 F.3d 1330, 1335 (9th Cir. 1995); *International Jenson, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 827 (9th Cir. 1993).

A TRO may be granted without notice to the adverse party *only if* "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Moreover, in this district an applicant for TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown." Civ. L.R. 65-1(b).

Plaintiff has not met his burden under Local Rule 65-l(b) of demonstrating an immediate and irreparable injury that will result *to him, the applicant*, if he is denied a TRO. Plaintiff's request for a TRO reiterates the allegation in the FAC that *borrowers* are harmed by option ARMs because most option ARMs are based upon inflated incomes. Plaintiff does not explain how the continued advertising and origination of option ARMs would cause an immediate injury *to him*, or why notice should not be given to Defendants. Accordingly, the application for a TRO will be denied.

### III. REQUEST TO SEAL DOCUMENTS

Plaintiff has requested that all of the documents he filed with Magistrate Judge Seeborg, including both his original complaint and the FAC, be placed under seal. Pursuant to recent

4

1 changes in the Civil Local Rules, blanket orders providing for the filing of documents under seal
2 no longer are effective.  Civil Local Rule 79-5 sets forth new requirements for the filing of
3 documents under seal, stating in relevant part that:

> No document shall be filed under seal except pursuant to a Court
> order that authorizes the sealing of the particular document or
> portion thereof and is narrowly tailored to seal only that material
> for which good cause to seal has been established.  Any order
> sealing any documents shall direct the sealing of only those
> documents, pages or, if practicable, those portions of documents or
> pages, which contain the information requiring confidentiality.  All
> other portions of such documents shall be included in the public
> file.

Civ. L. R. 79-5(b).

Accordingly, within ten (10) days of the date of this order, Plaintiff shall file and serve declarations from competent witnesses setting forth the facts which justify sealing.  If the Court finds that good cause has been shown, the Court will order the Clerk of the Court to file under seal those portions of the documents which merit sealing.  *See* Civ. L. R. 79-5(d).  If the Court finds that good cause has not been shown, the Court will order the Clerk of the Court to return the documents to Plaintiff and the documents will not be placed in the file.  *See Id.*

### IV.  APPLICATION TO PROCEED *IN FORMA PAUPERIS*

An application to proceed *in forma pauperis* may be granted if the district court is satisfied that the plaintiff is unable to pay the filing fees necessary to pursue the action.  28 U.S.C. § 1915(a)(1).   Here, Plaintiff's application reveals that he has a gross income of $55,000.00 per month.  In addition, Plaintiff earns income from a home-based business[4] and owns two automobiles.  In light of these assets, it would appear that Plaintiff is able to pay the relatively modest filing fee necessary to pursue this action.  Accordingly, the application to proceed *in forma pauperis* will be denied.

### V.  REQUEST FOR ACCESS TO ECF

Plaintiff's request for access to the electronic case filing system is granted.

---

[4] Plaintiff did not provide the Court with the income generated by his home business.

**VI. ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiff's request for a temporary restraining order, motion to seal documents, and amended application to proceed *in forma pauperis* are DENIED. Plaintiff's request to access the electronic filing system is GRANTED.

DATED: October 12, 2007.

```
                                        _____
                                        JEREMY FOGEL
                                        United States District Judge
```

6

Case No. C 07-04108
ORDER DENYING PLAINTIFF'S MOTION FOR TRO, MOTION TO SEAL DOCUMENTS AND REQUEST TO
PROCEED *IN FORMA PAUPERIS* AND GRANTING PLAINTIFF'S REQUEST FOR ECF ACCESS
(JFLC1)

1  This Order has been served upon the following persons:

2  Micahel Blomquist    michaelblomquist@yahoo.com

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-04108
ORDER DENYING PLAINTIFF'S MOTION FOR TRO, MOTION TO SEAL DOCUMENTS AND REQUEST TO
PROCEED *IN FORMA PAUPERIS* AND GRANTING PLAINTIFF'S REQUEST FOR ECF ACCESS
(JFLC1)