1    RYAN J. THOMPSON (SBN 238098)
     GOODWIN PROCTER LLP
2    181 Lytton Avenue
     Palo Alto, CA 94301
3    Telephone: 650-752-3100
     Facsimile:  650-853-1038
4    E-mail:  rthompson@goodwinprocter.com

5    Attorneys for Defendants
     COUNTRYWIDE HOME LOANS, INC.
6    AND ANGELO MOZILO

7

8                    **UNITED STATES DISTRICT COURT**
                   **NORTHERN DISTRICT OF CALIFORNIA**
9                         **SAN JOSE DIVISION**

10   _____
                                              )
     MICHAEL BLOMQUIST,                       )    Case No. C07-04108 HRL
11                                            )
              Plaintiff,                      )    **ANSWER OF COUNTRYWIDE**
12                                            )    **HOME LOANS, INC. AND**
          v.                                  )    **ANGELO MOZILO TO**
13                                            )    **AMENDED COMPLAINT**
     WASHINGTON MUTUAL, *et al.*,             )
14                                            )
              Defendants.                     )
15   _____)

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Defendants Countrywide Home Loans, Inc. ("Countrywide") and Angelo Mozilo

2   (collectively, "CHL Defendants"), for their Answer to Plaintiff's Amended Complaint

3   ("Complaint"), state as follows:

4                              **Venue and Jurisdiction**

5        1.    The CHL Defendants deny the factual allegations in this paragraph. The remainder

6   of the allegations in this paragraph are legal conclusions to which no response is required. To the

7   extent a response is required, the CHL Defendants deny the allegations. In this paragraph and

8   elsewhere in the complaint, plaintiff refers to himself in the plural (e.g., "Plaintiffs' primary

9   counties of business" in this allegation). The CHL Defendants understand that there is only one

10  plaintiff in this action – Michael Blomquist – and interpret references to "plaintiffs" throughout

11  this complaint to refer only to Michael Blomquist.

12                                 **Plaintiffs**

13       2.    The CHL Defendants have insufficient information to either admit or deny the

14  allegation. To the extent a response is required, the CHL Defendants deny the allegation.

15                                **Allegations**

16       3.    The CHL Defendants have insufficient information to either admit or deny the

17  allegation to the extent it is directed to other defendants and to the extent it related to the plaintiff.

18  To the extent the allegation is directed to the CHL Defendants, the CHL Defendants deny the

19  allegation. The CHL Defendants specifically deny that they engaged in improper, illegal, or

20  unethical conduct.

21       4.    The CHL Defendants have insufficient information to admit or deny the allegations

22  in the first three sentences of this paragraph. The remainder of the paragraph is introductory in

23  nature and expresses opinion to which no response is required. To the extent a response is

24  required, the CHL Defendants deny the allegation. The CHL Defendants specifically deny that

25  they engaged in improper, illegal, or unethical conduct.

26       5.    The CHL Defendants have insufficient information to admit or deny the allegations

27  in this paragraph relating to plaintiff or third parties. To the extent the allegations in this

28

1

1   paragraph are directed at the CHL Defendants, the CHL Defendants deny the allegations.  The

2   CHL Defendants specifically deny that they engaged in improper, illegal, or unethical conduct.

3       6.      This allegation is introductory in nature and expresses opinion to which no

4   response is required.  Further, the CHL Defendants have insufficient information to admit or deny

5   plaintiff's claims about plaintiff's knowledge or belief.  To the extent a response is required, the

6   CHL Defendants deny the allegation.  The CHL Defendants specifically deny that they engaged in

7   improper, illegal, or unethical conduct.

8       7.      This allegation is introductory in nature and expresses opinion to which no

9   response is required.  Further, the CHL Defendants have insufficient information to admit or deny

10  plaintiff's claims about plaintiff's knowledge or belief.  To the extent a response is required, the

11  CHL Defendants deny the allegation.  The CHL Defendants specifically deny that they engaged in

12  improper, illegal, or unethical conduct.

13      8.      This allegation is introductory in nature and expresses opinion to which no

14  response is required.  Further, the CHL Defendants have insufficient information to admit or deny

15  plaintiff's claims about plaintiff's knowledge or belief.  To the extent a response is required, the

16  CHL Defendants deny the allegation.  The CHL Defendants specifically deny that they engaged in

17  improper, illegal, or unethical conduct.

18      9.      This allegation is introductory in nature and expresses opinion to which no

19  response is required.  Further, the CHL Defendants have insufficient information to admit or deny

20  plaintiff's claims about plaintiff's knowledge or belief.  To the extent a response is required, the

21  CHL Defendants deny the allegation.  The CHL Defendants specifically deny that they engaged in

22  improper, illegal, or unethical conduct.

23      10.     The allegations in this paragraph are legal conclusions and opinions to which no

24  response is required.  To the extent a response is required, the CHL Defendants deny the

25  allegation.  The CHL Defendants specifically deny that they engaged in improper, illegal, or

26  unethical conduct.

27

28

CHL DEFENDANTS' ANSWER TO AMENDED COMPLAINT – C07-04108 HRL

1

**<u>Defendants and Related Allegations</u>**

2      11.    To the extent that these allegations are directed at other defendants or addresses

3    plaintiff's place of business, the CHL Defendants have insufficient information to either admit or

4    deny them.  The CHL Defendants answer that Countrywide transacted business  and originated,

5    underwrote, serviced, and sold estate secured loans in the United States including in the state of

6    California, including in Santa Clara and San Mateo counties.  The CHL Defendants otherwise

7    deny this allegation.  The CHL Defendants have insufficient information to either admit or deny

8    the second sentence of this paragraph, but deny that Countrywide is insolvent.

9      12.    This allegation is introductory in nature, characterizes the complaint, and expresses

10    opinion rather than making factual allegations.  The complaint speaks for itself, and no further

11    response is required.  To the extent a response is required, the CHL Defendants deny the

12    allegation.  The CHL Defendants specifically deny that they engaged in improper, illegal, or

13    unethical conduct.

14      13.    This allegation is directed toward a third-party.  The CHL Defendants have

15    insufficient information to either admit or deny the allegation.  To the extent a response is

16    required, the CHL Defendants deny the allegation.

17      13a.    This allegation is directed toward a third-party.  The CHL Defendants have

18    insufficient information to either admit or deny the allegation.  To the extent a response is

19    required, the CHL Defendants deny the allegation.

20      13b.    This allegation is directed toward a third-party.  The CHL Defendants have

21    insufficient information to either admit or deny the allegation.  To the extent a response is

22    required, the CHL Defendants deny the allegation.

23      14.    The CHL Defendants answer that Countrywide Home Loans, Inc. is a New York

24    Corporation.  Countrywide Bank, N.A. was a national bank until its charter was converted to a

25    federal thrift chart; it is now Countrywide Bank, FSB.  ReconTrust Company, FSB is a wholly

26    owned subsidiary of Countrywide Bank, FSB; it was formerly ReconTrust Company, N.A.

27

28

1   Countrywide Bank, FSB is an FDIC insured financial institution that had total deposits of $60.57

2   billion as of June 30, 2007.  Otherwise, the allegation is denied.

3          14a.     The CHL Defendants deny the allegation.

4          15.     This allegation is directed toward a third-party.  The CHL Defendants have

5   insufficient information to either admit or deny the allegation.  To the extent a response is

6   required, the CHL Defendants deny the allegation.

7          16.     This allegation is directed toward a third-party.  The CHL Defendants have

8   insufficient information to either admit or deny the allegation.  To the extent a response is

9   required, the CHL Defendants deny the allegation.

10         17.     This allegation is directed toward a third-party.  The CHL Defendants have

11   insufficient information to either admit or deny the allegation.  To the extent a response is

12   required, the CHL Defendants deny the allegation.

13         18.     This allegation is directed toward a third-party.  The CHL Defendants have

14   insufficient information to either admit or deny the allegation.  To the extent a response is

15   required, the CHL Defendants deny the allegation.

16         19.     This allegation is directed toward a third-party.  The CHL Defendants have

17   insufficient information to either admit or deny the allegation.  To the extent a response is

18   required, the CHL Defendants deny the allegation.

19         20.     This allegation is directed toward a third-party.  The CHL Defendants have

20   insufficient information to either admit or deny the allegation.  To the extent a response is

21   required, the CHL Defendants deny the allegation.

22         21.     This allegation is directed toward a third-party.  The CHL Defendants have

23   insufficient information to either admit or deny the allegation.  To the extent a response is

24   required, the CHL Defendants deny the allegation.

25         22.     This allegation is directed toward a third-party.  The CHL Defendants have

26   insufficient information to either admit or deny the allegation.  To the extent a response is

27   required, the CHL Defendants deny the allegation.

28

CHL DEFENDANTS' ANSWER TO AMENDED COMPLAINT – C07-04108 HRL

23.    This allegation is directed toward a third-party.  The CHL Defendants have insufficient information to either admit or deny the allegation.  To the extent a response is required, the CHL Defendants deny the allegation.

24.    This allegation is directed toward a third-party.  The CHL Defendants have insufficient information to either admit or deny the allegation.  To the extent a response is required, the CHL Defendants deny the allegation.

25.    This allegation is directed toward a third-party.  The CHL Defendants have insufficient information to either admit or deny the allegation.  To the extent a response is required, the CHL Defendants deny the allegation.

26.    This allegation is directed toward a third-party.  The CHL Defendants have insufficient information to either admit or deny the allegation.  To the extent a response is required, the CHL Defendants deny the allegation.

27.    This allegation is directed toward a third-party.  The CHL Defendants have insufficient information to either admit or deny the allegation.  To the extent a response is required, the CHL Defendants deny the allegation.

28.    This allegation is directed toward a third-party.  The CHL Defendants have insufficient information to either admit or deny the allegation.  To the extent a response is required, the CHL Defendants deny the allegation.

29.    This allegation is directed toward a third-party.  The CHL Defendants have insufficient information to either admit or deny the allegation.  To the extent a response is required, the CHL Defendants deny the allegation.

30.    This allegation is directed toward a third-party.  The CHL Defendants have insufficient information to either admit or deny the allegation.  To the extent a response is required, the CHL Defendants deny the allegation.

31.    This allegation is directed toward a third-party.  The CHL Defendants have insufficient information to either admit or deny the allegation.  To the extent a response is required, the CHL Defendants deny the allegation.

1    32.    This allegation is introductory and merely characterizes the complaint.  The

2  Complaint speaks for itself and no response is required.  To the extent a response is required, the

3  CHL Defendants deny the allegation.

4    33.    This allegation is introductory and merely characterizes the complaint.  The

5  Complaint speaks for itself and no response is required.  To the extent a response is required, the

6  CHL Defendants deny the allegation.

7                              **Definitions and Related Allegations**

8    34.    This allegation purports to be a definition.  No response is required to the

9  definitions, opinions, and legal conclusions in this allegation.  To the extent a response is required,

10  the CHL Defendants deny the allegation.

11    35.    This allegation purports to be a definition.  No response is required to the

12  definitions, opinions, and legal conclusions in this allegation.  To the extent a response is required,

13  the CHL Defendants deny the allegation.

14    36.    This allegation purports to be a definition.  No response is required to the

15  definitions, opinions, and legal conclusions in this allegation.  To the extent a response is required,

16  the CHL Defendants deny the allegation.

17    37.    This allegation purports to be a definition.  No response is required to the

18  definitions, opinions, and legal conclusions in this allegation.  To the extent a response is required,

19  the CHL Defendants deny the allegation.

20    38.    This allegation purports to be a definition.  No response is required to the

21  definitions, opinions, and legal conclusions in this allegation.  To the extent a response is required,

22  the CHL Defendants deny the allegation.

23    39.    This allegation purports to be a definition.  No response is required to the

24  definitions, opinions, and legal conclusions in this allegation.  To the extent a response is required,

25  the CHL Defendants deny the allegation.

26

27

28

40.     This allegation purports to be a definition.  No response is required to the definitions, opinions, and legal conclusions in this allegation.  To the extent a response is required, the CHL Defendants deny the allegation.

41.     This allegation purports to be a definition.  No response is required to the definitions, opinions, and legal conclusions in this allegation.  To the extent a response is required, the CHL Defendants deny the allegation.

42.     This allegation purports to be a definition.  No response is required to the definitions, opinions, and legal conclusions in this allegation.  To the extent a response is required, the CHL Defendants deny the allegation.

43.     This allegation purports to be a definition.  No response is required to the definitions, opinions, and legal conclusions in this allegation.  To the extent a response is required, the CHL Defendants deny the allegation.

44.     This allegation purports to be a definition.  No response is required to the definitions, opinions, and legal conclusions in this allegation.  To the extent a response is required, the CHL Defendants deny the allegation.

45.     The CHL Defendants have insufficient information to either admit or deny the factual allegations in this paragraph regarding plaintiff's actions.  The remainder of the paragraph is opinion to which no response is required.  To the extent a response is required, the CHL Defendants deny the allegation.

**Summary of Allegations**

46.     The CHL Defendants have insufficient information to either admit or deny the allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to the CHL Defendants, the CHL Defendants deny the allegation.  The CHL Defendants specifically deny that they engaged in improper, illegal, or unethical conduct.

47.     The CHL Defendants have insufficient information to either admit or deny the allegation to the extent it is directed to other defendants and to the extent it is related to plaintiff.  To the extent the allegation is directed to the CHL Defendants, the CHL Defendants deny the

1  allegation.  The CHL Defendants specifically deny that they engaged in improper, illegal, or

2  unethical conduct.

3  **DEFENDANTS' BUSINESS PRACTICES & LOAN PROGRAMS**

4      48.     The CHL Defendants have insufficient information to either admit or deny the

5  allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to

6  the CHL Defendants, the CHL Defendants answer that Countrywide originates and services real

7  estate secured loans in the United States, including in Santa Clara and San Mateo counties in

8  California.  The CHL Defendants further admit that some of these loans were originated through

9  storefront consumer branches.  Otherwise, the allegation is denied.

10      48A.    The CHL Defendants have insufficient information to either admit or deny the

11  allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to

12  the CHL Defendants, the CHL Defendants deny the factual allegations in this paragraph.  The

13  remainder of the paragraph is opinion to which no response is required.  To the extent a response

14  is required, the CHL Defendants deny the allegation.

15      48B.    The CHL Defendants have insufficient information to either admit or deny the

16  allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to

17  the CHL Defendants, the CHL Defendants deny the factual allegations in this paragraph.  The

18  remainder of the paragraph is opinion to which no response is required.  To the extent a response

19  is required, the CHL Defendants deny the allegation.

20      48C.    The CHL Defendants have insufficient information to either admit or deny the

21  allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to

22  the CHL Defendants, the CHL Defendants deny the factual allegations in this paragraph.  The

23  remainder of the paragraph is opinion to which no response is required.  To the extent a response

24  is required, the CHL Defendants deny the allegation.

25      48D.    The CHL Defendants have insufficient information to either admit or deny the

26  allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to

27  the CHL Defendants, the CHL Defendants deny the allegation.

28

48E.    The CHL Defendants have insufficient information to either admit or deny the allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to the CHL Defendants, the CHL Defendants deny allegation.

48F.    The CHL Defendants have insufficient information to either admit or deny the allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to the CHL Defendants, the CHL Defendants deny the allegations in this paragraph.

48G.    The CHL Defendants have insufficient information to either admit or deny the allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to the CHL Defendants, the CHL Defendants deny the allegations in this paragraph.

48H.    The CHL Defendants have insufficient information to either admit or deny the allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to the CHL Defendants, the CHL Defendants deny the allegations in this paragraph.

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(UDAP; false or deceptive statements that restrain trade**
**and creates unfair competition)**
**FOR INJUNCTIVE RELIEF, RESTITUTION (INTEREST), PUNITIVE,**
**TREBLE DAMAGES AND ATTORNEY FEES**

49.    The CHL Defendants reallege and incorporate by reference its responses in all paragraphs above.

50.    This allegation is legal conclusion and opinion to which no response is required. To the extent a response is required, the CHL Defendants deny the allegation.

51.    The CHL Defendants have insufficient information to either admit or deny the allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to the CHL Defendants, the CHL Defendants deny the allegations in this paragraph.

52.    The CHL Defendants have insufficient information to either admit or deny the allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to the CHL Defendants, the CHL Defendants deny the allegations in this paragraph, and specifically deny that punitive damages are warranted.

**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(unsafe and unsound lending that restrains trade and**
**creates unfair competition)**
**FOR INJUNCTIVE RELIEF, RESTITUTION (INTEREST), PUNITIVE,**
**TREBLE DAMAGES AND ATTORNEY FEES**

53.    The CHL Defendants reallege and incorporate by reference its responses in all paragraphs above.

54.    The first two sentences of this allegation are legal conclusions and opinions to which no response is required.  To the extent a response is required, the CHL Defendants deny the allegation.  The CHL Defendants deny the remaining two sentences of the allegation.

55.    The CHL Defendants have insufficient information to either admit or deny the allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to the CHL Defendants, the CHL Defendants deny the allegations in this paragraph.

56.    The CHL Defendants have insufficient information to either admit or deny the allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to the CHL Defendants, the CHL Defendants deny the allegations in this paragraph, and specifically deny that punitive damages are warranted.

**THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(selling products below cost to restrain trade and create**
**unfair competition)**
**FOR INJUNCTIVE RELIEF, RESTITUTION (INTEREST), PUNITIVE,**
**TREBLE DAMAGES AND ATTORNEY FEES**

57.    The CHL Defendants reallege and incorporate by reference its responses in all paragraphs above.

58.    This allegation is a legal conclusion to which no response is required.  To the extent a response is required, the CHL Defendants deny the allegation.

59.    The CHL Defendants have insufficient information to either admit or deny the allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to the CHL Defendants, the CHL Defendants deny the allegations in this paragraph.

60.    The CHL Defendants have insufficient information to either admit or deny the allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to

10

1   the CHL Defendants, the CHL Defendants deny the allegations in this paragraph, and specifically

2   deny that punitive damages are warranted.

3   **FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
    **(fraud and conspiracy that restrains trade and creates**
4   **unfair competition)**
    **FOR INJUNCTIVE RELIEF, RESTITUTION (INTEREST), PUNITIVE,**
5   **TREBLE DAMAGES AND ATTORNEY FEES**

6       61.     The CHL Defendants reallege and incorporate by reference its responses in all

7   paragraphs above.

8       62.     This allegation is a legal conclusion to which no response is required.  To the

9   extent a response is required, the CHL Defendants deny the allegation.

10      63.     The CHL Defendants have insufficient information to either admit or deny the

11  allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to

12  the CHL Defendants, the CHL Defendants deny the allegations in this paragraph, and specifically

13  deny that punitive damages are warranted.

14  **FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
    **(administrative procedure act)**
15  **FOR INJUNCTIVE RELIEF**

16      64.     The CHL Defendants reallege and incorporate by reference its responses in all

17  paragraphs above.

18      65.     This allegation is directed toward a third-party, and therefore no response by the

19  CHL Defendants is required.  To the extent a response is required, the CHL Defendants deny the

20  allegation.

21      66.     This allegation is directed toward a third-party, and therefore no response by the

22  CHL Defendants is required.  To the extent a response is required, the CHL Defendants deny the

23  allegation.

24      67.     This allegation is directed toward a third-party, and therefore no response by the

25  CHL Defendants is required.  To the extent a response is required, the CHL Defendants deny the

26  allegation.

27

28

1

2

3

**SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(fraudulent transaction of domestic securities; restraint**
**of trade and unfair competition)**
**FOR RESTITUTION (INTEREST), PUNITIVE, TREBLE DAMAGES AND**
**ATTORNEY FEES**

4      68.    The CHL Defendants reallege and incorporate by reference its responses in all

5  paragraphs above.

6      69.    The CHL Defendants have insufficient information to either admit or deny the

7  allegation to the extent it is directed to other defendants.  To the extent the allegation is directed to

8  the CHL Defendants, the CHL Defendants deny the allegations in this paragraph, and specifically

9  deny that punitive damages are warranted.

10                          **PRAYER FOR RELIEF**

11      Response to Wherefore paragraphs:

12      1.    The CHL Defendants deny the allegations in this paragraph, and specifically deny

13  that any such relief is appropriate.

14      2.    The CHL Defendants deny the allegations in this paragraph, and specifically deny

15  that any such relief is appropriate.

16      3.    The CHL Defendants deny the allegations in this paragraph, and specifically deny

17  that any such relief is appropriate.  To the extent this prayer for relief seeks redress for persons not

18  a party to this lawsuit, by way of class action or otherwise, the CHL Defendants specifically deny

19  that such relief is appropriate.

20      4.    The CHL Defendants deny the allegations in this paragraph, and specifically deny

21  that any such relief is appropriate.  To the extent this prayer for relief seeks redress for persons not

22  a party to this lawsuit, by way of class action or otherwise, the CHL Defendants specifically deny

23  that such relief is appropriate.

24      5.    The CHL Defendants deny the allegations in this paragraph, and specifically deny

25  that any such relief is appropriate.

26      6.    The CHL Defendants deny the allegations in this paragraph, and specifically deny

27  that any such relief is appropriate.  To the extent this prayer for relief seeks redress for persons not

28

CHL DEFENDANTS' ANSWER TO AMENDED COMPLAINT – C07-04108 HRL

1    a party to this lawsuit, by way of class action or otherwise, the CHL Defendants specifically deny

2    that such relief is appropriate.

3        7.    The CHL Defendants deny the allegations in this paragraph, and specifically deny

4    that any such relief is appropriate.

5        8.    The CHL Defendants deny that any such relief is appropriate.

6        Response to unnumbered annotations in exhibits D-M:  Plaintiff's annotations in exhibits

7    D-M are not proper pleading and are not susceptible to a response.  The CHL Defendants request

8    that these exhibits be stricken from the complaint.

9                    **AFFIRMATIVE DEFENSES**

10

11                    **FIRST AFFIRMATIVE DEFENSE**

12    The Complaint fails to state a claim upon which relief may be granted.

13                    **SECOND AFFIRMATIVE DEFENSE**

14    Plaintiff's claims are barred, in whole or in part, to the extent they are preempted by

15    federal law.

16                    **THIRD AFFIRMATIVE DEFENSE**

17    Some or all of the claims in this case are barred by applicable statutes of limitations and/or

18    statutes of repose.

19                    **FOURTH AFFIRMATIVE DEFENSE**

20    Plaintiff's claims are barred to the extent he failed to satisfy any conditions precedent to

21    the alleged obligations that form the basis for their claims against the CHL Defendants.

22                    **FIFTH AFFIRMATIVE DEFENSE**

23    Plaintiff's claims are barred by the doctrine of waiver, laches, and estoppel.

24                    **SIXTH AFFIRMATIVE DEFENSE**

25    Plaintiffs' claims are barred, in whole or in part, by the voluntary payment of the sums at

26    issue.

27

28

1

**SEVENTH AFFIRMATIVE DEFENSE**

2       Plaintiff's claims are barred by accord and satisfaction, compromise and release, or

3   novation.

4

**EIGHTH AFFIRMATIVE DEFENSE**

5       Plaintiff's claims for equitable relief are barred by want of equity and other available

6   equitable defenses.  Such defenses include that Plaintiff's equitable claims are barred or limited by

7   unclean hands, by Plaintiff's acts and inequitable conduct, by Plaintiff's lack of irreparable harm,

8   by governing standards of equity and good conscience, and because the requested relief would

9   result in unjust enrichment.

10

**NINTH AFFIRMATIVE DEFENSE**

11      Plaintiff's claims are barred, in whole or in part, to the extent they are based on, and/or the

12  damages alleged in the Complaint were caused by, the acts or omissions of third parties over

13  whom the CHL Defendants had no control or right of control.

14

**TENTH AFFIRMATIVE DEFENSE**

15      Plaintiff's claims are barred, in whole or in part, by lack of privity.

16

**ELEVENTH AFFIRMATIVE DEFENSE**

17      Plaintiff suffered no actual damages as a result of any actions or omissions by the CHL

18  Defendants.

19

**TWELFTH AFFIRMATIVE DEFENSE**

20      To the extent this prayer for relief seeks redress for persons not a party to this lawsuit, by

21  way of class action or otherwise, the CHL Defendants reserve their right to raise any additional

22  individual or class defenses related to those individuals.

23

**THIRTEENTH AFFIRMATIVE DEFENSE**

24      Plaintiff's claims are barred by his own contributory negligence.

25

**FOURTEENTH AFFIRMATIVE DEFENSE**

26      To the extent the Complaint attempts to state a claim for fraud, it fails to comply with Rule

27  9(b) of the Federal Rules of Civil Procedure and with the Private Securities Litigation Reform Act,

28

15 U.S.C. Sec. 78u-4(b), and does not give sufficient notice of the circumstances surrounding any alleged fraud.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.

### SIXTEENTH AFFIRMATIVE DEFENSE

The CHL Defendants engaged in no conduct warranting the imposition of punitive damages in this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring some or all of the claims in this case.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks antitrust standing.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary parties to this litigation.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his failure to mitigate damages and by the doctrine of set-off.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's tort claims are barred by the economic loss rule.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the CHL Defendants acted in good faith at all times and took no acts or engaged in no conduct with the intent of causing Plaintiff any harm.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the CHL Defendants' conduct was privileged or by other permission granted to or reserved for the CHL Defendants under state law.

1

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

2          Plaintiff's claims are barred because Plaintiff, or his agents, consented to or approved of

3    the conduct that forms the basis for their claims.

4

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

5          Plaintiff requests forms of relief for which there is no basis in law or equity.

6

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

7          Plaintiff has failed to allege antitrust injury.

8

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

9          Plaintiff has failed to allege antitrust injury the CHL Defendants' conduct is immune from

10   antitrust liability pursuant to the Noerr-Pennington doctrine and/or the state-action immunity

11   doctrine.

12

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

13         The CHL Defendants' conduct did not unreasonably restrain competition in any properly

14   defined relevant market.

15

### TWENTY-NINTH AFFIRMATIVE DEFENSE

16         The CHL Defendants' conduct served legitimate, pro-competitive business purposes.

17

### THIRTIETH AFFIRMATIVE DEFENSE

18         The CHL Defendants' conduct is immune from antitrust liability because it is subject to

19   extensive regulation.

20

### THIRTY-FIRST AFFIRMATIVE DEFENSE

21         The action is barred, in whole or in part, because there were no misstatements or

22   misrepresentations made by or attributable to the CHL Defendants, and Plaintiff cannot prove that

23   the CHL Defendants had a role in the publication of any alleged misstatements or omissions.

24

### THIRTY-SECOND AFFIRMATIVE DEFENSE

25         The action is barred, in whole or in part, because at all relevant times The CHL Defendants

26   had no duty to disclose any allegedly omitted information.

27

28

16

1

### THIRTY-THIRD AFFIRMATIVE DEFENSE

2    The action is barred, in whole or in part, because at all relevant times the CHL Defendants

3 acted without intent to defraud and without recklessness, and Defendants believed, as the time that

4 any alleged statements that form the basis of this suit were made, those statements were correct

5 and not misleadingly incomplete.

6

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

7    The action is barred, in whole or in part, because at all relevant times the Plaintiff did not

8 rely on any material misrepresentations or omissions, or on the market price or on the integrity of

9 the market price affected by any alleged misrepresentations or omissions in purchasing securities.

10

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

11    The action is barred, in whole or in part, because any reliance by Plaintiff on the

12 statements, acts, or omissions alleged in the Complaint to have been made or taken, if any were in

13 fact made or taken, was unreasonable.

14

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

15    The action is barred, in whole or in part, due to the absence of transaction and/or loss

16 causation.

17

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

18    The action is barred, in whole or in part, because some or all of the alleged public

19 disclosures bespoke caution.

20

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

21    The action is barred, in whole or in part, because the statements complained of were

22 immune from liability by the Safe Harbor provisions of the Private Securities Litigation Reform

23 Act, 15 U.S.C. Sec. 77z-2(c).

24

### THIRTY-NINTH AFFIRMATIVE DEFENSE

25    The action is barred, in whole or in part, because the CHL Defendants at all times acted in

26 good faith and did not directly or indirectly cause the alleged securities laws violations complained

27 on in the Complaint.

28

CHL DEFENDANTS' ANSWER TO AMENDED COMPLAINT – C07-04108 HRL

1

### FORTIETH AFFIRMATIVE DEFENSE

2   The action is barred, in whole or in part, because Plaintiff assumed the risk that the price of

3   the stock might fall, and, therefore, he may not recover under his claims.

4

### FORTY-FIRST AFFIRMATIVE DEFENSE

5   The action is barred, in whole or in part, by the due diligence defense set forth in the

6   Securities Act of 1933.

7

### FORTY-SECOND AFFIRMATIVE DEFENSE

8   The action is barred, in whole or in part, because the alleged wrongful conduct is protected

9   by the business judgment rule.

10

### FORTY-THIRD AFFIRMATIVE DEFENSE

11   The action is barred, in whole or in part, because any damages allegedly sustained by

12   Plaintiff are less than the difference between (1) the consideration he paid for the security with

13   interest thereon, less income received thereon, and (2) the depreciation in value of the security

14   resulting from any part of a registration statement not being true or omitting to state a material fact

15   required to be stated therein or necessary to make the statements therein not misleading.

16

### FORTY-FOURTH AFFIRMATIVE DEFENSE

17   If Plaintiff suffered cognizable damages (which damages are denied), those damages

18   resulted from causes other than any alleged act or omission by the CHL Defendants.

19

### FORTY-FIFTH AFFIRMATIVE DEFENSE

20   Plaintiff has failed to allege facts necessary to support a finding of the existence of a

21   contract, combination, or conspiracy among the defendants.

22

### FORTY-SIXTH AFFIRMATIVE DEFENSE

23   Plaintiff has failed to define a relevant market.

24

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

25   Plaintiff has failed to allege the elements of its purported claim for predatory pricing.

26

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

27   Plaintiff accepted the benefits of the transactions on which this suit is based.

28

1

**FORTY-NINTH AFFIRMATIVE DEFENSE**

2    If Plaintiff suffered harm, such harm was caused, in whole or in part, by Plaintiff's own

3    actions, defaults or omissions, not the CHL Defendants' actions, defaults or omissions.

4

**FIFTIETH AFFIRMATIVE DEFENSE**

5    The CHL Defendants hereby give notice that they intend to rely upon all defenses to

6    Plaintiff's statutory claims as set forth therein.

7

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

8    Plaintiff has no private right of action under various of the statutes, rules, and regulations

9    referenced in the Complaint.

10

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

11    Plaintiff's claims are barred to the extent that they lack a private right of action under the

12    statutes he has invoked.

13

**FIFTY-THIRD CAUSE OF ACTION**

14    Plaintiff's claims are barred to the extent he agreed to resolve this dispute through an

15    alternative dispute mechanism, including without limitation through arbitration or mediation.

16

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

17    Based on the principle of limited liability, Defendant Mozilo cannot be held personally

18    liable for the alleged conduct of Countrywide Home Loans, Inc.

19

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

20    Plaintiff's claim for punitive damages are so disproportionate to the injuries, if any,

21    suffered as to violate the Due Process Clause of the United States Constitution.

22

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

23    The CHL Defendants hereby give notice that they intend to rely on such other and further

24    defenses as may become available or apparent during discovery proceedings in this case, and they

25    hereby reserve their right to assert such defenses.

26

27

28

1    WHEREFORE, the CHL Defendants demand that judgment be entered in their favor, and

2    against Plaintiff on all claims, and that the CHL Defendants be awarded their costs, including their

3    reasonable attorney's fees, and for such other relief and awards to which the CHL Defendants may

4    be entitled or are determined just and appropriate by this Court.

5

6

7    DATED:  March 10, 2008

8                                                        Respectfully submitted,

9

10                                                        _/s/ Ryan J. Thompson_____
                                                         Ryan J. Thompson
11                                                        GOODWIN PROCTER LLP
                                                         181 Lytton Avenue
12                                                        Palo Alto, CA 94301
                                                         Phone: (650) 752-3100
13                                                        Fax: (650) 853-1038
                                                         rthompson@goodwinprocter.com
14

15                                                        COUNSEL FOR COUNTRYWIDE HOME LOANS, INC. AND
                                                         ANGELO MOZILLO
16

17                                                        Of Counsel:

18                                                        Thomas M. Hefferon
                                                         GOODWIN PROCTER LLP
19                                                        901 New York Ave. NW
                                                         Washington, D.C. 20001
20                                                        Phone: (202) 346-4000
                                                         Fax: (202) 346-4444
21                                                        thefferon@goodwinprocter.com

22

23

24

25

26

27

28

CHL DEFENDANTS' ANSWER TO AMENDED COMPLAINT – C07-04108 HRL

**CERTIFICATE OF SERVICE**

I, Ryan J. Thompson, have caused the CHL Defendants' Answer to the Amended Complaint to be served by U.S. mail on Michael Blomquist.  Service to any other appearing party has been effectuated by ECF.

March 10, 2008

/s/ Ryan J. Thompson

CHL DEFENDANTS' ANSWER TO AMENDED COMPLAINT – C07-04108 HRL