1   DANIEL J. BERGESON, Bar No. 105439
    dbergeson@be-law.com
2   MELINDA M. MORTON, Bar No. 209373
    mmorton@be-law.com
3   BERGESON, LLP
    303 Almaden Boulevard, Suite 500
4   San Jose, CA 95110-2712
    Telephone:  (408) 291-6200
5   Facsimile:   (408) 297-6000

6   Attorneys for Defendants
    The McGraw-Hill Companies, Inc.
7   and Harold W. McGraw III

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  MICHAEL BLOMQUIST,                    Case No.  C-07-04108-JF (HRL)

13                    Plaintiff,          **DEFENDANTS THE MCGRAW-HILL
                                          COMPANIES, INC. AND HAROLD W.
14  v.                                    MCGRAW III'S NOTICE OF MOTION
                                          AND MOTION TO DISMISS THE
15                                        AMENDED COMPLAINT;
    WASHINGTON MUTUAL, KERRY K.           MEMORANDUM OF POINTS AND
16  KILLINGER, JOSEPH W. SAUNDERS,        AUTHORITIES**
    COUNTRYWIDE HOME LOANS, INC.,
17  ANGELO MOZILLO, WACHOVIA
    CORPORATION, KEN THOMPSON,            Date:     July 11, 2008
18  CITIGROUP, SANFORD WEILL, CHARLES     Time:     9:00 a.m.
    PRINCE, GOLDMAN SACHS GROUP, INC.,    Before:  Hon. Jeremy Fogel
19  HENRY PAULSON, BEAR STERNS
    COMPANIES, INC., JAMES CAYNE, THE
20  MCGRAW HILL COMPANY, INC., HAROLD
    MCGRAW III, WELLS FARGO &
21  COMPANY, PATRICIA R. CALLAHAN,
    HERBERT M. SANDLER, ROCK HOLDINGS,
22  INC., EXPERIAN CORPORATION,
    FIMALAC, INC., MOODY'S CORPORATION,
23  JAMES E. GILLERAN, JOHN M. REICH,
    JOHN D. HAWKE JR., JOHN C. DUGAN,
24  SUSAN SCHMIDT BIES, DONALD E.
    POWELL, and SHEILA C. BAIR,
25

26

27                    Defendants

28

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION .................................................................................. 1

STATEMENT OF ISSUES (CIVIL L.R. 7-4) ..................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

PRELIMINARY STATEMENT AND BACKGROUND FACTS ....................................... 2

ARGUMENT .......................................................................................................................... 4

I.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE MCGRAW-HILL
      DEFENDANTS FOR "FALSE, MISLEADING, UNFAIR OR DECEPTIVE
      STATEMENTS REGARDING LOANS" (COUNT I) ....................................................... 4

      A.    Twelve of the Fifteen Statutes Relied Upon By Plaintiff With Respect to
            Count I Either Do Not Provide For a Private Cause of Action or Plaintiff
            Lacks Standing to Assert A Claim Thereunder ....................................................... 5

      B.    Plaintiff Has No Claim Under Section 17200 ....................................................... 6

      C.    Plaintiff Has No Claim Under Section 17500 ....................................................... 8

      D.    Plaintiff Has No Claim Under the Federal Antitrust Laws .................................. 9

            1.    Plaintiff Does Not Allege An Anti-Competitive Injury ............................ 9

            2.    Plaintiff Does Not Allege An "Agreement, Conspiracy or
                  Combination" ..................................................................................... 10

            3.    Plaintiff's Antitrust Claim Fails Under Rule 9(b) As Well...................... 11

II.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE MCGRAW-HILL
      DEFENDANTS FOR "UNSAFE AND UNSOUND LENDING"  (COUNT II)............. 12

      A.    Plaintiff Has No Claim Under § 17043 of the Cal. Bus. and Prof. Code ............. 12

      B.    Plaintiff's Remaining Claims In Count II Also Fail ............................................ 13

III.  PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE MCGRAW-HILL
      DEFENDANTS FOR "SELLING PRODUCTS BELOW COST" (COUNT III) ........... 13

IV.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE MCGRAW-HILL
      DEFENDANTS FOR "FRAUD AND CONSPIRACY" (COUNT IV) ......................... 14

V.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE MCGRAW-HILL
      DEFENDANTS FOR "FRAUDULENT TRANSACTION OF DOMESTIC
      SECURITIES"  (COUNT VI)................................................................................. 15

      A.    Plaintiff Lacks Standing to Sue Under the Federal Securities Laws..................... 15

      B.    The Complaint Fails In Any Event to State a Claim Under Section 10(b) of
            the 1934 Act ......................................................................................... 16

THE MCGRAW-HILL DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT
Case No. C-07-04108 JF (HRL)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.     The Complaint Contains No Allegation of Any Material Misstatement by the McGraw-Hill Defendants, Let Alone One that Is Sufficiently Particularized ........................................................................... 17

2.     The Complaint Fails to Raise a Strong Inference of Scienter Against the McGraw-Hill Defendants ..................................................... 18

3.     Plaintiff Has Failed to Plead Reliance ..................................................... 19

4.     The Complaint Fails to Plead Loss Causation ......................................... 20

C.     The Complaint Fails to State a Claim Under Section 9 of the 1934 Act ............. 20

IV.     CONCLUSION ................................................................................................... 21

1

# TABLE OF AUTHORITIES

2

3

**Cases**

4

*Basic, Inc. v. Levinson*
    485 U.S. 224 (1988) ................................................................... 20

5

*Bell Atlantic Corp. v. Twombly*
6       127 S. Ct. 1955 (2007) ............................................................ 10-11

7

*Berclain America Latina, S.A. v. Baan Co.*
    74 Cal. App. 4th 401 (1999) ........................................................ 5

8

*Berryman v. Merit Prop. Mgmt., Inc.*
9       152 Cal. App. 4th 1544 (2007) ..................................................... 6

10

*Blue Chip Stamps v. Manor Drug Stores*
    421 U.S. 723 (1975) ................................................................ 15-16

11

*Bosse v. Crowell Collier & MacMillan*
12      565 F.2d 602 (9th Cir. 1977) ......................................................... 7

13

*Central Bank, N.A. v. First Interstate Bank, N.A.*
    511 U.S. 164 (1994) .................................................................. 18

14

*County of Orange v. McGraw Hill Cos.*
15      245 B.R. 151 (C.D. Cal. 1999) ..................................................... 3, 4

16

*In re Daou Sys., Inc. Sec. Litig.*
    411 F.3d 1006 (9th Cir. 2005) ...................................................... 11-12

17

*Dooley v. Crab Boat Owners Ass'n*
18      271 F. Supp. 2d 1207 (N.D. Cal. 2003) ............................................. 12

19

*Dura Pharms., Inc. v. Broudo*
    544 U.S. 336 (2005) ............................................................... 16-17, 20

20

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*
21      511 F. Supp. 2d 742 (S.D. Tex. 2005) ............................................. 3, 4

22

*G.H.I.I. v. MTS, Inc.*
    147 Cal. App. 3d 256 (1983) ........................................................ 12

23

*GIA-GMI, LLC v. Michener*
24      No. C-06-7949, 2007 WL 2070280 (N.D. Cal. July 16, 2007) ...................... 17

25

*Gulf Corp. v. Mesa Petroleum Co.*
    582 F. Supp. 1110 (D. Del. 1984) ................................................... 21

26

*Inter-Mark USA, Inc. v. Intuit, Inc.*
27      No. C-07-04178, 2008 WL 552482 (N.D. Cal. Feb. 27, 2008) ........................ 8

28

THE MCGRAW-HILL DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT
Case No. C-07-04108 JF(HRL)

*Kamen v. Lindly*
    94 Cal. App. 4th 197 (2001) ............................................................................. 21

*Kendall v. Visa U.S.A., Inc.*
    518 F.3d 1042 (9th Cir. 2008) ......................................................................... 11

*Khoury v. Maly's, Inc.*
    14 Cal. App. 4th 612 (1993) ............................................................................... 6

*Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*
    884 F.2d 504 (9th Cir. 1989) ......................................................................... 9-10

*Lum v. Bank of America*
    361 F.3d 217 (3d Cir. 2004) ............................................................................ 11

*McGlinchy v. Shell Chemical Co.*
    845 F.2d 802 (9th Cir. 1988) ......................................................................... 9, 10

*Musick, Peeler & Garrett v. Employers Ins. of Wausau*
    508 U.S. 286 (1993) ......................................................................................... 20

*Neubronner v. Milken*
    6 F.3d 666 (9th Cir. 1993) ................................................................................. 7

*O'Brien v. Camisasca Automotive Mfg., Inc.*
    161 Cal. App. 4th 388 (2008) ............................................................................. 8

*Posern v. Prudential Sec., Inc.*
    No. C-03-0507, 2004 WL 771399 (N.D. Cal. Feb. 18, 2004) ......................... 17

*Rutman Wine Co. v. E. & J. Gallo Winery*
    829 F.2d 729 (9th Cir. 1987) ........................................................................... 10

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*
    806 F.2d 1393 (9th Cir. 1986) ........................................................................... 7

*In re Scott Paper Co. Sec. Litig.*
    145 F.R.D. 366 (E.D. Pa. 1992) ......................................................................... 3

*Shurkin v. Golden State Vinters, Inc.*
    471 F. Supp. 2d 998 (N.D. Cal. 2006) ....................................................... 17, 19

*In re Silicon Graphics, Inc. Sec. Litig.*
    183 F.3d 970 (9th Cir. 1999) ........................................................................... 19

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*
    983 F. Supp. 1303 (N.D. Cal. 1997) .................................................................. 6

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*
    128 S. Ct. 761 (2008) ....................................................................................... 18

*Swartz v. KPMG LLP*
    476 F.3d 756 (9th Cir. 2007) ............................................................................. 7

THE MCGRAW-HILL DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT
Case No. C-07-04108 JF(HRL)

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*
 127 S. Ct. 2499 (2007) ....................................................................................17, 18-19

*Terarecon, Inc. v. Fovia, Inc.*
 No. C 05-4407, 2006 WL 1867734 (N.D. Cal. July 6, 2006) ............................ 7

*In re Valence Tech. Sec. Litig.*
 No. C 95-20459, 1996 WL 67326 (N.D. Cal. Feb. 13, 1996)........................... 18

*In re Vantive Corp. Sec. Litig.*
 110 F. Supp. 2d 1209 (N.D. Cal. 2000), *aff'd*, 283 F.3d 1079 (9th Cir. 2002)............... 19

*Vess v. Ciba-Geigy Corp. USA*
 317 F.3d 1097 (9th Cir. 2003)..................................................................7, 11

**Statutes**

12 U.S.C. § 1828 ........................................................................................... 13

15 U.S.C. § 1 ....................................................................................... *passim*

15 U.S.C. § 52 ........................................................................................ 6, 13

15 U.S.C. § 57a ..................................................................................... 6, 13

15 U.S.C. § 77uuu ..................................................................................... 15

15 U.S.C. § 77w ......................................................................................... 15

15 U.S.C. § 78b ......................................................................................... 15

15 U.S.C. § 78c ........................................................................................... 3

15 U.S.C. § 78i ................................................................................15, 20-21

15 U.S.C. § 78j ..................................................................................... *passim*

15 U.S.C. § 78k-1....................................................................................... 15

15 U.S.C. § 78l .......................................................................................... 15

15 U.S.C. § 78o-6 ...................................................................................... 15

15 U.S.C. § 78u-4 ................................................................................. 17,18

18 U.S.C. § 371 ..................................................................................... 13, 14

18 U.S.C. § 1001 ....................................................................................... 14

18 U.S.C. § 1005 .................................................................................. 13, 14

18 U.S.C. § 1007 .................................................................................. 13, 14

18 U.S.C. § 1014 ................................................................................................. 13, 14

18 U.S.C. § 1341 .......................................................................................... 6, 13, 14

18 U.S.C. § 1343 .......................................................................................... 6, 13, 14

18 U.S.C. § 1344 .......................................................................................... 6, 13, 14

18 U.S.C. § 1348 .......................................................................................... 6, 13, 14

18 U.S.C. § 1349 .......................................................................................... 6, 13, 14

18 U.S.C. § 1350 .......................................................................................... 6, 13, 14

California Business and Professions Code Section 17043 ............................ 12, 13, 14

California Business and Professions Code Section 17071 .................................. 12, 14

California Business and Professions Code Section 17200 .................................. *passim*

California Business and Professions Code Section 17500 ................................... 5, 8, 9

California Civil Code Section 1667 ...................................................................... 5, 13, 14

California Civil Code Section 1668 ........................................................................... 13, 14

California Civil Code Section 1920 ........................................................................... 13, 14

California Civil Code Section 3294 ................................................................................... 14

California Financial Code Section 3353 ............................................................................ 5

California Financial Code Section 22161 .......................................................................... 6

California Financial Code Section 50503 ..................................................................... 6, 13

**Federal Rules and Regulations**

Federal Rule of Civil Procedure 8 ......................................................................... 1, 2, 8

Federal Rule of Civil Procedure 9(b) ................................................................... *passim*

Federal Rule of Civil Procedure 12(b)(6) .................................................................. 1, 2

12 C.F.R. § 34.D ............................................................................................................. 13

12 C.F.R. § 208.C ........................................................................................................... 13

12 C.F.R. § 365.2 ........................................................................................................... 13

12 C.F.R. § 560.101 ....................................................................................................... 13

**Other Authorities**

Order Granting Resignation of Standard & Poor's Ratings Services, Exchange Act Release
No. 34-56513 (Sept. 24, 2007) ............................................................................ 3

H.R. Conf. Rep. No. 104-369 at 41 (1995). ............................................................ 17

*Form 10-K of The McGraw-Hill Companies, Inc. filed February 29, 2008t
available at http://www.sec.gov/Archives/edgar/data/
64040/000095012308002305/y5026e10vk.htm* .............................................. 3

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on July 11, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Jeremy Fogel, United States District Court Judge, in the United States District Court for the Northern District of California, San Jose Division, 280 South First Street, Fourth Floor, San Jose, California, defendants The McGraw-Hill Companies, Inc. and Harold W. McGraw III (collectively, the "McGraw-Hill Defendants") shall, and hereby do, move the Court pursuant to pursuant to Fed. R. Civ. P. 8, 9(b) and 12(b)(6) for an order dismissing all claims asserted against the McGraw-Hill Defendants in the Amended Complaint.

This motion is made and based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings and papers on file herein, and such additional evidence and argument as may hereinafter be presented to the Court.

## STATEMENT OF ISSUES TO BE DECIDED

### (N.D. Cal. Civ. L.R. 7-4)

1.    Whether Plaintiff failed to state a claim against the McGraw-Hill Defendants in Count I of the Amended Complaint for "false or deceptive statements."

2.    Whether Plaintiff failed to state a claim against the McGraw-Hill Defendants in Count II of the Amended Complaint for "unsafe and unsound lending."

3.    Whether Plaintiff failed to state a claim against the McGraw-Hill Defendants in Count III of the Amended Complaint for "selling products below cost."

4.    Whether Plaintiff failed to state a claim against the McGraw-Hill Defendants in Count IV of the Amended Complaint for "fraud and conspiracy."

5.    Whether Plaintiff failed to state a claim against the McGraw-Hill Defendants in Count VI of the Amended Complaint for "fraudulent tranasaction [sic] of domestic securities."

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants The McGraw-Hill Companies, Inc. and Harold W. McGraw III (collectively, the "McGraw-Hill Defendants") respectfully submit this brief in support of their motion to dismiss

1    the Amended Complaint pursuant to Fed. R. Civ. P. 8, 9(b) and 12(b)(6).  The McGraw-Hill

2    Defendants respectfully request oral argument on their motion.

3                   **PRELIMINARY STATEMENT AND BACKGROUND FACTS**

4            Plaintiff Michael Blomquist ("Blomquist"),[1] a former mortgage and real estate agent, has

5    filed a scattershot six-count amended complaint ("Amended Complaint" or "AC").  The rambling

6    allegations clump together 30 corporate and individual defendants including residential mortgage

7    lenders, investment banks and ratings agencies as well as current and former directors of several

8    federal agencies (collectively, "the Defendants").  Without any clarity or coherent theory of

9    liability, the Amended Complaint indiscriminately purports to assign blame to all of the

10   Defendants for supposed misdeeds involving the issuance of residential mortgage loans and

11   related securities.

12           Plaintiff asserts that he was injured when "[a]gainst Plaintiffs' [sic] advice and Plaintiffs'

13   [sic] unwillingness to commit unlawful acts," his "clients, referrals and prospective clients were

14   enticed to and transacted business" with certain of the Defendants instead of Plaintiff.  (AC ¶ 5).

15   He also claims, inexplicably, that he was injured when, after searching for "replacement income,"

16   because he thought securities sold by certain of the Defendants would *decrease* in value, he

17   invested in certain other unspecified securities.   (AC ¶ 6).

18           As to the McGraw-Hill Defendants, the Amended Complaint is deficient on its face and

19   should be dismissed.  Although Plaintiff cites a laundry list of civil and criminal statutes

20   throughout the Amended Complaint, the factual allegations he pleads in support of his theories are

21   virtually non-existent with respect to the McGraw-Hill Defendants.  In fact, Plaintiff's only

22   mention of the McGraw-Hill Defendants in the 40-page Amended Complaint are two paragraphs

23   _____

24   [1] The original complaint, filed on August 9, 2007, named Michael Scott Properties, Inc. as an
     additional plaintiff.  On August 10, 2007, United States Magistrate Judge Richard Seeborg issued

25   an order stating, *inter alia*, that "Corporations cannot appear in Court except through licensed
     attorneys.  Accordingly, the corporate plaintiff must obtain counsel or be dismissed from this

26   action."  As stated in his Motion to Reconsider his Application to Proceed In Forma Pauperis,
     Plaintiff was unsuccessful in his attempt to find counsel that would represent him in this action.

27   On September 10, 2007, Plaintiff filed his Amended Complaint dropping the corporate plaintiff.

28

1   incorrectly describing McGraw-Hill as "the parent company" of Standard and Poor's ("S&P") and

2   mistakenly identifying Mr. McGraw as the CEO of S&P (AC ¶¶ 20, 20a) and three identical

3   boilerplate allegations that "Ratings" (defined in the Amended Complaint as "S&P, Fitch &

4   Moody's") "ratified . . . endorsed or permitted others" to engage in certain non-particularized acts

5   of allegedly fraudulent misconduct (AC ¶¶ 48(A), (F), (G)).

6       In fact, The McGraw-Hill Companies, Inc. "is a leading global information services

7   provider serving the financial services, education and business information markets with a wide

8   range of information products and services." *See* Form 10-K of The McGraw-Hill Companies,

9   Inc. filed February 29, 2008, *available* at http://www.sec.gov/Archives/edgar/data/

10  64040/000095012308002305/y50265e10vk.htm.   Harold W. McGraw III is the Chairman,

11  President and Chief Executive Officer of McGraw-Hill.   *Id.*   Standard & Poor's Ratings Services,

12  a division of McGraw-Hill, is a nationally recognized statistical rating organization under Section

13  15E of the Securities Exchange Act of 1934 for the following classes of credit ratings:  financial

14  institutions, brokers, or dealers; insurance companies; corporate issuers; issuers of asset-backed

15  securities; and issuers of government securities, municipal securities, or securities issued by a

16  foreign government.  *See* Order Granting Registration of Standard & Poor's Ratings Services,

17  Exchange Act Release No. 34-56513 (Sept. 24, 2007); 15 U.S.C. § 78c (a)(62)(B)(i)-(v).

18      As recognized by other federal courts, S&P, as a credit rating agency, "rates and comments

19  on the creditworthiness of public companies and their securities and disseminates that information

20  to the public through its several periodicals"; "S&P does not advise specific clients on their

21  purchases or sales and has no personal interest in whether its subscribers actually purchase the

22  securities which it rates."  *See In re Scott Paper Co. Sec. Litig.*, 145 F.R.D. 366, 367, 370 (E.D.

23  Pa. 1992).   Unlike other Defendants in this case, credit rating agencies, like S&P, have repeatedly

24  been held to receive significant First Amendment protection, because its opinions on

25  creditworthiness are, by their very nature, protected speech.  *See, e.g., County of Orange v.

26  McGraw-Hill Cos.*, 245 B.R. 151, 157 (C.D. Cal. 1999) ("[T]he First Amendment protects S&P's

27  preparation and publication of its ratings."); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,

28

THE MCGRAW-HILL DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT
CASE NO. C-07-04108-JF(HRL)

1    511 F. Supp. 2d 742, 825 (S.D. Tex. 2005) (recognizing the "policy of heightened protection for

2    credit reports under the First Amendment, which are matters of public concern").[2]

3        For the reasons set forth below, each of the claims asserted against the McGraw-Hill

4    Defendants fails to state a valid cause of action.  Accordingly, the McGraw-Hill Defendants move

5    to dismiss all counts asserted against them in the Amended Complaint in their entirety.

6                                    **ARGUMENT**

7    **I.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE MCGRAW-HILL

8         DEFENDANTS FOR "FALSE, MISLEADING, UNFAIR OR DECEPTIVE
         STATEMENTS REGARDING LOANS" (COUNT I)**

9        In Count I of the Amended Complaint, Plaintiff asserts that the "Lenders" — defined as

10   five defendants not including either of the McGraw-Hill Defendants — "violated and continue to

11   violate" various statutes that Plaintiff claims make "it unlawful to make or disseminate false,

12   misleading, unfair or deceptive statements regarding loans."  (AC ¶¶ 50, 51).  Plaintiff asserts that

13   the Lenders (which McGraw-Hill is not) violated these statutes "by advertising, publishing,

14   distributing, broadcasting, causing or permitting . . . untrue or misleading statements with the

15   intent to induce mortgage transactions or purchase related mortgage securities."   (AC ¶ 51).

16       Neither of the McGraw-Hill Defendants are alleged to have violated any of the 15 statutes

17   Plaintiff cites as the basis for Count I.  Rather, Plaintiff vaguely asserts that "[a]ll defendants"

18   "made, encouraged, caused, ratified, or permitted others to make untrue or misleading statements

19   that could restrain trade" and knew or "should have known, that the false, misleading, unfair or

20   deceptive statements would restrain trade for business entities not willing to engage in unlawful

21   activities."  (AC ¶ 52).   Plaintiff refers to Paragraph 48 of the Amended Complaint for the alleged

22   _____

23   [2]  Although Plaintiff refers briefly to S&P (AC ¶ 20), the Amended Complaint does not take issue
     with any of S&P's ratings.  If it was intending to, in addition to the reasons set forth herein, such a

24   claim would fail because Plaintiff cannot satisfy the even more heightened pleading requirements
     mandated by the First Amendment.  *See, e.g., County of Orange*, 245 B.R. at 157 ("'Because the

25   County alleges harm arising from S&P's expressive activity, . . . the County must therefore satisfy
     the heightened pleading standards of the First Amendment.'"); *In re Enron*, 511 F. Supp. 2d at 827

26   ("In conclusion, because [plaintiff] has failed to meet the requirements of heightened pleading to
     pierce First Amendment protection and because the Court concludes as a matter of law and public

27   policy that there was no duty of care owed by the Credit Rating Agencies to [plaintiff] regarding
     its loan to Enron, the Court grants the Rating Agencies' motion to dismiss the negligent

28   misrepresentation claim." ).

                                        4

1   false or misleading "statements" that he asserts as the basis for Count I.   Paragraph 48 sets forth

2   several general statements allegedly made by the Lenders to unspecified "borrowers" — not one is

3   a statement allegedly made by either of the McGraw-Hill Defendants.  On this basis alone, the

4   claims against the McGraw-Hill Defendants in Count I must be dismissed.

5        While Plaintiff cites 15 statutes as the basis for Count I, twelve of them either do not

6   provide for a private cause of action or Plaintiff lacks standing to assert a claim under them.  *See*

7   Section I.A below.  Although the remaining three statutes — Section 17200 of Cal. Bus. and Prof.

8   Code, Section 17500 of Cal. Bus. and Prof. Code and 15 U.S.C. § 1 — provide for a private cause

9   of action in certain circumstances, Plaintiff's claims under those statutes fail as against the

10  McGraw-Hill Defendants for the reasons set forth below.

11  **A.    Twelve of the Fifteen Statutes Relied Upon By Plaintiff With Respect to Count
         I Either Do Not Provide For a Private Cause of Action or Plaintiff Lacks
12       Standing to Assert A Claim Thereunder**

13        Plaintiff's claim under Section 1667 of Cal Civ. Code, which defines an "unlawful

14  contract," fails as Plaintiff does not (and cannot) allege that any contract existed between him and

15  either of the McGraw-Hill Defendants.  In fact, Plaintiff has not alleged the existence of any

16  contract between any of the parties in this case.  Moreover, even if some contract existed, Plaintiff

17  has not pleaded that he is either a signatory to such a contract or that he was the intended third-

18  party beneficiary of any contract.  Thus, Plaintiff has no standing to assert a contract claim under

19  Section 1667.  *See Berclain America Latina, S.A. v. Baan Co*., 74 Cal. App. 4th 401, 405 (1999).

20  ("It is elementary that a party asserting a claim must have standing to do so.  In asserting a claim

21  based upon a contract, this generally requires the party to be a signatory to the contract, or to be an

22  intended third party beneficiary.").

23        Similarly, Plaintiff has no claim against the McGraw-Hill Defendants under Section 3353

24  of the California Financial Code.  That statute declares that any "director, officer, agent, or

25  employee of a bank" who knowingly makes a false material statement in any written report or

26  statement of its affairs is guilty of a felony.   McGraw-Hill is not a bank (nor is it alleged to be)

27  and Mr. McGraw is not (nor is he alleged to be) a "director, officer, agent or employee" of a bank

28  subject to this section of the California Financial Code.

1    As for Plaintiff's citation to 15 U.S.C. §§ 52, 57a(f); 18 U.S.C. §§ 1341, 1343, 1344, 1348,

2  1349, and 1350(b); and Sections 22161 and 50503(a)(2) of Cal. Fin. Code, none of these statutes

3  provide for a private cause of action.

4    **B.    Plaintiff Has No Claim Under Section 17200**

5    Section 17200 of Cal. Bus. and Prof. Code broadly prohibits all "unlawful, unfair or

6  fraudulent business act[s] or practice[s]."  "A plaintiff alleging unfair business practices under

7  [§ 17200]," however, "must state with reasonable particularity the facts supporting the statutory

8  elements of the violation."  *See, e.g., Khoury v. Maly's, Inc.*, 14 Cal. App. 4th 612, 619 (1993)

9  (affirming dismissal of § 17200 claim where "complaint identifies no particular section of the

10  statutory scheme . . . violated and fails to describe with any reasonable particularity the facts

11  supporting violation"); *Silicon Knights, Inc. v. Crystal Dynamics, Inc.,* 983 F. Supp. 1303, 1315-

12  16 (N.D. Cal. 1997) (dismissing § 17200 claim where complaint "consist[ed] of nothing but

13  conclusory allegations of fraud, misappropriation of trade secrets, and equally vague claims of

14  interference with business relations") (internal quotations omitted); *Berryman v. Merit Prop.*

15  *Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554, 1556 (2007) (dismissing § 17200 claim where, inter

16  alia, plaintiff provided only "a laundry list of state and federal statutes [that defendant] allegedly

17  violated" but "fail[ed] to plead facts to support its allegations" and the facts pled did "not state a

18  claim that as a result of any wrongful conduct by [defendant], plaintiffs suffered a substantial,

19  unavoidable injury").

20    Here, Plaintiff fails to state a claim against the McGraw-Hill Defendants under Section

21  17200.  Plaintiff purports to base his Section 17200 claim in Count I on the Lenders' alleged

22  practice of making misleading statements to borrowers to induce mortgage transactions.  (AC ¶

23  51).  The only time Plaintiff even attempts to reference the McGraw-Hill Defendants is to make

24  the wholly conclusory allegation that "[a]ll defendants" either "made, encouraged, caused, ratified,

25  or permitted others" to make misleading statements.  (AC ¶ 52).  At no point does Plaintiff plead

26  any facts, let alone with the required "reasonable particularity," to support a claim that the

27  McGraw-Hill Defendants made any false or deceptive statements, nor does Plaintiff offer any facts

28

that would support a claim that the McGraw-Hill Defendants — or indeed any other non-Lender Defendant — "encouraged, caused, ratified, or permitted others" to make material misstatements.

Moreover, because Count I sounds in fraud, it must also comply with the pleading requirements of Fed. R. Civ. P. 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105-06 (9th Cir. 2003) (noting that although "[f]raud is not an essential element of a claim [under § 17200]," where plaintiff alleges fraud without particularity, such "allegations should be 'disregarded' or 'stripped from the claim' for failure to satisfy Rule 9(b)" and where the entirety of a claim was "comprised of allegations of a unified fraudulent course of conduct," the claim was "grounded in fraud" and "the complaint as a whole must satisfy . . . Rule 9(b)"); *Terarecon, Inc. v. Fovia, Inc*., No. C 05-4407, 2006 WL 1867734, at *5 (N.D. Cal. July 6, 2006) (dismissing § 17200 claim, holding that "[t]he misrepresentation allegations must be disregarded because they are not alleged with the required specificity [under Rule 9(b)]"). The Amended Complaint fails to comply with Rule 9(b) in all respects.

To satisfy Rule 9(b), Plaintiff was required to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co*., 806 F.2d 1393, 1401 (9th Cir. 1986); *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (plaintiff must provide "allegations of fraud [that] are specific enough to give defendants notice of the particular misconduct which is alleged") (internal quotations omitted). Plaintiff must identify the circumstances constituting the alleged fraud with such particularity that the defendant can adequately prepare a response. *See Bosse v. Crowell Collier & MacMillan*, 565 F.2d 602, 611 (9th Cir. 1977). Moreover, where, as here, a plaintiff asserts fraud against multiple defendants, the complaint must, "at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (internal quotations omitted).

Here, Plaintiff makes no averments whatsoever against the McGraw-Hill Defendants that could satisfy the strict Rule 9(b) requirements. In fact, the Amended Complaint does not set forth any act or statement allegedly made by the McGraw-Hill Defendants. No claim under Section 17200 can thus be sustained.

1

### C.    Plaintiff Has No Claim Under Section 17500

2    California's False Advertising Law ("FAL"), Section 17500 et seq. of the Cal. Bus. &

3    Prof. Code, "prohibits consumer deception."  *See O'Brien v. Camisasca Automotive Mfg., Inc.,*

4    161 Cal. App. 4th 388, 397 (2008).   In bringing a claim under the FAL, a plaintiff must allege that

5    "(1) he or she has suffered actual injury in fact, and (2) such injury occurred *as a result of* the

6    defendant's alleged unfair competition or false advertising. . . .  For a plaintiff to suffer 'injury in

7    fact . . . *as a result of*' the alleged unfair business practice or false advertising, . . . the plaintiff

8    must have actually *relied* on the false advertising or unfair business practice, and *as a result*,

9    suffered injury therefrom." *Id*. at 400 (emphasis in original).

10    Plaintiff lacks standing to bring a Section 17500 claim against any of the Defendants.

11    Plaintiff does not allege that he entered into a transaction with any of the Defendants, let alone that

12    he did so in reliance on the allegedly false and misleading statements he asserts the Lenders made

13    to potential borrowers.  In fact, Plaintiff claims quite the opposite; he alleges that he believed the

14    Lenders' advertisements to be false and misleading and cautioned his clients and potential

15    customers not to enter into transactions with them.  (AC ¶ 5).   This allegation contradicts any

16    attempt to assert reliance and, as such, Plaintiff cannot establish standing under Section 17500.

17    *See O'Brien*, 161 Cal. App. 4th at 401 (holding that "causation in the form of reliance is an

18    element of standing under Proposition 64 in an action alleging misrepresentation in violation of

19    the UCL or the FAL").

20    Even if Plaintiff had standing to bring a Section 17500 claim against anyone,  Plaintiff has

21    not satisfied even the basic pleading requirements of Fed. R. Civ. P. 8 with respect to the

22    McGraw-Hill Defendants.  *See Inter-Mark USA, Inc. v. Intuit, Inc*., No. C-07-04178, 2008 WL

23    552482, at *10 (N.D. Cal. Feb. 27, 2008) (dismissing § 17500 claim where "Plaintiff has not met

24    the more liberal requirements of Rule 8" and "refers only to unspecified 'commercial

25    advertisements' and a 'variety of promotional materials.'  Because Plaintiff does not identify any

26    specific statements, this claim does not provide adequate notice to Defendant of the alleged

27    wrongful conduct.").  Here, Plaintiff does not allege that the McGraw-Hill Defendants made any

28    statement to anyone; nor does he describe any other alleged act that could serve as the basis for a

8

1   claim against the McGraw-Hill Defendants under Section 17500.  His pleading therefore fails

2   under Rule 8.

3           **D.      Plaintiff Has No Claim Under the Federal Antitrust Laws**

4           The Sherman Act, 15 U.S.C. § 1,  prohibits "[e]very contract, combination in the form of

5   trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or

6   with foreign nations."  The asserted "restraint of trade" tacked on to all five of Plaintiff's claims

7   against the McGraw-Hill Defendants is based on Plaintiff's allegation that Blomquist (a licensed

8   real estate broker) was "individually restrained from mortgage and real estate commerce because

9   of legal, fiduciary, ethical, and moral conflicts" as a result of the unspecified actions of the

10  Defendants.  (AC ¶ 4).  For at least two basic reasons, Plaintiff fails to state a claim against the

11  McGraw-Hill Defendants under 15 U.S.C. § 1.

12          **1.      Plaintiff Does Not Allege An Anti-Competitive Injury**

13          "To establish a section 1 violation under the Sherman Act, a plaintiff must demonstrate,"

14  *inter alia*, an actual "injury to competition, beyond the impact on the claimant, within a field of

15  commerce in which the claimant is engaged (*i.e.*, 'antitrust injury')."  *McGlinchy v. Shell*

16  *Chemical Co*., 845 F.2d 802, 811 (9th Cir. 1988).   Accordingly, to properly plead an antitrust

17  claim, a plaintiff "must allege '*antitrust* injury, which is to say injury of the type the antitrust laws

18  were intended to prevent' . . . . It is injury to the market or to competition in general, not merely

19  injury to individuals or individual firms that is significant."  *Id*. at 811-12 (affirming dismissal of

20  Sherman Act claim where plaintiffs' "allegations amount to an assertion that [plaintiffs'] own

21  fittings business has been injured by the defendants' conduct" and holding that "[e]ven if

22  [plaintiffs] claim a substantial loss to their flare fitting business within the broader . . . market,

23  economic injury to a competitor does not equal injury to competition") (emphasis in original;

24  internal quotations omitted).

25          Plaintiff's periodic and wholly unsupported invocations of the words "restrains trade"

26  throughout the Amended Complaint are insufficient to plead anti-competitive injury.  "In order

27  successfully to allege injury to competition, a section one claimant may not merely recite the bare

28  legal conclusion that competition has been restrained unreasonably.  Rather, a claimant must, at a

9

1   minimum, sketch the outline of the antitrust violation with allegations of supporting factual

2   detail." *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 507-08 (9th Cir. 1989)

3   (internal citation omitted).  *See also Rutman Wine Co. v.* E. & *J. Gallo Winery*, 829 F.2d 729, 736

4   (9th Cir. 1987) ("The pleader may not evade [the pleading] requirements [of the Sherman Act] by

5   merely alleging a bare legal conclusion; if the facts do not at least outline or adumbrate a violation

6   of the Sherman Act, the plaintiffs will get nowhere merely by dressing them up in the language of

7   antitrust.") (internal quotations omitted).  Plaintiff has not done so here.

8          In fact, the only actual injury Plaintiff attempts to assert is that he suffered some

9   nonspecific decrease in his market share because of Plaintiff's claimed unwillingness to engage in

10  certain lending practices. (AC ¶ 5).  This does not begin to make out an antitrust claim.  Even

11  assuming the truth of this allegation, "[t]he elimination of a single competitor, without more, does

12  not prove anticompetitive effect."  *McGlinchy*, 845 F.2d at 812 (internal citation omitted).   "This

13  limitation on the reach of the Sherman Act is reflected in [the Ninth Circuit's] repeated injunctions

14  that section one claimants must plead and prove a reduction of competition in the market in

15  general and not mere injury to their own positions as competitors in the market."  *Les Shockley*,

16  884 F.2d at 508 ("Plaintiffs insist that their allegation of market exclusion and resulting loss of

17  income are sufficient to plead an outline of facts showing injury to competition that would enable

18  a factfinder to conclude that defendants violated Sherman Act § 1.  We cannot agree."); *Rutman*,

19  829 F.2d at 734 ("While appellant clearly pleads injury to itself, its conclusion that competition

20  has been harmed thereby does not follow.").

21          Plaintiff's failure to allege any anti-competitive injury precludes his Sherman Act claim.

22          **2.        Plaintiff Does Not Allege An "Agreement, Conspiracy or Combination"**

23          Section 1 of the Sherman Act prohibits only restraints of trade "effected by a contract,

24  combination, or conspiracy."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)

25  (internal quotations omitted).   Accordingly, in pleading a claim under 15 U.S.C. § 1, a plaintiff

26  must plead "enough factual matter (taken as true) to suggest than an agreement was made," *i.e.*,

27  "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal

28  agreement."  *Id.* at 1965.  "[A]n allegation of parallel conduct and a bare assertion of conspiracy

1    will not suffice.  Without more, parallel conduct does not suggest conspiracy, and a conclusory

2    allegation of agreement at some unidentified point does not supply facts adequate to show

3    illegality." *Id*. at 1966.

4           Here, the Amended Complaint contains no allegations of the existence of any agreement,

5    conspiracy or combination between the McGraw-Hill Defendants and any other party.  Rather,

6    Plaintiff twice proposes, in identical boilerplate and without explanation or support, the existence

7    of a conspiracy evidently engulfing all Defendants named in the Amended Complaint.  (AC ¶¶ 54,

8    63).  Aside from this "formulaic recitation" of one of the required elements of the claim, Plaintiff

9    provides no factual underpinning at all that would indicate that there was an agreement involving

10   the McGraw-Hill Defendants or, indeed, among any of the Defendants.  *See Twombly*, 127 S. Ct.

11   at 1964-65 (holding that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

12   relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

13   cause of action will not do").

14          Accordingly, for this independent reason as well, Plaintiff has not stated a viable claim

15   under the Sherman Act.  *Id*. at 1970-71 & n. 9 (allegations that defendants "engaged in a 'contract,

16   combination or conspiracy' and agreed not to compete with one another" were "merely legal

17   conclusions" and insufficient to state a claim); *see also Kendall v. Visa U.S.A., Inc*., 518 F.3d

18   1042, 1047-48 (9th Cir. 2008) (affirming dismissal of Sherman Act claim where plaintiffs

19   "pleaded only ultimate facts, such as conspiracy, and legal conclusions" and "failed to plead the

20   necessary evidentiary facts to support those conclusions").

### 3.    Plaintiff's Antitrust Claim Fails Under Rule 9(b) As Well

22          Finally, because an antitrust claim based on allegedly misleading statements sounds in

23   fraud, it must also conform with Rule 9(b).  *See, e.g., Lum v. Bank of America*, 361 F.3d 217, 220

24   (3d Cir. 2004) (applying Rule 9(b) to an antitrust claim that was "based on fraud").  Even where

25   fraud is not a necessary element of a cause of action, as shown above, a plaintiff who alleges a

26   unified course of fraudulent conduct and relies on that conduct as the basis for his claim subjects

27   that claim to the strictures of Rule 9(b).  *See Vess*, 317 F.3d at 1103-04; *see also In re Daou Sys.,*

28

1    *Inc. Sec. Litig.*, 411 F.3d 1006, 1028 (9th Cir. 2005).  As demonstrated above, Plaintiff does not

2    come close to satisfying the particularity requirements of Rule 9(b).

3    **II.     PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE MCGRAW-HILL
         DEFENDANTS FOR "UNSAFE AND UNSOUND LENDING"  (COUNT II)**

4

5           In Count II, Plaintiff refers to 21 statutes and claims that all "the Defendants" violated

6    those statutes "by originating, selling, endorsing, causing, ratifying or permitting loans without

7    minimum standards for net worth, cash flow, and debt service coverage of the borrower or

8    underlying property; unclear loan to value limits; lack of monitoring real estate lending policies;

9    lack of prudent real estate appraisals and other issues listed within the Agencies' real estate

10   lending standards and within the Lenders' corporate standards."  (AC ¶ 55).   There is no basis at

11   all for such a claim against the McGraw-Hill Defendants.

12          **A.     Plaintiff Has No Claim Under § 17043 of the Cal. Bus. and Prof. Code**

13          California Business and Professions Code Sections 17043 and 17071 relate to the practice

14   of selling a product below cost.  Section 17043 states that it is unlawful to "sell any article or

15   product at less than the cost thereof to such vendor, or to give away any article or product, for the

16   purpose of injuring competitors or destroying competition."  Section 17071 does not itself prohibit

17   the sale of goods below cost, but rather states that: "[i]n all actions brought under this chapter

18   proof of one or more acts of selling or giving away any article or product below cost or at

19   discriminatory prices, together with proof of the injurious effect of such acts, is presumptive

20   evidence of the purpose or intent to injure competitors or destroy competition."

21          The Amended Complaint does not state a claim against the McGraw-Hill Defendants

22   under either of these sections.   To state a claim under Section 17043, a plaintiff must allege the

23   sale of a product at less than cost to the seller for the purpose of injuring competitors or destroying

24   competition.  *See Dooley v. Crab Boat Owners Ass'n*,  271 F. Supp. 2d 1207, 1215 (N.D. Cal.

25   2003).  In so alleging, "the plaintiff must allege defendant's sales price, its cost in the product and

26   its cost of doing business," which must be stated in "other than conclusory terms." *G.H.I.I. v.*

27   *MTS, Inc.*, 147 Cal. App. 3d 256, 275 (1983).

28

No such allegations are asserted against the McGraw-Hill Defendants.  In fact, the McGraw-Hill Defendants are not alleged to have sold *any* product, let alone one at less than cost.  Moreover, Plaintiff has not made any assertions — as he is required to do — as to the general cost of the products he believes were sold under cost.  Plaintiff's complete failure to allege these fundamental elements mandates the dismissal of any claim under Section 17043.

### B.    Plaintiff's Remaining Claims In Count II Also Fail

As in Count I, Plaintiff lacks standing under Section 1667 as he has failed to allege that Plaintiff entered into any contract with either of the McGraw-Hill Defendants.   Plaintiff's Section 1668 claim in Count II fails for the same reason.[3]

In Count II, Plaintiff again cites Section 17200 of the Cal. Bus. & Prof. Code and Section 1 of the Sherman Act.  For all the reasons that Plaintiff's Section 17200 claim and Sherman Act claim fail in Count I, they fare no better under Count II.  Plaintiff has not adequately pled a claim under these statutes.

The remaining statutes and regulations Plaintiff cites in Count II provide no private cause of action.  *See* 12 U.S.C. § 1828(a)(1)(B); Section 1920(a) of the Cal. Civ. Code; Section 50503(a)(2) of the Cal. Fin. Code; 15 U.S.C. §§ 52, 57a(f); 18 U.S.C. §§ 371, 1005, 1007, 1014, 1341, 1343, 1344, 1348, 1349, 1350(b); 12 C.F.R. §§ 560.101, 365.2, 34.D, 208.C.

### III.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE MCGRAW-HILL DEFENDANTS FOR "SELLING PRODUCTS BELOW COST" (COUNT III)

In Count III, a claim that appears to mirror Count II in its utter insubstantiality, Plaintiff asserts that all "the Defendants" violated various statutes "by originating, selling, endorsing, causing, ratifying or permitting loans or mortgage securities to be sold below cost."  (AC ¶ 59). Plaintiff cites five statutes as the basis for Count III.

---

[3]  Section 1668 of the California Civil Code provides that "[a]ll contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law."

1    For the reasons set forth in Sections I and II above, Plaintiff's attempt to base Count III on

2    15 U.S.C. § 1, Section 1667 of the Cal. Civ. Code and Sections 17043 & 17071 of the Cal. Bus.

3    and Prof. Code is insufficient as he has failed to plead the basic elements for a claim under these

4    statutes.  Among other reasons, the McGraw-Hill Defendants are not (and cannot be) alleged to be

5    the "seller" of any loan or mortgage security.  The remaining statute cited by Plaintiff in Count III

6    (Section 1920(a) of the Cal. Civ. Code) does not provide for a private cause of action.

7    **IV.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE MCGRAW-HILL
        DEFENDANTS FOR "FRAUD AND CONSPIRACY" (COUNT IV)**

8

9    In Count IV, Plaintiff asserts that "[a]ll defendants" "made, encouraged, caused, ratified, or

10   permitted others to commit fraud or conspire to commit fraud."  (AC ¶ 63).  Plaintiff also asserts

11   that "[a]ll defendants" knew or should have known that fraud and conspiracy "is unlawful and

12   would restrain trade for business entities not willing to participate in unlawful activities" and that

13   the Defendants' "participation in alleged violations . . . could aid and abet Lenders with

14   fraudulent security transactions."   (Id.)  Plaintiff cites 15 statutes as the basis for Count IV.

15   Again, the vast majority of the statutes Plaintiff cites do not provide for a private cause of

16   action.  See 18 U.S.C. §§ 371, 1001, 1005, 1007, 1014, 1341, 1343, 1344, 1348, 1349, 1350(b);

17   Section 1920(a) of the Cal. Civ. Code; and Section 3294 of the Cal. Civ. Code.[4]  Plaintiff's claims

18   under the remaining two statutes cited in Count IV (Sections 1667 & 1668 of the Cal. Civ. Code)

19   also fail for lack of standing for the reasons set forth above.

20   Finally, although he does not expressly articulate such a claim, to the extent that Plaintiff is

21   attempting to state a claim for common law fraud in Count IV, as its title suggests, his claim must

22   be dismissed for failure to comply with the pleading requirements of Rule 9(b).

23   _____

24   [4] Section 3294 of the California Civil Code simply deals with damages.  It declares that "[i]n an
     action for the breach of an obligation not arising from contract, where it is proven by clear and
25   convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the
     plaintiff, in addition to the actual damages, may recover damages for the sake of example and by
26   way of punishing the defendant."  As discussed above, Plaintiff has not pled the existence of any
     contract and therefore is not entitled to any damages, much less punitive damages under this
27   section.  Moreover, Plaintiff has provided no factual allegations whatsoever that would support a
     finding of "oppression, fraud, or malice" on the part of the McGraw-Hill Defendants.
28

1  **V.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE MCGRAW-HILL
       DEFENDANTS FOR "FRAUDULENT TRANSACTION OF DOMESTIC**
2      **SECURITIES"  (COUNT VI)**

3          In Count VI,[5] Plaintiff asserts that all Defendants "engaged, participated, aided or abetted

4  fraudulent securities transactions; in particular the OTS's over-sight of the WAMU and Providian

5  merger."  (AC ¶ 69).  Plaintiff also claims that all Defendants knew or should have known that

6  "security violations have occurred and are occurring as a result of a violation or combination of

7  violations identified in the First through Fifth causes of action."  (*Id.*)

8          Among other pleading failures requiring dismissal, Plaintiff does not specify the securities,

9  if any, that he allegedly purchased or sold or the alleged misstatement(s) supposedly made in

10  connection with the purchase or sale of any such securities.  Rather Plaintiff merely asserts that in

11  "looking to find replacement income" (after being allegedly closed out of the real estate market),

12  he purchased securities which he believed "would benefit [him] from decreases in some of the

13  Defendants' stocks" but which instead resulted in "security losses."   (AC ¶ 6).  Similarly,

14  although Plaintiff vaguely references the "WAMU and Providian merger" in Count VI, he does

15  not attempt to connect either of the McGraw-Hill Defendants in any way to such an event (nor

16  could he).  Such allegations cannot satisfy any pleading requirement, let alone the heightened

17  pleading requirements of Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA").

18      **A.    Plaintiff Lacks Standing to Sue Under the Federal Securities Laws**

19          As a starting point, six of the eight statutes cited by Plaintiff (15 U.S.C. §§ 77w, 78b(3),

20  78k-1, 78l, 78o-6 & 77uuu) provide no private right of action and thus cannot form the foundation

21  for any claim.  Even where Plaintiff's rote list of statutes does hit on a provision that permits a

22  private claim (*i.e.*, Sections 9 and 10 of the 1934 Act, 15 U.S.C. §§ 78i, 78j), Plaintiff lacks

23  standing to assert one.

24          Sections 9 and 10 of the 1934 Act apply only to misconduct or misstatements "in

25  connection with the purchase or sale," or that "affect[]" the price, of securities.  15 U.S.C. §§

26  78j(b), 78i(e).  It is well established that in order to have standing under either of these provisions,

27

28  [5] Count V of the Amended Complaint is not asserted against the McGraw-Hill Defendants.

1  a plaintiff must be a purchaser or seller of the securities so affected.  *Blue Chip Stamps v. Manor*

2  *Drug Stores,* 421 U.S. 723, 731, 736 (1975).  The Amended Complaint does not even attempt to

3  satisfy this threshold requirement.

4          Nowhere does Plaintiff allege that he purchased or sold any security of or from the

5  McGraw-Hill Defendants.  Rather, in Count VI, Plaintiff alludes to "[p]rior damage" suffered

6  "through securities losses" and identifies three companies (two other defendants and an entity that

7  merged with a defendant) that were "involve[d]" with the securities losses.  (AC ¶ 69).  Yet,

8  Plaintiff never alleges that he purchased or sold the stock of these Defendants — or any other.

9  Indeed, Plaintiff appears to plead just the opposite:  the only securities Plaintiff asserts he did buy

10 were unidentified securities purchased in an effort "to find replacement income." (AC ¶ 6).   He

11 goes on to allege that he purchased these unidentified securities in the hope that the Defendants'

12 allegedly "unlawful and unsustainable" activities would adversely impact the price of Defendants'

13 stocks and "benefit" the stocks he bought.  (*Id.*)  All of this is insufficient to plead a claim under

14 the federal securities laws.

15         Absent an allegation (which Plaintiff cannot, in any event, make) that Plaintiff purchased

16 or sold a security "in connection with" or "affected by" Defendants' alleged misconduct or

17 misstatements, Plaintiff has no standing to pursue the claims he now asserts and his securities

18 claims should be dismissed on this ground alone.  *See Blue Chip Stamps*, 421 U.S. at 747 (the

19 "virtue" of the standing rule adopted by the Court is that "it limits the class of plaintiffs to those

20 who have at least dealt in the security to which the prospectus, representation, or omission

21 relates").

22         **B.      The Complaint Fails In Any Event to State a Claim Under Section 10(b) of the**
                 **1934 Act**
23

24         Plaintiff's Section 10(b) claim should also be dismissed for the independent reason that the

25 Amended Complaint fails to plead the required elements for such a claim against the McGraw-Hill

26 Defendants in accordance with the PSLRA and the law of this Circuit.

27         To survive a motion to dismiss, a Section 10(b) plaintiff must plead: (1) a material

28 misrepresentation (or omission); (2) scienter; (3) a connection with the purchase or sale of a

16

THE MCGRAW-HILL DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT
CASE NO. C-07-04108-JF(HRL)

1   security; (4) reliance; (5) economic loss; and (6) loss causation.  *Dura Pharms., Inc. v. Broudo*,

2   544 U.S. 336, 341-42 (2005).  The sufficiency of a plaintiff's Section 10(b) allegations must be

3   tested against the heightened pleading requirements of Rule 9(b) and the PSLRA.  *GIA-GMI, LLC*

4   *v. Michener*, No. C-06-7969, 2007 WL 2070280, at *6 (N.D. Cal. July 16, 2007).

5           As discussed above, Rule 9(b), which applies to "all averments of fraud," requires a

6   plaintiff to plead "with particularity" the "circumstances constituting fraud."   The PSLRA raises

7   the bar higher still.  *Posern v. Prudential Sec., Inc*., No. C-03-0507, 2004 WL 771399, at *4 (N.D.

8   Cal. Feb. 18, 2004) ("[c]ompared with Rule 9(b), [the] PSLRA created 'uniform and more

9   stringent pleading requirements to curtail the filing of meritless lawsuits'") (quoting H.R. Conf.

10  Rep. No. 104-369 at 41 (1995)).  In order to satisfy the PSLRA's even "more stringent"

11  requirements, a plaintiff must "state with particularity both the facts constituting the alleged

12  violation, and the facts evidencing scienter." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 127 S.

13  Ct. 2499, 2504 (2007).  Thus, a plaintiff must "specify each statement alleged to have been

14  misleading [and] the reason or reasons why the statement is misleading," 15 U.S.C. § 78u-4(b)(1),

15  *and* "state with particularity facts giving rise to a strong inference that the defendant acted with the

16  required state of mind," 15 U.S.C. § 78u-4(b)(2).  Where, as here, a plaintiff alleges that multiple

17  defendants violated Section 10(b), the "material misrepresentation" and "scienter" elements must

18  be pled with particularity as to *each* defendant.  *See Shurkin v. Golden State Vinters, Inc*., 471 F.

19  Supp. 2d 998, 1016 (N.D. Cal. 2006); 15 U.S.C. §§ 78u-4(b)(1), (2); Fed. R. Civ. P. 9(b).

20          For the reasons set forth below, any one of which would suffice to require dismissal of the

21  Count, Plaintiff fails in his attempt to plead the required elements of a Section 10(b) claim.

22              **1.      The Complaint Contains No Allegation of Any Material Misstatement
                          by the McGraw-Hill Defendants, Let Alone One that Is Sufficiently**
23              **Particularized**

24          Far from having pled with specificity "each statement alleged to have been misleading

25  [and] the reason or reasons why," 15 U.S.C. § 78u-4(b)(1), Plaintiff has failed to plead any

26  material misrepresentation or omission by the McGraw-Hill Defendants whatsoever.

27          Rather, the Amended Complaint repeatedly alleges that the Defendants "ratified . . .

28  endorsed or permitted others to commit" certain non-particularized acts of allegedly fraudulent

17

1  misconduct.  (AC ¶¶ 48(A), (F), (G)).   At most, such statements allege a claim for aiding and

2  abetting a Section 10(b) violation.  Yet, as the Supreme Court has affirmed time and time again,

3  most recently in *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, "there is no private right

4  of action for aiding and abetting a § 10(b) violation."  128 S. Ct. 761, 767 (2008).  *See also*

5  *Central Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 177-78 (1994) (rejecting aiding

6  and abetting liability under Section 10(b)).

7        Moreover, even if merely ratifying, endorsing, or permitting others to engage in securities

8  violations were actionable under Section 10(b), the Amended Complaint fails to provide even a

9  single particularized fact indicating how (or where, or when) the McGraw-Hill Defendants

10 allegedly did even that.[6]  Plaintiff's complete failure to allege the fundamental element of a

11 material misstatement by the McGraw-Hill Defendants mandates dismissal of Count VI.  *See, e.g.,*

12 *In re Valence Tech. Sec. Litig.*, No. C 95-20459, 1996 WL 67326, at *5 (N.D. Cal. Feb. 13, 1996)

13 (dismissing Section 10(b) claim premised in part on a "wholly conclusory" allegation that "failed

14 to identify any alleged misstatement or particular incident" of fraud).

15               **2.     The Complaint Fails to Raise a Strong Inference of Scienter Against the**
                          **McGraw-Hill Defendants**
16

17        Plaintiff's sparse allegations are equally deficient in raising, as they must, a "*strong*

18 inference that [the McGraw-Hill Defendants] acted with the required state of mind."  15 U.S.C. §

19 78u-4(b)(2) (emphasis added).  Indeed, they raise no inference of a culpable state of mind at all.

20        In *Tellabs*, the Supreme Court recently clarified the meaning of the PSLRA's "strong

21 inference" requirement in a manner that, by contrast, illustrates the fatal defects of the Amended

22 Complaint here:

23               the inference of scienter must be more than merely 'reasonable' or 'permissible'--
                 it must be cogent and compelling, thus strong in light of other explanations.  A
24               complaint will survive . . . only if a reasonable person would deem the inference

25  _____

26 [6]  Plaintiff's unsupported assertion that the "Agencies, Ratings and Bankers" "[sold] . . . untested
   debt to unsuspecting investors" (AC ¶ 48(G)) is entirely lacking in the particularity required by the
27 PSLRA and Rule 9(b) and is contradicted by Plaintiff's own description of the McGraw-Hill
   Defendants from elsewhere in the Amended Complaint.  *See* AC  ¶ 20.
28
                                        18

1    of scienter cogent and at least as compelling as any opposing inference one could
2    draw from the facts alleged.

3    127 S. Ct. at 2510; *see also In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 974, 985 (9th

4    Cir. 1999) (under the PSLRA, a plaintiff "must plead, in great detail, facts that constitute strong

5    circumstantial evidence of deliberately reckless or conscious misconduct. . . .  [A] mere

6    speculative inference . . . or even a reasonable inference" is not enough).

7        As already noted, Plaintiff's allegations as to the McGraw-Hill Defendants are limited to

8    the boilerplate accusation that the Defendants "ratified . . . endorsed or permitted others to

9    commit" certain acts, with no particularized facts whatsoever suggesting how the Defendants

10   allegedly did so.  (AC ¶¶ 48(A), (F), (G)).  These conclusory assertions are insufficient to properly

11   allege scienter.  *Silicon Graphics*, 183 F.3d at 976-77; *see In re Vantive Corp. Sec. Litig.*, 110 F.

12   Supp. 2d 1209, 1218 (N.D. Cal. 2000) ("boilerplate allegations" concerning defendants'

13   knowledge based on assumptions about their positions are insufficient), *aff'd*, 283 F.3d 1079 (9th

14   Cir. 2002).  Moreover, any general allegations as to the state of mind of all Defendants, *see, e.g.*,

15   AC ¶ 69, add nothing to the relevant analysis of whether each Defendant *individually* possessed

16   the required mental state.  *See, e.g., Shurkin*, 471 F. Supp. 2d at 1016.

17       Because Plaintiff does not provide the "great detail" necessary to raise a "strong inference"

18   of scienter on the part of the McGraw-Hill Defendants, his claims under the federal securities laws

19   must be dismissed.  *Silicon Graphics*, 183 F.3d at 974, 985.

20              **3.    Plaintiff Has Failed to Plead Reliance**

21       Notwithstanding the fact that Plaintiff does not appear to have purchased or sold a security

22   on which to base a claim in the first place, *see* Section V.A., he readily admits in the Amended

23   Complaint that he never relied on *any* allegedly fraudulent misstatement or deceptive act by any of

24   the Defendants.  To the contrary, Plaintiff concedes that his eyes have long been wide open to

25   what he believes are the Lenders' unlawful practices.  *See, e.g.*, AC ¶ 45 ("Plaintiffs [sic] have

26   been writing, filing complaints and commenting on advanced notices of proposed rulemaking . . .

27   for years.  Plaintiffs' [sic] activities . . . [concern] the unsafe and unsound lending standards

28   including misleading option ARMs, fraudulent NIVs, fraudulent concealment of existing

19

1   delinquencies and antitrust issues"). Speaking of the unidentified securities he claims to have

2   purchased in his search for "replacement income" (AC ¶ 6), Plaintiff goes so far as to

3   acknowledge that he made these purchases "*realizing that the Defendants' activities were*

4   *unlawful and unsustainable*" (AC ¶ 6; emphasis added) in the hopes of making a profit. These

5   allegations negate any attempt to plead "reliance" and are insufficient to sustain a claim under

6   Section 10(b). *Basic, Inc. v. Levinson*, 485 U.S. 224, 248-49 (1988).

7                       **4.       The Complaint Fails to Plead Loss Causation**

8           In order to plead loss causation, another required element under Section 10(b), Plaintiff

9   must allege "a causal connection between the material misrepresentation and the loss." *Dura*, 544

10  U.S. at 342, 347 (dismissing Section 10(b) claim where the complaint failed to "provide[] the

11  defendants with notice of what the relevant economic loss might be or of what the causal

12  connection might be between that loss and the misrepresentation"). Here, Plaintiff makes no

13  attempt to draw a causal connection between any alleged misrepresentation and the loss he

14  allegedly suffered.   In fact, because Plaintiff alleges that his stock purchase was made in

15  connection with his "realiz[ation]" that the Defendants were engaged in alleged unlawful

16  activities, there would appear to be no set of facts that Plaintiff could allege that could establish

17  that any alleged misrepresentation proximately caused Plaintiff's alleged economic loss.

18  Accordingly, Plaintiff's claim under Section 10(b) must fail for this reason too. *Dura*, 544 U.S. at

19  347.

20                **C.       The Complaint Fails to State a Claim Under Section 9 of the 1934 Act**

21          As for Plaintiff's claim under Section 9 of the 1934 Act, he provides no indication

22  whatsoever as to which of Section 9's many provisions he believes were violated by the

23  Defendants in this case. However, because Section 9 imposes liability only on those who

24  "willfully participate" in a violation of the Section, Plaintiff's claim must fail in any form for the

25  reasons set forth in Section V.B.2. *See also* 15 U.S.C. 78i(e); *see Musick, Peeler & Garrett v.*

26  *Employers Ins. of Wausau,* 508 U.S. 286, 296 (1993) (noting that Section 9 requires scienter).

27          Moreover, to the extent Plaintiff's Section 9 claim is premised on a violation of subsection

28  (a)(4), which prohibits false or misleading statements made for the purpose of inducing the

                                                        20

1  purchase or sale of a security, his claim fails for the additional reason that Plaintiff has not

2  properly pled a misrepresentation, *see* Section V.B.1, and because liability for a violation of that

3  subsection may be imposed "only on 'sellers' of securities." *Kamen v. Lindly*, 94 Cal. App. 4th

4  197, 203-04 (2001) (citing *Gulf Corp. v. Mesa Petroleum Co.*, 582 F. Supp. 1110, 1122 (D. Del.

5  1984)); 15 U.S.C. 78i(a)(4).  As Plaintiff himself acknowledges, "S&P provides independent

6  credit ratings and market analysis" (AC ¶ 20); S&P is not a "seller" of securities.

7                                          <u>**CONCLUSION**</u>

8        Plaintiff's claims against the McGraw-Hill Defendants are, in all respects, frivolous and

9  should be dismissed with prejudice.

10

11  Dated:   May 12, 2008

12                                          BERGESON, LLP

13

14                                          By: _____/s/_____

15                                                 Melinda M. Morton

16                                          Attorneys for Defendants The McGraw-Hill
                                            Companies, Inc and Harold W. McGraw III

17

18  *Of Counsel:*
    Floyd Abrams
19  Susan Buckley
    Tammy L. Roy
20  Justin Giovannelli
    Cahill Gordon & Reindel LLP
21  80 Pine Street
    New York, New York  10005
22  (212) 701-3000

23

24

25

26

27

28

THE McGRAW-HILL DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT
CASE NO. C-07-04108-JF(HRL)