1  Stephen M. Rummage, *pro hac vice*
   Martin L. Fineman (Cal. Bar No. 104413)
2  Sam N. Dawood (Cal. Bar No. 178862)
   DAVIS WRIGHT TREMAINE LLP
3  505 Montgomery Street, Suite 800
   San Francisco, California 94111-6533
4  Telephone: (415) 276-6500
   Facsimile:  (415) 276-6599
5  Email: martinfineman@dwt.com
6         samdawood@dwt.com

7  Attorneys for Defendants
   Washington Mutual, Kerry K. Killinger,
8  and Joseph W. Saunders

9
                    IN THE UNITED STATES DISTRICT COURT
10
                    THE NORTHERN DISTRICT OF CALIFORNIA
11
                             SAN JOSE DIVISION

12  MICHAEL BLOMQUIST,                           ) Case No. 07-04108 JF/HRL
                                                 )
13           Plaintiff,                          ) **DEFENDANTS WASHINGTON**
                                                 ) **MUTUAL, KERRY K. KILLINGER AND**
14       v.                                      ) **JOSEPH W. SAUNDERS'**
                                                 ) **MEMORANDUM OF POINTS &**
15  WASHINGTON MUTUAL, a Washington              ) **AUTHORITIES IN SUPPORT OF**
    corporation; KERRY K. KILLINGER; JOSEPH      ) **MOTION TO DISMISS PLAINTIFF'S**
16  W. SAUNDERS; COUNTRYWIDE HOME                ) **FIRST AMENDED COMPLAINT**
    LOANS, INC., a Delaware corporation;         )
17  ANGELO MOZILLO; WACHOVIA                     ) Date:  Friday, July 11, 2008
    CORPORATION, a North Carolina corporation;   ) Time:  9:00 a.m.
18  KEN THOMPSON; CITIGROUP, a Delaware          ) Judge: Hon. Jeremy Fogel
    corporation; SANFORD WEILL; CHARLES          ) Department: SJ, Courtroom 3, 5th Floor
19  PRINCE; GOLDMAN SACHS GROUP INC., a          )
    Delaware corporation; HENRY PAULSON;         )
20  BEAR STEARNS COMPANIES, INC., a              )
    Delaware corporation; JAMES CAYNE; THE       )
21  MCGRAW HILL COMPANY, INC., a                 )
    Delaware corporation; HAROLD MCGRAW III;     )
22  WELLS FARGO & COMPANY,  a Delaware           )
    corporation; PATRICIA R. CALLAHAN;           )
23  HERBERT M. SANDLER; ROCK HOLDINGS,           )
    INC., a Delaware corporation; EXPERIAN       )
24  CORPORATION, a Delaware corporation;         )
    MOODYS CORPORATION, a Delaware               )
25  corporation; JAMES E. GILLERAN; JOHN M.      )
    REICH; JOHN D. HAWKE, JR.; JOHN C.           )
26  DUGAN; SUSAN SCHMIDT BIES; DONALD            )
    E. POWELL; SHEILA C. BAIR                    )
                                                 )
27           Defendants.                         )
                                                 )
28  ─────────────────────────────────────────────)

DAVIS WRIGHT TREMAINE LLP

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. RELEVANT FACTS ............................................................................................................. 1

III. ARGUMENT .......................................................................................................................... 3

    A. Blomquist Does Not Meet the Jurisdictional Requirement of Standing. ................................................................................................................... 4

    B. Blomquist Has Not Stated a Claim Because He Has Not Alleged Damages from WAMU's Alleged Lending Practices. ............................... 6

    C. Blomquist's Fraud Claims Lack Any Specificity and Do Not Allege Reliance. ........................................................................................................ 7

    D. Blomquist Has Not Provided a Short and Plain Statement of His Claim for Relief. ................................................................................................ 8

IV. CONCLUSION ...................................................................................................................... 8

DAVIS WRIGHT TREMAINE LLP

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arizonans for Official English v. Arizona*,
520 U.S. 43 (1997) ...................................................................................................................5

*Ascon Props., Inc. v. Mobil Oil Co.*,
866 F.2d 1149 (9th Cir. 1989) ..................................................................................................4

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990) ....................................................................................................4

*Bell Atl. Corp. v. Twombly*,
127 S. Ct. 1955 (2007)..............................................................................................................4

*Buckland v. Threshold Enters., Ltd.*,
155 Cal.App.4th 798 (2007) .....................................................................................................7

*Cattie v. Wal-Mart Stores*,
504 F. Supp. 2d 939 (C.D. Cal. 2007) ..................................................................................3, 7

*Fecht v. Price Co.*,
70 F.3d 1078 (9th Cir. 1995) .................................................................................................7, 8

*Gemtel Corp. v. Community Redevelopment Agency of City of Los Angeles*,
23 F.3d 1542 (9th Cir. 1994) ....................................................................................................6

*Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*,
397 F.3d 1217 (9th Cir. 2005) ..................................................................................................8

*Henry v. Circus Circus Casinos, Inc.*,
223 F.R.D. 541 (D.Nev. 2004) .................................................................................................6

*In re Napster, Inc. Copyright Litigation*,
479 F.3d 1078 (9th Cir. 2007) ..................................................................................................7

*Jacobson v. Schwarzenegger*,
226 F.R.D. 395 (C.D. Cal. 2005)..............................................................................................8

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) .................................................................................................................5

*McCarthy v. United States*,
850 F.2d 558 (9th Cir. 1988) ....................................................................................................4

*Misc. Serv. Workers, Drivers & Helpers v. Philco-Ford Corp.*,
661 F.2d 776 (9th Cir. 1981) ....................................................................................................7

ii

Washington Mutual Defendants' Motion to Dismiss First Amended Complaint                SFO 407599v1 0013149-000095
Blomquist v. Washington Mutual - Case No. 07-04108 JF/HRL

DAVIS WRIGHT TREMAINE LLP

*North Star Int'l v. Arizona Corp. Comm'n*,
   720 F.2d 578 (9th Cir. 1983) ...................................................................................................4

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) ...............................................................................................................6

*Peck v. Hoff*,
   660 F.2d 371 (8th Cir. 1981) ...................................................................................................4

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984) ...................................................................................................4

*Roe v. Unocal Corp.*,
   70 F. Supp. 2d 1073 (C.D. Cal. 1999) .....................................................................................4

*Simon v. Eastern Kentucky Welfare Rights Org'n*,
   426 U.S. 26 (1976) .................................................................................................................6

*Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*,
   594 F.2d 730 (9th Cir. 1979) ...............................................................................................3, 4

*Tileston v. Ullman*,
   318 U.S. 44 (1943) .................................................................................................................5

*Warth v. Seldin*,
   422 U.S. 490 (1975) ...............................................................................................................3

*Wheeler v. Travelers Ins. Co.*,
   22 F.3d 534 (3rd Cir. 1994) ....................................................................................................4

**STATUTES**

15 U.S.C. §§ 77w, 78b(3), 78i, 78j, 78k-1, 78L, 78o-6, 78uuu .....................................................2

Cal. Bus. & Prof. Code § 17204 ....................................................................................................7

**OTHER AUTHORITIES**

5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1216 (3d ed. 2004) ............................4

Fed. R. Civ. P. 8 .........................................................................................................................1, 8

Fed. R. Civ. P. 9(b) .....................................................................................................................1, 7

Rule 12(b)(1) ..............................................................................................................................3, 4

Rule 12(b)(6) ..............................................................................................................................4, 7

U.S. Constitution ............................................................................................................................2

Article III of the United States Constitution ..................................................................................4

DAVIS WRIGHT TREMAINE LLP

iii

Washington Mutual Defendants' Motion to Dismiss First Amended Complaint                SFO 407599v1 0013149-000095
Blomquist v. Washington Mutual - Case No. 07-04108 JF/HRL

## I. INTRODUCTION

Plaintiff Michael Blomquist's First Amended Complaint (the "Complaint") consists of nothing more than a rambling diatribe alleging that Washington Mutual,[1] Kerry K. Killinger, and Joseph W. Saunders (collectively, "WAMU"), as well as the other Defendants (and persons not named in the Complaint), engaged in lending practices that adversely affected the United States economy, including unidentified clients of his mortgage and real estate businesses. As the Court noted in denying his TRO application, Blomquist does not allege he has suffered harm, pecuniary or otherwise, from these purported practices; he merely believes that others may have. At most, he is an observer with no direct injury for this Court to remedy, and he therefore lacks standing to bring these claims. Under settled law, the fact that Blomquist styles this case a class action makes no difference: his lack of standing mandates dismissal.

Aside from this fundamental issue of standing, Blomquist's pleading falls short on just about every ground imaginable. Because he has not alleged that he suffered actionable damages as a result of any particular Defendant's misconduct, Blomquist has not alleged any claim on which relief may be granted. In addition, although he has alluded to supposed "fraud," he has not alleged the circumstances constituting fraud with the particularity required by Rule 9, nor has he alleged reliance on the inadequately alleged fraudulent statements or conduct. Finally, his tangled and convoluted 40-page Complaint falls far short of Rule 8's requirement of a short and plain statement of the facts giving rise to a right to relief.[2]

## II. RELEVANT FACTS

On August 9, 2007, Blomquist, a licensed mortgage and real estate agent from Los Gatos, California, filed this action on behalf of himself and his business, Michael Scott Properties. Blomquist alleged that he was the sole owner of Michael Scott Properties. On September 10, 2007 he amended his Complaint, removing Michael Scott Properties as a named plaintiff.

---

[1] The Complaint does not specify whether "Washington Mutual" refers to Washington Mutual Bank, Washington Mutual, Inc., or some other entity bearing the Washington Mutual name.

[2] As stated in WAMU's Notice of Motion to Dismiss, Blomquist's Complaint also should be dismissed for the reasons given by the other Defendants in their motions to dismiss, which WAMU incorporates by reference. Among other things, Blomquist has not alleged – at least in any understandable way – the elements of his various causes of action.

1

The Washington Mutual Defendants' Motion to Dismiss First Amended Complaint    SFO 407599v1 0013149-000095
Blomquist v. Washington Mutual - Case No. C07-4108 JF/HRL

Blomquist's convoluted Complaint alleges six causes of action. He brings four causes of action pursuant to the California Civil Code, the California Financial Code, and the California Business and Professions Code: (1) false or deceptive statements; (2) unsafe and unsound lending practices; (3) sale of products below cost; and (4) fraud and conspiracy. According to the Complaint, the various acts in violation of California law allegedly restrain trade and create unfair competition. Blomquist's fifth and sixth causes of action rely on the United States Constitution and federal laws: (5) violation of the Administrative Procedures Act and U.S. Constitution;[3] and (6) securities fraud in violation of 15 U.S.C. §§ 77w, 78b(3), 78i, 78j, 78k-1, 78L, 78o-6, 78uuu. Complaint ¶¶ 49-69.

In essence, Blomquist accuses defendants of fraudulent and misleading loan and securities practices. His allegations largely revolve around the use of "stated income" or "no income verification" loans ("NIV loans"), option adjustable rate mortgage loans ("option ARMs"), and loans for 100% of the value of the financed property. According to Blomquist, NIV loan practices changed in 2004. Before then, he claims, only borrowers with excellent credit standing could obtain NIV loans; in 2004, however, he alleges that Defendants (as well as other financial institutions not named in the Complaint) relaxed NIV guidelines to allow any individual with a Form W-2 to apply. As a result, Blomquist claims, borrowers systematically misrepresented their income, so that 90% of all NIV loans rest on inflated borrower incomes. Complaint, ¶ 35. As to option ARM loans, Blomquist alleges that worksheets designed to illustrate the rate adjustment process inevitably misled consumers, especially in an environment of low interest rates. *Id.* He claims that 90% of option ARM borrowers can make only the minimum payments on these loans. *Id.* at ¶¶ 36-37. Finally, as to 100% loan-to-value loans, Blomquist claims that borrowers who finance 100% of their home value typically have few assets and cannot pay real estate taxes after they buy property. *Id.* at ¶ 38. He adds that "risk layering," the combined packaging of these products, creates risks for borrowers and lenders alike. *Id.* at ¶ 39.

---

[3] The Complaint professes to assert this fifth cause of action against the "Agencies." In fact, however, the Complaint does not name any "Agencies" as Defendants. In any event, Blomquist does not direct this cause of action against WAMU.

DAVIS WRIGHT TREMAINE LLP

Blomquist claims the practices described in the Complaint have restrained him from mortgage and real estate commerce because they posed personal legal, fiduciary, ethical, and moral conflicts. *Id.* at ¶ 4. Further, he alleges that he willingly "purchased securities which would benefit [him] from decreases in some of the Defendants' stocks," but claims that "mortgage and securities fraud were the cause of his securities losses" and that "Agencies have aided and abetted said violations." *Id.* at ¶ 6. He does not allege which Defendants' securities he purchased, identify the "fraud" that affected those securities, or specify the losses he suffered as a result.

On September 10, 2007, Blomquist filed a request for a temporary restraining order ("TRO") and a motion to seal documents. Blomquist did not provide notice to Defendants of the request. This Court denied Blomquist's TRO on October 12, 2007, finding that he failed to demonstrate he would suffer immediate irreparable injury:

> Plaintiff's request for a TRO reiterates the allegations in the [Complaint] that *borrowers* are harmed by option ARMs because most option ARMs are based upon inflated incomes. Plaintiff does not explain how the continued advertising and origination of option ARMs would cause an immediate injury *to him*, or why notice should not be given to Defendants."

Order Denying Plaintiff's Motion for TRO [Dkt. No.16], 4: 19-23 (emphasis in original).[4]

### III. ARGUMENT

Rule 12(b)(1) allows a party to raise by motion the defense that the court lacks subject matter jurisdiction. Standing presents an issue of subject matter jurisdiction, properly tested on a motion under Rule 12(b)(1). *See, e.g., Cattie v. Wal-Mart Stores*, 504 F. Supp. 2d 939, 942 (C.D. Cal. 2007) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citations omitted). On a motion made on the latter ground, a presumption of truthfulness does not attach to plaintiff's

---

[4] In the same Order, the Court gave Blomquist 10 days to submit declarations to justify sealing documents, as Blomquist had requested. Order, at 5:10-14. [Dkt. No. 16]. Blomquist did not respond. Blomquist also failed to appear at the initial case management conference on November 13, 2007, prompting the Court to issue an Order to Show Cause Re: Dismissal [Dkt. No. 23].

DAVIS WRIGHT TREMAINE LLP

allegations. *Id.* "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citations omitted). The party asserting jurisdiction bears the burden on a Rule 12(b)(1) motion. *Thornhill Publ'g*, 594 F.2d at 733.

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)) (affirming dismissal); *Roe v. Unocal Corp.*, 70 F. Supp. 2d 1073, 1075 (C.D. Cal. 1999) (granting motion to dismiss). The court may dismiss an action under Rule 12(b)(6) based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). As the Supreme Court recently made clear, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 1969 (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1155 (9th Cir. 1989)). Although the court takes factual allegations in a complaint to be true, those allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965 (citing 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1216, pp. 235-36 (3d ed. 2004)).

**A.    Blomquist Does Not Meet the Jurisdictional Requirement of Standing.**

Federal law governs standing to sue in federal court, even in diversity cases based on state law claims. *Wheeler v. Travelers Ins. Co.,* 22 F.3d 534, 537 (3rd Cir. 1994). To satisfy Article III of the United States Constitution and demonstrate an "actual case or controversy" conferring standing (and, therefore, subject matter jurisdiction), Blomquist must show that (1) he has suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is

4

1 likely, as opposed to merely speculative, that a favorable decision will redress the injury. *Lujan v.*
2 *Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). Blomquist cannot meet any of these
3 prerequisites for standing.

4    *First*, Blomquist does not (and cannot) allege that he personally suffered actual concrete
5 harm from WAMU's conduct. As to harm, he alleges only the following:

> Against [his] advice and [his] unwillingness to commit unlawful acts, [his] clients, referrals and prospective clients were enticed to and transacted business with the Defendants. During the course of business these borrowers were coerced to participate in unlawful acts, omissions, and fraudulent statements to purchase over-priced, unaffordable homes through the sale of affordable homes or [sic] obtain unaffordable, misleading, cash-out loans to subsidize income.

10 Complaint, ¶ 5. As this Court concluded in denying Blomquist's TRO application, this muddled
11 allegation does not allege that Blomquist suffered any direct injury because borrowers (including
12 some of his clients) chose to transact business with WAMU. Instead, Blomquist focuses on
13 alleged harm to those borrowers, who supposedly bought "over-priced homes" using
14 "unaffordable, misleading, cash-out loans." On these allegations, Blomquist's injury (whatever it
15 might be) plainly does not rise above the conjectural or hypothetical. At best, Blomquist's claims
16 make him a bystander with no direct interest for this court to remedy. *See Tileston v. Ullman*, 318
17 U.S. 44, 46 (1943) (doctor had no standing to complain that statute banning sale of contraceptives
18 violated patients' privacy rights). And an interest shared generally with the public at large will not
19 confer standing. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 64 (1997).
20 Blomquist has not met the "injury in fact" requirement for standing

21    *Second*, Blomquist cannot show that he has suffered injury traceable to WAMU. As the
22 breathtaking scope of Blomquist's Complaint makes clear, his attacks focus on an entire segment
23 of the economy (a segment that is now the subject of extensive regulatory and legislative
24 attention), not on any particular alleged wrongdoing by WAMU. Further, although Blomquist
25 makes vague allegations of "securities losses," he does not claim that he purchased or sold
26 WAMU securities, nor does he link those vaguely-alleged losses to any misconduct by WAMU.

27    *Third***,** Blomquist has not alleged facts suggesting that a decision from the Court against
28 WAMU would provide him with redress. The more conventional portions of Blomquist's Prayer

DAVIS WRIGHT TREMAINE LLP

for Relief ask the Court to restrain Defendants from making or disseminating unspecified false or misleading statements, to stop Defendants from selling loan products below cost, and to require that they disgorge profits. Complaint, Prayer. But even if the Court were to grant this relief, it has no reason to believe that Blomquist would benefit in any way distinct from the public at large. Further, Blomquist's less conventional requests for relief do not confer standing; instead, they amount to absurd requests to give Blomquist compensation for losses suffered by others. For example, his Prayer seeks $10 million from Defendants to fund a non-profit organization, which Blomquist would establish and run. Complaint, Prayer, ¶ 4. But Blomquist has no right to relief for injuries of third parties, and his preposterous demand for that relief cannot confer standing.[5]

The fact that Blomquist has styled his Complaint as a putative class action does not confer standing. A class action "adds nothing to the question of standing." *Simon v. Eastern Kentucky Welfare Rights Org'n*, 426 U.S. 26, 40 & n.20 (1976). A party must establish standing individually and cannot acquire standing by bringing a class action. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class"); *see also Henry v. Circus Circus Casinos, Inc.*, 223 F.R.D. 541, 544 (D.Nev. 2004) (named plaintiff must have standing in his own right before he may purport to represent a class claim against that defendant).

### B. Blomquist Has Not Stated a Claim Because He Has Not Alleged Damages from WAMU's Alleged Lending Practices.

Blomquist does not allege several of the essential elements of his various claims, especially as to Messrs. Killinger and Saunders. Most notably, Blomquist has not alleged that WAMU (much less Messrs. Killinger and Saunders) did anything in particular that caused him to suffer any injury or loss. Instead, his Complaint claims only that his clients suffered injury.

A plaintiff cannot assert a claim in the absence of an allegation of personal harm or damage caused by the allegedly unlawful conduct. *Gemtel Corp. v. Community Redevelopment*

---

[5] His prayer for costs of suit, which includes "all costs of investigation" (Complaint, Prayer for Relief, ¶ 2) is particularly noteworthy, given Blomquist's admission that he is writing a book on the subject of the Complaint. Complaint, ¶ 2.

6

The Washington Mutual Defendants' Motion to Dismiss First Amended Complaint    SFO 407599v1 0013149-000095
Blomquist v. Washington Mutual - Case No. 07-04108 JF/HRL

DAVIS WRIGHT TREMAINE LLP

*Agency of City of Los Angeles,* 23 F.3d 1542, 1546 (9th Cir. 1994) (dismissing complaint under Rule 12(b)(6) for failure to allege a compensable injury). In particular, to assert claims under California's Unfair Competition Laws ("UCL"), a private individual such as Blomquist must have "suffered injury in fact and [have] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; *see Buckland v. Threshold Enters., Ltd.*, 155 Cal.App.4th 798, 812 (2007); *Cattie*, 504 F. Supp. 2d at 947 (injury or loss of money or property is required to assert a deceptive business practices claim under the UCL).

As discussed above, Blomquist does not and cannot allege he suffered an injury or loss of money or property. Thus, all of his claims must be dismissed.

**C.     Blomquist's Fraud Claims Lack Any Specificity and Do Not Allege Reliance.**

Although Blomquist alludes to supposed "fraud" in connection with his claims for false and deceptive practices, fraud and conspiracy, and fraudulent transactions, he has not alleged the circumstances constituting fraud with the particularity required by Federal Rule of Civil Procedure 9(b).  Nor has he alleged reliance on the alleged fraudulent statements or conduct.  Both flaws require dismissal.

To assert a claim for fraud or intentional misrepresentation, a plaintiff must allege: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud, that is, to induce reliance; (4) justifiable reliance; and (5) resulting damage. *In re Napster, Inc. Copyright Litigation*, 479 F.3d 1078, 1096 (9th Cir. 2007).  A plaintiff cannot satisfy his pleadings obligations through vague references to these elements.  Instead, Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity."  In practical terms, the Complaint must state "the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation"; where the "manner, content or medium of the alleged misrepresentations is not specified," the court should dismiss. *Misc. Serv. Workers, Drivers & Helpers v. Philco-Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981); *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995).

Blomquist's Complaint does not come close to satisfying Rule 9(b).  For each purportedly fraudulent statement, Blomquist must "set forth what is false and misleading about [the] statement,

DAVIS WRIGHT TREMAINE LLP

7

and why it is false," as well as why the statement was "untrue or misleading when made." *Fecht*, 70 F.3d at 1082 (citation omitted). But the Complaint does not state *any* specific statements or conduct by WAMU; to whom they were made; when they were made; where they were made; what was false about any such statements or conduct; or why they were false. Nor does the Complaint allege that Blomquist relied, justifiably or otherwise, on WAMU's allegedly false statements or conduct and suffered damage. *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.,* 397 F.3d 1217, 1234 (9th Cir. 2005). For these reasons, the Court should dismiss all of Blomquist's claims sounding in fraud, including the First, Third and Sixth Causes of Action.

### D. Blomquist Has Not Provided a Short and Plain Statement of His Claim for Relief.

Blomquist's convoluted 40-page Complaint violates Rule 8, which requires a "short and plain" statement showing plaintiff's entitlement to relief. Fed. R. Civ. P. 8. Blomquist's Complaint consists of rambling diatribe, narrative, legal arguments, and excerpts from immaterial websites and other sources. Blomquist's complete failure to conform to Rule 8's "short and plain" statement requires dismissal. *See Jacobson v. Schwarzenegger*, 226 F.R.D. 395 (C.D. Cal. 2005).

## IV.   CONCLUSION

WAMU therefore requests that the Court dismiss all claims set forth in Blomquist's Complaint with prejudice.

Respectfully submitted this 12th day of May, 2008.

        DAVIS WRIGHT TREMAINE LLP

        By /s/ *Stephen M. Rummage*
           Stephen M. Rummage, *pro hac vice*
           Martin Fineman (Cal. Bar No. 104413)
           Sam N. Dawood (Cal. Bar No. 178862)

        Attorneys for Defendants Washington Mutual, Kerry K. Killinger, and Joseph W. Saunders

DAVIS WRIGHT TREMAINE LLP