MICHAEL J. STEINER (State Bar No. 112079)
mjs@severson.com
ERIK KEMP (State Bar No. 246196)
ek@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
WELLS FARGO & COMPANY and
PATRICIA R. CALLAHAN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL BLOMQUIST, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WASHINGTON MUTUAL, a Washington corporation; KERRY K. KILLINGER; JOSEPH W. SAUNDERS; COUNTRYWIDE HOME LOANS, INC., a Delaware corporation; ANGELO MOZILLO; WACHOVIA CORPORATION, a North Carolina corporation; KEN THOMPSON; CITIGROUP, a Delaware corporation; SANFORD WEIL; CHARLES PRINCE; GOLDMAN SACHS GROUP INC., a Delaware corporation; HENRY PAULSON; BEAR STEARNS COMPANIES, INC., a Delaware corporation; JAMES CAYNE; THE MCGRAW HILL COMPANY, INC., a Delaware corporation; HAROLD MCGRAW III; WELLS FARGO & COMPANY, a Delaware corporation; PATRICIA R. CALLAHAN; HERBERT M. SANDLER; ROCK HOLDINGS, INC., a Delaware corporation; EXPERIAN CORPORATION, a Delaware corporation; FIMALAC, INC., a Delaware corporation; MOODYS CORPORATION, a Delaware corporation; JAMES E. GILLERAN; JOHN M. REICH; JOHN D. HAWKE, JR., JOHN C. DUGAN; SUSAN SCHMIDT BIES; DONALD E. POWELL; SHEILA C. BAIR, <br><br> Defendants. | Case No.: C07-04108 JF (HRL) <br><br> **WELLS FARGO & COMPANY AND PATRICIA R. CALLAHAN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [Fed. R. Civ. P., Rule 12(b)(6)]** <br><br> Hearing Date: July 11, 2008 <br> Time: 9:00 a.m. <br> Dept.: Courtroom 3 <br> Judge: Hon. Jeremy Fogel <br> Complaint Date: September 10, 2007 <br> Trial Date: Not Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 11, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Department 3 of the above-entitled Court, located at 280 South First Street, San Jose, CA 95113, the Honorable Jeremy Fogel presiding, defendants Wells Fargo & Company and Patricia R. Callahan will and hereby do move for an order dismissing plaintiff Michael Blomquist's first amended complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is made pursuant to Rules 12(b)(6), 8(a)(2), and 8(d)(1) of the Federal Rules of Civil Procedure and is based on the following grounds: (1) plaintiff lacks standing to pursue his purported claims against Wells Fargo and Callahan; (2) plaintiff can not recover under statutes for which there is no private right of action; (3) plaintiff has failed to state a claim upon which relief can be granted against Wells Fargo or Callahan under Rules 12(b)(6) and 8(a)(2) of the Federal Rules of Civil Procedure; and 4) plaintiff has failed to plead all averments in a "simple, concise, and direct" manner, as required by Rule 8(d)(1) of the Federal Rules of Civil Procedure.

This motion is based on this notice of motion and motion, the memorandum of points and authorities that follows, the pleadings and records on file in this action, and upon such other oral and documentary evidence that may be presented at the hearing on this motion.

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

I. INTRODUCTION ...............................................................................................................1

II. ISSUES TO BE DECIDED .................................................................................................2

III. STATEMENT OF RELEVANT FACTS ............................................................................2

IV. LEGAL ARGUMENT .........................................................................................................4

    A. Standard of Review. ................................................................................................4

    B. Plaintiff Lacks Standing Under Article III. .............................................................4

        1. Plaintiff Does Not Plead That He Has Suffered an Injury in Fact. ..................................................................................................5

        2. Even If Plaintiff Had Adequately Pleaded an Injury in Fact, He Fails to Plead that Any Such Injury Was Caused by Wells Fargo or Callahan. ............................................................6

        3. Plaintiff Fails to Plead Any Injury that Can Be Redressed by this Court. ...................................................................................6

    C. Plaintiff Also Lacks Standing Under the UCL. .......................................................7

    D. There is No Private Right of Action for Most of the Statutory Violations Plaintiff Alleges. ....................................................................................8

    E. Assuming that Plaintiff Has Standing, Plaintiff Still Fails to State A Claim Against Wells Fargo or Callahan That Would Entitle Him to Any Relief. ...............................................................................................12

    F. The Complaint Should Be Dismissed For Failing to Plead Averments That Are "Simple, Concise, and Direct." ............................................13

V. CONCLUSION ..................................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*American Airlines v. Christensen,* 967 F.2d 410 (10th Cir 1992) .................................................. 11

*Balisteri v. Pacifica Police Dep't,* 901 F.2d 696 (9th Cir. 1988) ...................................................... 4

*Bell Atlantic v. Twombly,* --- U.S.---,---, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ............. 12, 13

*Bell Health-Mor, Inc.,* 549 F.2d 342 (5th Cir. 1977) ......................................................................... 9

*Cahill v. Liberty Mutual Insurance Co.,* 80 F.3d 336 (9th Cir. 1996) ......................................... 1, 4

*Carlson v. Coca-Cola Co.,* 483 F.2d 279 (9th Cir. 1973) ................................................................ 11

*Cetacean Cmty. v. Bush,* 386 F.3d 1169 (9th Cir. 2004) .................................................................. 5

*Chyrsler Corp. v. Brown,* 441 U.S. 281 (1979) ................................................................................. 9

*Conley v. Gibson,* 355 U.S. 41 (1957) .............................................................................................. 12

*Cort v. Ash,* 422 U.S. 66 (1979.) ................................................................................................. 9, 11

*D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447 (1942) .................................................................. 11

*Daviditis v. National Bank of Matoon,* 262 F.2d 884 (7th Cir. 1959) ............................................ 10

*Dreisbach v. Murphy,* 658 F.2d 720 (9th Cir. 1981) ....................................................................... 11

*Dugar v. Coughlin,* 613 F. Supp. 849 (S.D.N.Y. 1983) .................................................................. 10

*Englander Motors, Inc. v. Ford Motor Co.,* 293 F.2d 802 (6th Cir. 1961) .................................... 12

*Epstein v. Wash. Energy Co.,* 83 F.3d 1136 (9th Cir. 1996) ........................................................... 13

*Ex parte Le vitt,* 302 U.S. 633 (1937) ................................................................................................ 6

*Fed. Sav. and Loan Ins. Corp. v. Reeves,* 816 F.2d 130 (4th Cir. 1987) ........................................ 10

*Federal Trade Commission v. Klesner,* 280 U.S. 19 (1929) .......................................................... 11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc.,* 528 U.S. 167 .................................. 5

*Fulton v. Hecht,* 580 F.2d 1243 (5th Cir. 1978) .............................................................................. 11

*Hearn v. R.J. Reynolds Tobacco Co.,* 279 F. Supp. 2d 1096 (D.Ariz. 2003) ................................... 4

*Lamont v. Haig,* 539 F. Supp. 552 (D.S.D. 1982) ........................................................................... 10

*Legal Aid Soc'y of Hawaii v. Legal Services Corp.,* 145 F.3d 1017 (9th Cir. 1998) ....................... 6

*Lode v. Leonardo,* 557 F. Supp. 675 (N.D.Ill. 1982) ...................................................................... 12

*Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992) ............................................................. 5, 6

*Manufactured Home Communities Inc. v. City of San Jose,*
    420 F.3d 1022 (9th Cir. 2005) ............................................................................................ 4

*McHenry v. Renne,* 84 F.3d 1172 (9th Cir. 1996) ................................................................ 13, 14

*Milgrom v. Burstein,* 374 F. Supp. 2d 523 (E.D.Ky. 2005) ....................................................... 10

*Napper v. Anderson, Henley, Shields, Bradford and Pritchard,*
    500 F.2d 634 (5th Cir. 1974) ............................................................................................... 9

*Nashville Milk Co. v. Carnation Co.,* 355 U.S. 373 (1958) ....................................................... 12

*National Ass'n for Advancement of Psychoanalysis v. California Bd. of Psychology,*
    228 F.3d 1043 (9th Cir. 2000) ............................................................................................. 4

*Northwest Airlines, Inc. v. Transport Workers,* 451 U.S. 77 (1981) ........................................... 9

*Olympia Capital Corp. v. Newman,* 276 F. Supp. 646 (C.D.Cal. 1967) .................................... 10

*Park Nat. Bank of Chicago v. Michael Oil Co.,* 702 F. Supp. 703 (N.D. Ill. 1989) .................... 10

*Rapaport v. Republic of Mexico,* 619 F. Supp. 1476 (D.D.C. 1985) .......................................... 10

*Rockefeller v. United States Court of Appeals Office for the Tenth Circuit Judges,*
    248 F. Supp. 2d 17 (D. D.C. 2003) .................................................................................... 10

*Ryan v. Ohio Edison Co.,* 611 F.2d 1170 (6th Cir. 1979) ...................................................... 9, 10

*Safeway Stores v. Vance,* 355 U.S. 358 (1958) .......................................................................... 12

*Salahuddin v. Cuomo,* 861 F.2d 40 (2d Cir. 1988) .................................................................... 14

*Scattered Corp. v. Chicago Stock Exchange, Inc.,* 98 F.3d 1004 (7th Cir. 1996) ...................... 12

*Schlesinger v. Reservists to Stop the War,* 418 U.S. 208 (1974) ................................................. 6

*Sierra Club v. Morton,* 405 U.S. 727 (1972) ............................................................................... 5

*Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26 (1976) ................................ 6, 7

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002) .................................................................... 4

*Thompson v. Thompson,* 484 U.S. 174 (1988) ............................................................................ 9

*Touche Ross & Co. v. Redington,* 442 U.S. 560 (1979) .............................................................. 8

*United States v. Richardson,* 418 U.S. 166 (1974) ...................................................................... 6

*Warth v. Selding,* 422 U.S. 490 (1975) ..................................................................................... 5, 6

*Wisdom v. First Midwest Bank,* 167 F.3d 402 (8th Cir. 1999) .................................................... 9

**STATE CASES**

*Californians for Disability Rights v. Mervyn's LLC,* 39 Cal. 4th 223 (2006) ..................7

*Hall v. Time, Inc.* (2008) 158 Cal. App. 4th 847 (2008) ..................8

*Joaquin v. Geico Gen. Ins. Co., No. C 07-3259 JSW,* 2008 WL. 53150 (N.D. Cal. Jan. 2, 2008) ..................8

**STATUTES AND RULES**

United States Code

    Title 12
        Section 1828 ..................9, 12

    Title 15
        Section 13a ..................1, 9, 11, 12
        Section 41 ..................1, 11
        Section 45(b) ..................11
        Section 52 ..................9, 11
        Section 57a ..................9
        Section 78k-1 ..................9, 12

    Title 18
        Section 350(c)(2) ..................11
        Section 371 ..................9, 10
        Section 1005 ..................9, 10
        Section 1007 ..................9, 11
        Section 1014 ..................9, 10
        Section 1341 ..................9
        Section 1343 ..................9
        Section 1344 ..................9, 10
        Section 1348 ..................9, 11
        Section 1349 ..................9, 11
        Section 1350 ..................9, 11

California Business & Professions Code
        Section 17200 ..................7
        Section 17204 ..................7

Federal Rules of Civil Procedure
        Rule 8 ..................2, 12, 13, 14
        Rule 12(b)(6) ..................1, 2, 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Michael Blomquist thinks he knows what caused the subprime market downturn, and he wants everyone else to know it, too. Through this lawsuit, he aims to turn this Court into the forum for his crusade. The fundamental problem for plaintiff is that he has suffered no harm, and therefore has no standing to drag the financial institutions and executives named as defendants in this case into this Court. Wells Fargo & Company and Patricia R. Callahan, two of those defendants, hereby move to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Although replete with defects, plaintiff's first amended complaint suffers from four primary flaws. First, plaintiff asserts only a generalized grievance with the mortgage lending industry, not a discrete case or controversy that this Court can adjudicate. He complains about the loans that others obtained, but does not allege that he took out any loans himself. He contends that others were duped by the defendants' alleged misrepresentations, but not that he was fooled. Plaintiff has suffered no injury. And even if he had, he fails to establish that Wells Fargo or Callahan, both of whom are hardly even mentioned in his complaint, did anything that caused that injury. He therefore lacks standing under any applicable standard—whether it be Article III of the United States Constitution, or the Unfair Competition Law, Cal. Bus & Prof. Code § 17200 *et seq.*—and his complaint should be dismissed.

Second, plaintiff has charged the defendants with various statutory violations that he has no right to enforce. Plaintiff has asserted everything but the kitchen sink—he claims that the defendants violated the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.*, the Robinson-Patman Act, 15 U.S.C. § 13a, and even several criminal statutes in Title 18. But it is settled that there is no private right of action for these statutes and many others. Hence, most of plaintiff's claimed statutory violations fail as matter of law.

Third, even if the Court were to find plaintiff has standing to pursue some of his claims, plaintiff has simply failed to explain what Wells Fargo or Callahan did wrong—and is therefore not entitled to any relief. Although the complaint is 40 pages long, plus exhibits—and thus

- 1 -

nowhere near the "short and plain statement" required by the Federal Rules—there are only passing references to Wells Fargo and Callahan. Plaintiff's conclusory allegations that the "defendants" conspired to commit various amorphous wrongs are plainly insufficient under Rule 8 of the Federal Rules of Civil Procedure. Because plaintiff has failed to give Wells Fargo or Callahan fair notice of what his claims against them are, his complaint should be dismissed.

Finally, even if the court were to find that plaintiff has standing and that he has asserted a viable claim, his complaint should still be dismissed for failure to plead all averments in a "simple, concise, and direct" manner as required by the Rule 8(d)(1) of the Federal Rules of Civil Procedure. Plaintiff has filed a pleading that is a "complaint" in name only; it is a prolix and redundant polemic against mortgage lending. Assuming there is a "simple, concise, and direct" claim buried within plaintiff's treatise, Wells Fargo, Callahan, and the Court should not be burdened with searching for it. This, too, requires that plaintiff's complaint be dismissed.

For all these reasons, Wells Fargo and Callahan respectfully request that the Court grant their motion to dismiss for failure to state a claim upon which relief can be granted.

## II.    ISSUES TO BE DECIDED

The following issues are to be decided on this motion:

(1)    Whether plaintiff lacks standing to pursue his purported causes of action;

(2)    Whether a private right of action exists for plaintiff's claims;

(3)    Whether plaintiff has failed to state a claim upon which relief can be granted against Wells Fargo or Callahan; and

(4)    Whether plaintiff's complaint should be dismissed for failure to plead "simple, concise, and direct" averments as required by Rule 8(d)(1) of the Federal Rules of Civil Procedure.

## III.    STATEMENT OF RELEVANT FACTS

Plaintiff's complaint pays scant attention to Wells Fargo or Callahan. In fact, the complaint's focus rests not on Wells Fargo, Callahan, or the other defendants, but instead on plaintiff—a mortgage broker and the sole owner of Michael Scott Properties, Inc.—and his many theories on mortgage lending. Compl., ¶ 2. Plaintiff claims he has been individually restrained

- 2 -

from his work "because of legal, fiduciary, ethical, and moral conflicts." *Id.* at ¶ 4.  Although not entirely clear, the thrust of this theory is apparently that the defendants have collectively engaged in various illegal or otherwise wrongful acts that have, for some reason, restrained plaintiff from acting as a mortgage broker.  See *id.* at ¶¶ 3-5, 47, 52, 56, 60, 63.

But plaintiff does not allege that Wells Fargo or Callahan committed any of these wrongs.  Wells Fargo is allegedly incorporated under the laws of Delaware.  Compl., ¶ 16.  Callahan is allegedly the executive vice president of compliance and risk management for Wells Fargo.  Compl., ¶ 16a.  After identifying Wells Fargo and Callahan, the complaint never refers to either individually again.  Instead, the complaint lumps Wells Fargo and Callahan together with other defendants in groups.  Wells Fargo is one of the "Lender" defendants.[1]  Compl., ¶ 33.  Callahan is one of the "Executive" defendants.[2]  *Id.*

But the complaint makes little mention of the "Lenders" or "Executives" as discrete groups either.  Plaintiff alleges in conclusory fashion that the Lenders somehow engaged in some sort of fraud in originating or advertising their loans.[3]  See Compl., ¶¶ 48, 51.  Plaintiff does not allege that any Wells Fargo representatives, including Callahan, made any fraudulent representations or engaged in any wrongful conduct.  See Compl.  Nor does he allege that he obtained any loans originated by Wells Fargo, or that he in anyway relied on any representations by Wells Fargo.  See *id.*  In fact, plaintiff expressly alleges that he did not rely on the purported misrepresentations, as he has been attempting to contact the "defendants" for years to complain about the mortgage lending industry.  Compl., ¶ 4.

The "Executives" are mentioned even less than the Lenders.  In fact, not until the prayer for relief—some 23 pages after the group is defined—is the group specifically mentioned again.

---

[1] The other "Lenders" are co-defendants Washington Mutual, Wachovia Corporation, Countrywide Home Loans, Inc., and Rock Holdings, Inc.  Compl., ¶ 33.

[2] The other "Executives" are co-defendants Kerry K. Killinger, Joseph W. Saunders, Angelo Mozillo, Ken Thompson, Sanford Weill, Charles Prince, Henry Paulson, James Cayne, and Herbert M. Sandler."  Compl., ¶ 33.

[3] For example, plaintiff alleges that the Lenders violated applicable law by "advertising, publishing, distributing, broadcasting, causing or permitting to be advertised, published, distributed, or broadcast, untrue or misleading statements . . ."  Compl., ¶ 51

Compl., Prayer, ¶¶ 3, 7.  When they are mentioned, it is only in plaintiff's request that they "be disgorged by [sic] all unlawful profits," and that they be "immediately demote[d] or remove[d]" from their current positions.  *Id.*  Plaintiff does not allege that Callahan or the "Executives" committed any wrongful acts as individuals.  See Compl.

Plaintiff's complaint also indicates that he purchased some securities that declined in value.  Compl., at ¶¶ 6, 69.  Plaintiff "realizes that he was not forced to buy the securities," but he nonetheless blames the defendants for his losses.  *Id.*  Plaintiff alleges he purchased other defendants' securities, but does not allege he purchased any Wells Fargo securities.  See Compl., ¶ 69.

## IV. LEGAL ARGUMENT

### A. Standard of Review.

On a motion to dismiss, the court must accept as true all material allegations in the complaint.  *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 338 (9th Cir. 1996).  The court need not accept as true, however, unreasonable inferences, unwarranted deductions of fact, or conclusory allegations of law cast as factual allegations.  *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1035 (9th Cir. 2005); *National Ass'n for Advancement of Psychoanalysis v. California Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000).

A motion to dismiss should be granted when there are insufficient facts to support a cognizable legal theory or a cognizable legal theory is lacking.  *Balisteri v. Pacifica Police Dep't*, 901 F. 2d 696, 699 (9th Cir. 1988).  To survive a motion to dismiss, a complaint must "put defendants fairly on notice of the claims against them."  *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F.Supp.2d 1096, 1101 (D.Ariz. 2003).  When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," the court should dismiss the complaint.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  Here, it is clear that plaintiff's complaint should be dismissed for several independent reasons.

### B. Plaintiff Lacks Standing Under Article III.

Plaintiff has failed to plead any concrete case or controversy with Wells Fargo or Callahan that can be resolved by this Court.  Standing is "the threshold question in every federal case," and

- 4 -

determines the power of the Court to entertain the suit.  *Warth* v. *Selding*, 422 U.S. 490, 498 (1975).  Constitutional standing consists of three irreducible elements:  1) injury in fact; 2) causation; and 3) redressability.  *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  The plaintiff bears the burden of establishing each of these elements.  *Id.* at 561.  Plaintiff has failed to meet this burden.

### 1.     Plaintiff Does Not Plead That He Has Suffered an Injury in Fact.

To show that there is a justiciable "case or controversy" under Article III of the United States Constitution, a plaintiff must demonstrate that he "has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  *Friends of the Earth, Inc.* v. *Laidlaw Envtl. Sys. (TOC), Inc.*, 528 U.S. 167, 180-181; *Cetacean Cmty.* v. *Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).  Further, "the 'injury in fact' test requires more than an injury to a cognizable interest.  It requires that the party seeking review be himself among the injured."  *Sierra Club* v. *Morton*, 405 U.S. 727, 734-35 (1972).

Here, plaintiff does not purport to have suffered an injury in fact that is concrete and particularized, or actual or imminent.  Although plaintiff complains *ad nauseam* about the recent credit market downturn, he only alleges that it injured other persons, not him.[4]  That is, plaintiff does not allege that he was induced to take out a bad loan, or that he relied on the defendants' purported misrepresentations.  To the contrary, plaintiff is immensely proud that he was not duped by the alleged fraud, and has apparently been writing and contacting the "defendants" for years to prove he was not fooled.  Compl., ¶ 4, Ex. A, B and C.[5]

In short, plaintiff is only asserting a generalized grievance about the effect of the market downturn on society as a whole.  He has not alleged that he suffered an injury in fact.  As the

---

[4] "Against Plaintiffs' [sic] advice and Plaintiffs' unwillingness to commit unlawful acts; [sic] Plaintiffs' clients, referrals and prospective clients were enticed to and transacted business with the Defendants.  During the course of business these borrowers were coerced to participate in unlawful acts, omissions and fraudulent statements to purchase over-priced, unaffordable homes. . . ."  Compl., ¶ 5.

[5] "MB [plaintiff] has written numerous letters and emails, filed complaints and placed phone calls to many of the Defendants warning of the abuses; including but not limited to (Exhibits A, B & C)."  Compl., ¶ 4.

- 5 -

Supreme Court has repeatedly held, when the asserted harm is a "generalized grievance" shared by a large class of citizens, "that harm alone normally does not warrant exercise of jurisdiction." *Warth*, 422 U.S. at 499; *Schlesinger* v. *Reservists to Stop the War*, 418 U.S. 208, 221-227 (1974); *United States* v. *Richardson*, 418 U.S. 166, 188-97 (1974); *Ex parte Le vitt*, 302 U.S. 633, 634 (1937). Because plaintiff has not alleged that he suffered an injury in fact, he lacks standing to bring this claim.

### 2. Even If Plaintiff Had Adequately Pleaded an Injury in Fact, He Fails to Plead that Any Such Injury Was Caused by Wells Fargo or Callahan.

Even if plaintiff could establish injury in fact—which he cannot—he still has no standing because he does not allege that his purported injury is fairly traceable to Wells Fargo or Callahan's conduct. *Lujan*, 504 U.S. at 560; *Legal Aid Soc'y of Hawaii* v. *Legal Services Corp.*, 145 F.3d 1017, 1030 (9th Cir. 1998). In fact, plaintiff does not allege that Wells Fargo or Callahan did anything at all, let alone explain how their unidentified conduct could have caused his unspecified injuries.

Plaintiff does not plead that he had a business relationship with Wells Fargo or Callahan, or that he obtained a mortgage from Wells Fargo or Callahan. Nor does he allege that Wells Fargo or Callahan made any statements—fraudulent or otherwise—that caused him to take any action or that led to any conduct that caused him injury. Further, unlike some of the other named defendants, plaintiff does not even allege that he purchased Wells Fargo securities that declined in value. Compl., ¶ 69. Simply, plaintiff fails to allege any possible connection between himself and Wells Fargo or Callahan. Accordingly, plaintiff also fails to satisfy this necessary element of standing.

### 3. Plaintiff Fails to Plead Any Injury that Can Be Redressed by this Court.

Finally, even if plaintiff were able to show that he has suffered an injury that can be traced to Wells Fargo and Callahan's actions—which he cannot—he still lacks standing because he fails to show that it is "'likely' as opposed to merely 'speculative' that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561; citing *Simon* v. *Eastern Ky. Welfare Rights*

- 6 -

1  *Organization*, 426 U.S. 26, 41-42, (1976).  A court only has authority to redress an injury fairly
2  traceable to the challenged conduct of the defendant, "not injury that results from the independent
3  action of some third party not before the court."  *Simon*, 426 U.S. at 41-42.

4        Here, plaintiff's asserted injury—the alleged damage to society as a whole caused by
5  mortgage lending practices—cannot be redressed by this Court.  What plaintiff is seeking is a
6  fundamental restructuring of the mortgage lending industry.  But this Court cannot take on this
7  sort of wholesale reform.  For example, this Court simply cannot enter an injunction that
8  "protect[s] against restraint of trade and prudent public policy," as plaintiff desires.  Compl.,
9  Prayer, ¶ 1.  The mortgage lending industry is enormous.  It includes important players, both
10  private and public, far beyond even the many defendants that plaintiff has named here.  Any
11  injunction issued here would fail to affect the substantial reform plaintiff seeks because there are
12  too many absent parties.

13        Nor can the Court award plaintiff $10 million to fund a non-profit corporation that he
14  intends to run to assist "defaulting homeowners" and "troubled lenders." (Compl., Prayer, ¶ 4.)
15  Again, plaintiff's requested remedy reveals that he, individually, has suffered no harm, but
16  instead is attempting to bring about substantial economic and social change through this case.  It
17  is not merely "unlikely" that this Court could fashion a remedy to accomplish this reform, it is in
18  fact impossible.  For all these reasons, plaintiff's complaint should be dismissed for lack of
19  standing under Article III.

20        **C.**    **Plaintiff Also Lacks Standing Under the UCL.**

21        Apparently, plaintiff also endeavors to assert claims under California's Unfair
22  Competition Law, Cal. Bus & Prof. Code, § 17200 *et seq*.  See Compl., ¶¶ 50, 54.  It is clear,
23  however, that the UCL provides plaintiff no special foundation to assert his generalized
24  grievances in this Court.  Accordingly, to the extent the Court construes plaintiff's claim as
25  arising under the UCL, it should still be dismissed for lack of standing.

26        After the passage of Proposition 64, a UCL claimant only has standing if he has:
27  1) "suffered injury in fact" and 2) "has lost money or property as a result of such unfair
28  competition."  Cal. Bus. & Prof. Code § 17204; see *Californians for Disability Rights v. Mervyn's*

- 7 -

1  *LLC*, 39 Cal.4th 223, 227 (2006); *Joaquin* v. *Geico Gen. Ins. Co.*, No. C 07-3259 JSW, 2008 WL
2  53150 (N.D. Cal. Jan. 2, 2008) (noting that the purpose of Proposition 64 was to prohibit unfair
3  competition lawsuits where there had been no injury in fact under Article III's standing
4  requirements.).)  The phrase "as a result" means that the alleged unfair competition must cause
5  the plaintiff to lose money or property.  *Hall v. Time, Inc.* (2008) 158 Cal.App.4th 847, 855
6  (2008).  Accordingly, if a UCL plaintiff does not suffer "an injury in fact caused by, or in
7  justifiable reliance on, the alleged acts of unfair competition," then he does not have standing.  *Id.*
8  at 859.

9  The above analysis of Article III standing is equally applicable here.  Again, plaintiff
10 simply cannot show that he has suffered any injury in fact.  He does not allege that he obtained an
11 "unfair" loan from Wells Fargo, or that he relied on any misrepresentations by Wells Fargo or
12 Callahan.  Rather, he only alleges in conclusory fashion that others were injured by the
13 "defendants'" purported unfair conduct.  This sort of generalized grievance is inadequate to
14 confer standing under the UCL.

15 Even if plaintiff had suffered an injury in fact, he does not allege that Wells Fargo or
16 Callahan's alleged acts of unfair competition caused him any harm.  Again, plaintiff actually
17 alleges the opposite—that he was not misled by the purported misrepresentations, and that he
18 tried to warn others of the "defendants'" supposed wrongs.  See e.g., Compl, ¶ 4.  Accordingly,
19 plaintiff has no standing under the UCL either, and all of his claims should be dismissed.

20
21      **D.   There is No Private Right of Action for Most of the Statutory Violations Plaintiff Alleges.**

22 Several of plaintiff's scattershot allegations of statutory violations fail for an additional
23 reason:  there is no private right of action to enforce them.  In determining whether a statute
24 provides a private remedy, the "central inquiry [is] whether Congress intended to create, either
25 expressly or by implication, a private cause of action."  *Touche Ross & Co. v. Redington*, 442
26 U.S. 560, 575 (1979).  If the statute does not expressly provide for a private right of action, the
27 court must determine whether Congress nonetheless implicitly intended to create one.  *Northwest*
28 *Airlines, Inc. v. Transport Workers*, 451 U.S. 77, 90-91 (1981).  "Unless this congressional intent

can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Thompson v. Thompson*, 484 U.S. 174, 179 (1988), internal citations omitted. Here, plaintiff seeks to invoke several federal statutes that he plainly has no right to enforce.[6]

Most obviously, plaintiff seeks to challenge "defendants'" compliance with numerous criminal statutes found in Title 18. Of course, criminal law is enforced by the government, not private individuals. Hence, as the Supreme Court has recognized, a private right of action is "rarely implied" under a criminal statute. *Chyrsler Corp. v. Brown*, 441 U.S. 281, 316 (1979). In those few instances where a criminal statute was found to imply a private right of action, there was a clear "statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1979.) By contrast, the typical "bare criminal statute, with absolutely no indication that civil enforcement of any kind [i]s available to anyone," does not confer a private right of action. *Id.* None of the criminal statutes plaintiff cites are the rare exceptions that grant private citizens a right of enforcement.

For example, plaintiff claims that the "defendants" violated the mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343. Compl., ¶¶ 50, 54, 62. Three Circuits have expressly held, however, that "Congress did not intend to create a private right of action in enacting either the mail or wire fraud statutes." *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999); see also *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178 (6th Cir. 1979); *Bell Health-Mor, Inc.* 549 F.2d 342, 346 (5th Cir. 1977); *Napper v. Anderson, Henley, Shields, Bradford and Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974), *cert. denied*, 423 U.S. 837. In fact, as far as Wells Fargo and Callahan are aware, "no court has interpreted the statute[s] to imply a civil remedy." *Ryan*, 611 F.2d at 1178.

Similarly, plaintiff also alleges that the "defendants" violated the bank fraud statute, 18 U.S.C. § 1344. (Compl., ¶¶ 50, 54, 62.) But again, every decision on record has held that there is

---

[6]Specifically, there is no private right of action for any of these statutes: 18 U.S.C. §§ 371, 1005, 1007, 1014, 1341, 1343, 1344, 1348, 1349, 1350(b), 15 U.S.C. §§ 13a, 52, 57a, 78k-1, and 12 U.S.C. § 1828.

- 9 -

1  no private right of action under this statute. *Milgrom v. Burstein*, 374 F.Supp.2d 523, 529
2  (E.D.Ky. 2005); *Park Nat. Bank of Chicago v. Michael Oil Co.*, 702 F.Supp. 703, 704 (N.D. Ill.
3  1989). Because a comparable civil cause of action for fraud already exists, there is "no need to
4  create a new federal remedy by employing a private right of recovery under th[is] criminal
5  statute[]." *Park Nat. Bank of Chicago*, 702 F.Supp. at 704.

6        The result is the same with plaintiff's allegation that the "defendants" engaged in a
7  conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Compl., ¶ 54, 62. "It is
8  clear that no private right of action can exist under 18 U.S.C. § 371." *Rapaport v. Republic of*
9  *Mexico*, 619 F.Supp. 1476, 1480 (D.D.C. 1985); see also *Lamont v. Haig*, 539 F.Supp. 552, 558
10 (D.S.D. 1982); *Rockefeller v. United States Court of Appeals Office for the Tenth Circuit Judges*,
11 248 F.Supp.2d 17, 23 (D. D.C. 2003); *Dugar v. Coughlin*, 613 F.Supp. 849, 852, n. 1 (S.D.N.Y.
12 1983).

13       And it also clear that plaintiff has no right to pursue enforcement of 18 U.S.C. § 1014,
14 which prohibits making false statements that overvalue property. Compl., ¶¶ 54, 62. Yet again,
15 the reported decisions are unanimous: there is no private right of action for violations of this
16 section. *Fed. Sav. And Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir. 1987); *Olympia*
17 *Capital Corp. v. Newman*, 276 F.Supp. 646, 657 (C.D.Cal. 1967); *Park Nat. Bank of Chicago*,
18 702 F.Supp. at 704.

19       Plaintiff also cannot enforce 18 U.S.C. § 1005, which prohibits, *inter alia*, a bank from
20 making false entries in any book, report, or statement. Compl., ¶¶ 54, 62. As the Seventh Circuit
21 has held, this criminal statute "in no way confer[s] jurisdiction as to [sic] civil controversies…"
22 *Daviditis v. National Bank of Matoon*, 262 F.2d 884, 886 (7th Cir. 1959).

23       Of course, given the sheer number of criminal statutes plaintiff invokes, courts have not
24 expressly addressed the implied private right of action question for each statute at issue. But even
25 where it has not been resolved, there is no reason to depart from the rule that the typical criminal
26 statute engenders no private right of action. *Cort v. Ash*, 422 U.S. at 79.

27       For example, plaintiff alleges that the "defendants" violated 18 U.S.C. § 1007, which
28 prohibits making false statements to the Federal Deposit Insurance Corporation. Compl., ¶¶ 54,

1  62. Nowhere does this spare statute suggest that plaintiff, a private citizen and former mortgage
2  broker, should have a right to enforce a criminal statute regulating fraud perpetrated on the FDIC.
3  Indeed, the very purpose of the statute is to protect the FDIC, not plaintiff or other private
4  citizens. See *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 460-462 (1942). Only the FDIC
5  can prosecute violations of this section; it does not need plaintiff's help.

6  Similarly, plaintiff also has no right to pursue his allegations that the "defendants"
7  violated the Sarbanes-Oxley Act, 18 U.S.C., §§ 1348, 1349, 1350(b). Compl., ¶¶ 50, 54. Among
8  other things, the Act requires that periodic financial statements filed with the SEC be certified.
9  18 U.S.C. § 1350(b). If these requirements are violated, then the Act provides only for criminal
10 penalties. 18 U.S.C. § 1350(c)(2). There is no mention of civil remedies, and there is no hint that
11 private enforcement would be allowed.

12 Plaintiff fares no better in his attempt to enforce violations of other federal statutes. For
13 example, plaintiff alleges that the "defendants" violated the Federal Trade Commission Act, 15
14 U.S.C. § 41 *et seq.* by disseminating false advertisements. Compl., ¶¶ 50, 54; citing 15 U.S.C.
15 § 52. As the Ninth Circuit has recognized, the FTC Act authorizes enforcement only by the FTC,
16 not private individuals. 15 U.S.C. § 45(b); *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th
17 Cir. 1973) (FTC Act "vests initial remedial power solely in the Federal Trade Commission.");
18 *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981). Hence, "there is no private cause of
19 action for violations of the FTC Act." *Fulton v. Hecht*, 580 F.2d 1243, 1248, n. 2 (5th Cir. 1978),
20 *cert denied*, 440 U.S. 981; see also *Federal Trade Commission v. Klesner*, 280 U.S. 19, 25-27
21 (1929); *American Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir 1992).

22 Likewise, plaintiff also has no right to enforce "defendants'" alleged violation of the
23 Robinson-Patman Act, 15 U.S.C. § 13a, which prohibits, *inter alia*, selling goods at unreasonably
24 low prices. Compl., ¶ 58. The Supreme Court has expressly held "that a private cause of action
25 does not lie" for alleged violations of 15 U.S.C. § 13a. *Nashville Milk Co. v. Carnation Co.*, 355
26 U.S. 373, 382 (1958); *Safeway Stores v. Vance*, 355 U.S. 358, 359 (1958); see also *Englander
27 Motors, Inc. v. Ford Motor Co.*, 293 F.2d 802, 803-04 (6th Cir. 1961).

28

Similarly, plaintiff has alleged that the "defendants" violated a litany of provisions in the Securities Exchange Act, including 15 U.S.C., § 78k-1, which generally concerns the regulation of a "national market system." Compl., ¶ 69. But enforcement of this section is expressly delegated to the Securities and Exchange Commission—and no one else. See e.g., 15 U.S.C., § 78k-1(b)(6) and (c)(3)(A). Therefore, there is no private remedy for individuals like plaintiff. *Scattered Corp. v. Chicago Stock Exchange, Inc.*, 98 F.3d 1004, 1006-1007 (7th Cir. 1996).

Finally, plaintiff also has no right to enforce alleged violations of 12 U.S.C. § 1828, which establishes various regulations for insured depository institutions. Compl., ¶ 54. Plaintiff does not explain how he believes the "defendants" violated this section, which regulates a wide variety of subject matter. But is of no import, as the only decision on record holds that Congress did not intend to imply a private cause of action through this section. *Lode v. Leonardo*, 557 F.Supp. 675, 678-680 (N.D.Ill. 1982).

In short, though plaintiff has attempted to overwhelm Wells Fargo, Callahan, and the other defendants with the shotgun approach, he cannot seek redress for most of the wrongs he asserts. This is yet another reason why plaintiff's so-called claims fail as a matter of law, and Wells Fargo and Callahan's motion to dismiss should be granted.

### E. Assuming that Plaintiff Has Standing, Plaintiff Still Fails to State A Claim Against Wells Fargo or Callahan That Would Entitle Him to Any Relief.

Even if the Court determines that plaintiff has standing to bring any of his deficient claims, the complaint still should be dismissed because plaintiff does not meet the most basic pleading requirement—a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. Rule 8(a)(2). As the Supreme Court recently reiterated, every complaint must, at a minimum, "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic* v. *Twombly*, --- U.S.---,---, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007); citing *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957). The "[p]laintiff's obligation to provide the 'grounds' of his 'entitlement' to relief requires more than labels and conclusions. . ." *Bell Atlantic*, 127 S. Ct. at 1964. The plaintiff must plead facts sufficient "to raise a right to relief above the speculative level." *Id.*

1  Here, plaintiff's complaint is not a short and plain statement, but instead a wordy and
2  incomprehensible polemic against the mortgage industry. Plaintiff fails to state the nature of his
3  grievance with Wells Fargo or Callahan, or explain why that grievance would entitle him to any
4  relief. Again, after identifying Wells Fargo and Callahan, plaintiff never mentions either
5  individually again. He does not allege that he had a business relationship with Wells Fargo or
6  Callahan, that he relied on any representations either might have made, or that he had any contact
7  with them at all. Because the complaint does not identify any particular wrong Wells Fargo or
8  Callahan have committed, they are forced to guess which of the many allegations targeted at the
9  "defendants" apply to them. This does not give Wells Fargo or Callahan "fair notice" of the
10 claims plaintiff purports to bring.

11 In short, Wells Fargo and Callahan are unable to discern any cognizable legal theory
12 asserted against them. Plaintiff's case against Wells Fargo and Callahan is apparently built solely
13 on "conclusory allegations of law and unwarranted inferences," both of which "are insufficient to
14 defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d
15 1136, 1140 (9th Cir. 1996). Plaintiff's complaint should therefore be dismissed for failure to state
16 a claim upon which relief can be granted.

17
18  **F.  The Complaint Should Be Dismissed For Failing to Plead Averments That Are "Simple, Concise, and Direct."**

19 Finally, assuming both that the Court finds plaintiff has standing and that he has stated a
20 cause of action, the complaint should still be dismissed for failing to plead all averments in a
21 "simple, concise, and direct" manner as required by the Federal Rules. Fed. R. Civ. P.,
22 Rule 8(d)(1). In the Ninth Circuit, the requirement that "each averment of a pleading [] be
23 'simple, concise, and direct' applies to good claims as well as bad, and is [a] *basis for dismissal*
24 *independent of Rule 12(b)(6).*" *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996), [*emphasis*
25 *added*]; citations omitted. "Something labeled a complaint but written more as a press release,
26 prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs
27 are suing for what wrongs, fails to perform the essential functions of a complaint." *Id* at 1180.
28 Such so-called complaints, which "impose unfair burdens on litigants and judges," should be

- 13 -

07725/0086/669626.1    Wells Fargo and Callahan's Rule 12(b)(6) Motion to Dismiss
Case No.: C07-04108 JF/HRL

dismissed. *Id.* at 1179; see also *Salahuddin* v. *Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (dismissal of complaint proper where it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.")

Here, plaintiff has presented a 40 page manifesto outlining his theories on mortgage lending, not a "simple, concise, and direct" statement of his claims against Wells Fargo, Callahan, and the other defendants. The complaint is redundant and excessive; it is filled with extraneous detail, yet lacking in relevant facts that support the conclusory legal allegations. It would be unfair not only to Wells Fargo, Callahan, and the other defendants, but also to the Court, to allow this action to proceed with plaintiff's complaint as the operative pleading. The other parties and this Court should not be forced to decipher the "simple, concise, and direct" claim buried within plaintiff's sprawling manuscript. Accordingly, plaintiff's complaint should be dismissed for failure to comply with Rule 8(d)(1) of the Federal Rules of Civil Procedure.

## V.   CONCLUSION

For all the foregoing reasons, the Court should dismiss plaintiff's complaint with prejudice as to Wells Fargo and Callahan for failure to state a claim upon which relief can be granted.

DATED: May 12, 2008                             SEVERSON & WERSON
                                                A Professional Corporation


                                                By:    /s/ Erik Kemp
                                                       Erik Kemp

                                                Attorneys for Defendant
                                                WELLS FARGO & COMPANY and PATRICIA R. CALLAHAN