JOHN B. SULLIVAN (State Bar No. 96742)
REGINA J. McCLENDON (State Bar No. 184669)
ERIK KEMP (State Bar No. 246196)
ek@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
THE BEAR STEARNS COMPANIES,
INC. and JAMES CAYNE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL BLOMQUIST & MICHAEL SCOTT PROPERTIES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON MUTUAL, a Washington corporation; KERRY K. KILLINGER; JOSEPH W. SAUNDERS; COUNTRYWIDE HOME LOANS, INC., a Delaware corporation; ANGELO MOZILLO; WACHOVIA CORPORATION, a North Carolina corporation; KEN THOMPSON CITIGROUP, a Delaware corporation; SANFORD WEILL; CHARLES PRINCE; GOLDMAN SACHS GROUP, INC., a Delaware corporation; HENRY PAULSON; BEAR STERNS COMPANIES, INC., a Delaware corporation; JAMES CAYNE; THE MCGRAW HILL COMPANY, INC., a Delaware corporation; HAROLD MCGRAW III; WELLS FARGO & COMPANY, a Delaware corporation; PATRICIA R. CALLAHAN; HERBERT M. SANDLER; ROCK HOLDINGS, INC., a Delaware corporation; EXPERIAN CORPORATION, a Delaware corporation; JAMES E. GILLERAN; JOHN M. REICH; JOHN D. HAWKE JR.; JOHN C. DUGAN; SUSAN SCHMIDT BIES; DONALD E. POWELL; SHEILA C. BAIR,<br><br>Defendants. | Case No.: C07-04108-JF<br><br>**DEFENDANT JAMES CAYNE'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>**[Fed R. Civ. P., Rule 12(b)(2)]**<br><br>Hearing Date:  July 11, 2008<br>Time:            9:00 a.m.<br>Dept.:           Courtroom 3<br>Judge:          Hon. Jeremy Fogel<br>Complaint Date:  September 10, 2007<br>Trial Date:      Not Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 11, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Department 3 of the above-entitled Court, located at 280 South First Street, San Jose, CA 95113, the Honorable Jeremy Fogel presiding, defendant James Cayne will and hereby does move for an order dismissing plaintiff Michael Blomquist's first amended complaint with prejudice as to Cayne pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

This motion is made pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and is based on the following grounds:  (1) Cayne is not subject to general jurisdiction in California; (2) Cayne is not subject to specific jurisdiction in California; and (3) even in Cayne were subject to specific jurisdiction in California, exercise of jurisdiction over Cayne in this matter would be constitutionally unreasonable.

This motion is based on this notice of motion and motion, the memorandum of points and authorities that follows, the Declaration of James Cayne, the pleadings and records on file in this action, and upon such other oral and documentary evidence that may be presented at the hearing on this motion.

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................................1

II.  STATEMENT OF FACTS ....................................................................................ii

    A.   The Complaint's Allegations...........................................................................ii

    B.   Facts Regarding Cayne's Contacts with California...................................iv

III. LEGAL ARGUMENT .........................................................................................v

    A.   Standard of Review and Burden of Proof......................................................v

    B.   Due Process Requires that Plaintiff Prove Cayne Has Sufficient
        Minimum Contacts With California, Not That Bear Stearns or
        Any Other Defendant Does. .........................................................................v

    C.   Cayne is Not Subject to General Jurisdiction in California. ....................vi

    D.   Cayne is Not Subject to Specific Jurisdiction in California. ...................vii

        1.   There Is No Purposeful Availment or Direction Here............................viii

            a.   No Purposeful Availment ...............................................................viii

            b.   No Purposeful Direction ..................................................................ix

        2.   Plaintiff's Claim Does Not Arise From Cayne's Forum-
            Related Activities. .............................................................................x

        3.   Exercise Of Jurisdiction Would Not Be Reasonable.................................xi

IV.  CONCLUSION ..................................................................................................xii

-11474/0075/664995.1

1

**TABLE OF AUTHORITIES**

2

**FEDERAL CASES**

Page(s)

3

*AT & T v. Compagnie Bruxelles Lambert,* 94 F.3d 586 (9th Cir. 1996) .........................................5

4

*Bancroft & Masters, Inc. v. Augusta National, Inc.,* 223 F.3d 1082 ........................................7. 10

5

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985) ........................................6, 7, 9

6

*Calder v. Jones,* 465 U.S. 783 (1984) ........................................6, 9, 10

7

*Club Car, Inc. v. Club Car (Quebec) Import, Inc.,* 362 F.3d 775 (11th Cir. 2004) ........................6

8

*Core-Vent Corp. v. Nobel Industries AB,* 11 F.3d 1482 (9th Cir. 1993)........................................12

9

*Data Disc, Inc. v. Sys. Tech. Assoc., Inc.,* 557 F.2d 1280 (9th Cir. 1977) ........................5, 11

10

*Davis v. Metro Productions, Inc.,* 885 F.2d 515 (9th Cir. 1989) ........................................6

11

*Dole Food Co., Inc. v. Watts,* 303 F.3d 1104 (9th Cir. 2002) ........................................9

12

*Gates Learjet Corp. v. Jensen,* 743 F.2d 1325 (9th Cir. 1984) ........................................7

13

*Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408 (1984)........................................5, 7

14

*Insurance Company of North America v. Marina Salina Cruz,*
    649 F.2d 1266 (9th Cir.1981)........................................11

15

16

*International Shoe Co. v. Washington,* 326 U.S. 310 (1945) ........................................6

*Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770 (1984) ........................................6

17

*Lake v. Lake,* 817 F.2d 1416 (9th Cir. 1987)........................................8

18

*Mattel, Inc. v. Greiner & Hausser GmbH,* 354 F.3d 857 (9th Cir. 2003)........................................11

19

*Myers v. Bennett Law Offices,* 238 F.3d 1068 (9th Cir. 2001)........................................5, 10

20

*Pennoyer v. Neff,* 95 U.S. 714 (1877)........................................5

21

*Perkins v. Benguet Mining Co.,* 342 U.S. 437 (1952) ........................................6

22

*Roth v. Garcia Marquez,* 942 F.2d 617 (9th Cir. 1991) ........................................9

23

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797 (9th Cir. 797, 801-02.)................2, 8, 9

24

*Sher v. Johnson,* 911 F.2d 1357 (9th Cir. 1990)........................................6, 8

25

*Sinatra v. National Inquirer, Inc.,* 854 F.2d 1191 (9th Cir. 1988) ........................................8

26

*Terracom v. Valley National Bank,* 49 F.3d 555 (9th Cir. 1995) ........................................11

27

*Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163 (9th Cir. 2006) ........................1, 2, 5, 6, 7

28

-ii-

*Weller v. Cromwell Oil Company,* 504 F.2d 927 (6th Cir. 1974) ...................................................6

*Ziegler v. Indian River County,* 64 F.3d 470 (9th Cir. 1995)........................................6, 10, 11, 12

**STATUTES AND RULES**

Federal Rules of Civil Procedure

      Rule 12(b)(2) ..........................................................................................................1, 2

      Rule 12(b)(6)  ..............................................................................................................2

      Rule 4(k)(1) ................................................................................................................5

California Code of Civil Procedure

      Section 410.10 ..........................................................................................................5

Cayne's Memo in Support of Rule 12(b)(2) Motion to Dismiss
Case No.:  C07-04108-JF

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3    Plaintiff Michael Blomquist holds a grudge against the entire mortgage lending industry.

4  A former mortgage broker, he claims to have foreseen the recent economic downturn years ago,

5  and also purports to hold the solution.  Through this lawsuit, he attempts to drag several major

6  financial institutions and their executives into this Court.

7    The Due Process Clause of the Constitution limits plaintiff's attempt to turn this Court

8  into a forum for his crusade.  James Cayne, one of the many persons forced to defend this suit, is

9  a New York resident and Chairman of the Board of Directors of The Bear Stearns Companies,

10  Inc. (incorrectly sued herein as "Bear Sterns Companies, Inc."), a Delaware corporation

11  headquartered in New York.  Plaintiff's polemic against the mortgage lending industry hardly

12  mentions Cayne, but names him, individually, as a defendant.  Plaintiff cannot hale Cayne into a

13  California court for no apparent reason.  He must explain what Cayne has done—as an

14  individual—that would subject him to jurisdiction in this state.

15    Plaintiff cannot carry this burden.  Cayne has had no contact with California, let alone

16  with plaintiff, that would subject him to the Court's jurisdiction here.  Accordingly, Cayne hereby

17  moves to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1]

18    First, plaintiff cannot satisfy the substantial burden of proving Cayne is subject to general

19  jurisdiction in California.  General jurisdiction is established only when a defendant's contact

20  with the forum state is so "systematic and continuous" that it "approximate[s] physical presence."

21  *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006).

22    In fact, Cayne has no presence in California at all.  He is not a resident of California, nor

23  does he maintain an office here.  Further, he owns no real property in California, and has no

24  significant business connection with the state.  Cayne lives and works in New York.  He votes

25  and pays his taxes there.  In short, Cayne is present in New York, not California—and he is not

26  subject to general jurisdiction in California courts.

27    ────────────────

28    [1]This motion to dismiss for lack of personal jurisdiction is made in the alternative to a
motion to dismiss for failure to state a claim under Rule 12(b)(6).

1    Second, plaintiff also cannot establish that Cayne is subject to specific jurisdiction in

2  California.  A court may exercise specific jurisdiction over a nonresident defendant only when the

3  suit "arises out of" the defendant's contacts with the forum, and the defendant "purposefully

4  avails itself of the privilege of conducting activities in the forum" or "purposely directs" its

5  conduct toward the forum.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th

6  Cir. 797, 801-02.)

7    Cayne did not purposely avail himself of the privilege of conducting business in

8  California, nor did he direct any conduct toward California from afar.  In fact, plaintiff fails to

9  even allege that Cayne did anything individually wrong, much less that he committed any wrongs

10  in California or directed toward California.  Although Cayne has been to California, these

11  occasional trips have nothing to with plaintiff or his suit.  Because plaintiff's suit does not "arise

12  out of" Cayne's *de minimis* contacts with California, specific jurisdiction is likewise lacking.

13    Finally, even if the Court were to somehow find that this suit arises out of Cayne's

14  negligible contacts with California, exercise of jurisdiction over Cayne would be constitutionally

15  unreasonable.  Because plaintiff does not allege Cayne ever set foot in California, all the evidence

16  of Cayne's purported wrongs must be in New York, where he lives and works.  Obviously, New

17  York has a strong interest in exercising jurisdiction over allegedly wrongful acts committed

18  entirely within its borders.  The Due Process Clause forbids plaintiff from haling Cayne into a

19  California court to defend a suit that has no apparent connection with California.

20    For all these reasons, the Court should grant this motion and dismiss plaintiff's complaint

21  as to Cayne for lack of personal jurisdiction.

22    **II.    STATEMENT OF FACTS**

23    **A.    The Complaint's Allegations.**

24    On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of

25  establishing that jurisdiction exists and is appropriate.  *Tuazon*, 433 F.3d 1163, 1168 (9th Cir.

26  2006).  Plaintiff's complaint does nothing to help him meet this burden.  The few references

27  that are made to Cayne, or to one of the larger groups to which he allegedly belongs, in no way

28  even suggest that a California court would have personal jurisdiction over Cayne.

-ii-

The complaint's focus rests not on Cayne, or on the other defendants, but instead on plaintiff—a mortgage broker and the sole owner of Michael Scott Properties, Inc.—and his many theories on mortgage lending. Compl., ¶ 2. Plaintiff claims he has been individually restrained from his work "because of legal, fiduciary, ethical, and moral conflicts." *Id.* at ¶ 4. Although not entirely clear, the thrust of this theory is apparently that the defendants have collectively engaged in various illegal or otherwise wrongful acts that have, for some reason, restrained plaintiff from acting as a mortgage broker.[2] See *id.* at ¶¶ 3-5, 47, 52, 56, 60, 63.

The complaint identifies numerous defendants, including Cayne, who was the CEO and is Chairman of the Board of Directors of Bear Stearns. Compl., ¶ 19a. Plaintiff does not allege Cayne committed any acts in California, or directed any conduct toward California. In fact, apart from identifying Cayne, the complaint never mentions him again individually.

Instead, the complaint lumps Cayne together with several executives of other financial institution defendants, collectively referring to them as "Executives."[3] Compl., ¶ 33. But the complaint pays scant attention to the "Executives" as a discrete group either. Nowhere does plaintiff allege that any of the executives committed any acts within California, directed any conduct toward California, or entered into any contracts with California residents. See Compl.

In fact, not until the prayer for relief—some 23 pages after the group is defined—is the group specifically mentioned again. Compl., Prayer, ¶¶ 3, 7. When they are mentioned, it is only in plaintiff's request that they "be disgorged by [sic] all unlawful profits," and that they be "immediately demote[d] or remove[d]" from their current positions. *Id.*

Similarly, the complaint hardly mentions Bear Stearns. Bear Stearns is an investment bank. Compl., at ¶ 19. After being identified as such, Bear Stearns—like Cayne as an

---

[2]Additionally, plaintiff purchased securities that declined in value. Compl., at ¶¶ 6, 69. Although he "realizes that he was not forced to buy the securities," he nonetheless blames the defendants for his losses. *Id.*

[3]Along with Cayne, the other persons in the "Executives" category are co-defendants Kerry K. Killinger, Joseph W. Saunders, Angelo Mozillo, Ken Thompson, Sanford Weill, Charles Prince, Henry Paulson, Patricia R. Callahan, and Herbert M. Sandler." Compl., ¶ 33.

1  individual—is never referred to by name again.  Rather, Bear Stearns is also treated as a member

2  of a group, one of the so-called "Banker" defendants.[4]  *Id.* at ¶ 33.

3      And the "Bankers" are also seldom mentioned.  Plaintiff only alleges that the Bankers

4  "ratified" or "endorsed or permitted" the wrongful conduct of others, not that they directly

5  engaged in any wrongful conduct themselves.  Compl., ¶¶ 47(A), 47(F), 47(G).  Again, plaintiff

6  does not allege that the "Bankers'" purported ratifying, endorsing, and permitting occurred in

7  California, or that it was directed toward California.  See Compl.  Further, plaintiff does not

8  allege that the "Bankers" entered into any contracts with California residents.  In fact, the only

9  contracts mentioned in the complaint are the real-estate secured loans between the so-called

10  "Lenders" and California residents.  *Id.* at ¶ 48.  Neither the Bankers nor the Executives are

11  parties to these contracts.

12      **B.      Facts Regarding Cayne's Contacts with California.**

13      Obviously, plaintiff has not alleged any facts that would support personal jurisdiction of

14  a California court over Cayne.  Although plaintiff has not and cannot meet his burden, Cayne

15  submits the following relevant facts that unequivocally demonstrate jurisdiction is lacking.

16      Cayne is domiciled in New York, New York.  Declaration of James Cayne ("Cayne

17  Decl."), ¶ 4.  He has lived in New York for more than forty years, and intends to stay there

18  indefinitely.  *Id.*  Cayne files income taxes as a New York resident, and is registered to vote in

19  New York.  *Id.* at ¶ 5.  Cayne is the Chairman of the Board of Directors of Bear Stearns, an

20  investment bank incorporated under the laws of Delaware with its principal place of business in

21  New York.  Complaint at ¶ 19; Cayne Decl., ¶¶ 2-4.  Cayne works primarily from his office at

22  Bear Stearns headquarters in New York.  *Id.* at ¶ 3.

23      Cayne owns no real property in California.  Cayne Decl., ¶ 4.  He does not maintain an

24  office in California, and does not regularly conduct business here.  *Id.* at ¶ 7.  He rarely visits

25  California.  *Id.*  He has never had any contact or communication with plaintiff or Michael Scott

26  Properties, Inc., in California or elsewhere.  *Id.* at ¶ 8.

27  _____

28  [4]The other "Bankers" are co-defendants Citigroup and Goldman Sachs Group, Inc., Compl., ¶ 33.

-iv-

## III.  LEGAL ARGUMENT

### A.  Standard of Review and Burden of Proof.

Plaintiff bears the burden of establishing that jurisdiction exists and is appropriate. *Tuazon,* 433 F.3d at 1168; *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  Plaintiff must make a prima facie showing of facts that would support jurisdiction. *Tuazon*, 433 F.3d at 1168; *Data Disc, Inc.*, 557 F.2d at 1285.  If the written submissions raise issues of credibility or disputed questions of fact, this Court has the discretion to hold an evidentiary hearing to resolve those contested issues.  *Data Disc, Inc.*, 557 F.2d at 1285.  If it does so, plaintiff will be put to his full proof and must establish the jurisdictional facts by a preponderance of the evidence.  *Id.*

In a federal question case, a court may exercise jurisdiction over a defendant "if a rule or statute authorizes it to do so and the exercise of jurisdiction comports with the constitutional requirement of due process."  *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001). Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure provides that service of a summons establishes personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."  Fed. R. Civ. P., Rule 4(k)(1)(A).  Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the two standards coalesce.  *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 590 (9th Cir. 1996); Cal. Code Civ. Proc., § 410.10.

### B.  Due Process Requires that Plaintiff Prove Cayne Has Sufficient Minimum Contacts With California, Not That Bear Stearns or Any Other Defendant Does.

The Due Process Clause limits a court's exercise of jurisdiction over an out-of-state defendant.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984). Absent one of the traditional bases for jurisdiction,[5] a defendant must be shown to have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend

---

[5]The three traditional bases for personal jurisdiction are service within the forum state, domicile within the forum state, and consent.  *Pennoyer v. Neff*, 95 U.S. 714, 722 (1877).  None of traditional bases are present here—as the purported service of Cayne occurred in New York, Cayne is domiciled in New York, and Cayne does not consent to jurisdiction in this action.

1  'traditional notions of fair play and substantial justice.'"  *International Shoe Co. v. Washington*,

2  326 U.S. 310, 316 (1945).

3        Due Process requires that "[e]ach defendant's contacts with the forum state must be

4  assessed individually."  *Calder v. Jones*, 465 U.S. 783, 790 (1984); see also *Burger King Corp. v.*

5  *Rudzewicz*, 471 U.S. 462, 475 (1985).  Thus, plaintiff cannot rely on the Court's jurisdiction over

6  Bear Stearns or any other defendant to establish jurisdiction over Cayne.  "[J]urisdiction over an

7  employee does automatically follow from jurisdiction over the corporation which employs

8  him…"  *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781, n. 13 (1984).  That is, a "person's

9  mere association with a corporation that causes injury in the forum state is not sufficient in itself

10  to permit that forum to assert jurisdiction over that person."  *Davis v. Metro Productions, Inc.* 885

11  F.2d 515, 520 (9th Cir. 1989); see also *Sher v. Johnson* , 911 F.2d 1357, 1365 (9th Cir. 1990)

12  (California court's jurisdiction over Florida law partnership not sufficient to confer jurisdiction

13  over individual partners).[6]

14        Thus, though the Court may have jurisdiction over Bear Stearns because of its business

15  operations within the state, this has no effect on whether the Court has jurisdiction over Cayne,

16  Bear Stearns' former CEO and current Chairman of the Board of Directors.  To subject Cayne to

17  personal jurisdiction in California, due process requires that plaintiff establish that Cayne, as an

18  individual, had sufficient minimum contacts with the state.

19        "There are two types of personal jurisdiction:  general and specific."  *Ziegler v. Indian*

20  *River County,* 64 F.3d 470, 473 (9th Cir. 1995).  As explained below, Cayne is subject to neither.

21      **C.**    **Cayne is Not Subject to General Jurisdiction in California.**

22        General jurisdiction is established only if a nonresident defendant's contacts in the forum

23  state are so "substantial" or "continuous and systematic" that jurisdiction exists even when the

24  claim is unrelated to those contacts.  *Perkins v. Benguet Mining Co.,* 342 U.S. 437, 445-446

25

26         [6] See also *Weller v. Cromwell Oil Company*, 504 F.2d 927, 929 (6th Cir. 1974) ("It is

27  settled that jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation."); *Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 784 (11th Cir. 2004) ("A nonresident individual cannot be subject to personal

28  jurisdiction based solely upon acts in Georgia taken in his or her corporate capacity.").

    Cayne's Memo in Support of Rule 12(b)(2) Motion to Dismiss
    Case No.:  C07-04108-JF

1   (1952); *Tuazon* 433 F.3d at 1171.  "The standard for general jurisdiction is high; contacts with a

2   state must 'approximate physical presence.'"  *Tuazon*, 433 F.3d at 1168, *quoting Bancroft &*

3   *Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  "Put another way, a

4   defendant must not only step through the door, it must also '[sit] down and [make] itself at

5   home.'"  *Tuazon*, 433 F.3d at 1168; [internal citations omitted].

6          Thus, even occasional business trips to the forum state, solicitation of business within the

7   state, and regular telephone communication with the state, are all insufficient to establish general

8   jurisdiction.  *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984).  Such contacts

9   "constitute doing business with California, but do not constitute doing business in California."

10  *Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1086; citing *Helicopteros*,

11  466 U.S. at 418.

12         Here, Cayne's contacts with California, to the extent there are any, are plainly not

13  "continuous and systematic."  Cayne is not present in California.  He is present in New York,

14  where he is domiciled and employed.  Cayne Decl., ¶ 4.  Cayne does not maintain an office in

15  California, nor does he own any real property here.  Nor does he have any other significant

16  business contacts or personal connection to California.  *Id.* at ¶¶ 3-8.  Again, the few passing

17  references to Cayne in plaintiff's complaint offer nothing to the contrary.  For all these reasons,

18  Cayne's contacts with California are clearly insufficient to establish general jurisdiction.

19         **D.      Cayne is Not Subject to Specific Jurisdiction in California.**

20         Cayne also is not subject to specific jurisdiction in California.  A "court may exercise

21  specific jurisdiction [over a nonresident defendant] where the suit 'arises out of' or is related to

22  the defendant's contacts with the forum and the defendant 'purposefully avails itself of the

23  privilege of conducting activities within the forum State, thus invoking the benefits and

24  protections of its laws.' "  *Tuazon*, 433 F.3d at 1168, *quoting Burger King Corp. v. Rudzewicz*,

25  471 U.S. 462, 475 (1985).

26         The Ninth Circuit's test for determining whether a nonresident defendant is subject to

27  specific jurisdiction employs the following three prongs:

28

-vii-

(1)   the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)   the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3)   the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger,* 374 F.3d at 802; *accord Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987).

Plaintiff bears the burden of establishing both of the first two prongs. *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger,* 374 F.3d at 802.

### 1.    There Is No Purposeful Availment or Direction Here.

As the Ninth Circuit explained in *Schwarzenegger,* 374 F.3d at 802-03, the first prong of the specific jurisdiction test itself requires dual analysis. If the plaintiff's claims sound in contract, the test is "purposeful availment." *Id.* If, however, the plaintiff's claims sound in tort, then the test is "purposeful direction." *Id.*

Here, it is unclear whether plaintiff's purported causes of action—which incorporate numerous statutes, regulations, and supposed agreements—are meant to sound in tort or contract. But whatever plaintiff's intent, he has not and cannot establish purposeful availment or purposeful direction.

### a.    No Purposeful Availment

Under the Ninth Circuit's test, purposeful availment occurs when the defendant has "performed some type of affirmative conduct which allows or promotes the transaction of business in the forum state." *Sinatra v. National Inquirer, Inc.* 854 F.2d 1191, 1195 (9th Cir. 1988). "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger,* 374 F.3d at 802.

-viii-

But the "existence of a contract with a resident of the forum state is insufficient by itself to create personal jurisdiction over the nonresident." *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991); *emphasis in original*; internal citations omitted.  Rather, it is factors beyond the contract itself, such as "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing—that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." *Burger King Corp.*, 471 U.S. at 478 (citation omitted).  In the Ninth Circuit, this "analysis turns upon whether the defendant's contacts are attributable to 'actions by the defendant *himself*,' or conversely to the unilateral activity of another party." *Roth*, 942 F.2d at 621.

Here, Cayne has done nothing to purposefully avail himself of the benefits of California law.  Plaintiff does not even allege that Cayne (or any of the other "executives") entered into any contracts with any California residents, let alone that Cayne negotiated such contracts in California or performed them here.  Rather, plaintiff only alleges that the "Lenders" entered into various contracts with California borrowers.  Compl., ¶ 48.  Of course, Cayne, as a non-party to these contracts, has not availed himself of any privilege by some remote association with the "Lenders."  Cayne has no connection with California as an individual, and does not conduct business here as an individual.  Cayne Decl., ¶¶ 7, 8.  Therefore, he is not subject to suit here.

### b.    No Purposeful Direction

Nor has Cayne purposefully directed his conduct at California from afar.  Purposeful direction is evaluated under a three-part "effects" test that originated in *Calder v. Jones*, 465 U.S. 783 (1984).  *Schwarzenegger,* 374 F.3d at 803.  Under the *Calder* test, a defendant "whose only 'contact' with the forum state is the 'purposeful direction' of a foreign act having effect in the forum state" may be subject to the forum state's specific personal jurisdiction if the defendant allegedly "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

Purposeful direction does not occur merely because the defendant can foresee that harm from its activities may be suffered in the forum state.  *Schwarzenegger,* 374 F.3d at 805.  Rather,

1  the defendant must "expressly aim" its conduct at the forum state.  *Bancroft & Masters*, 223 F.3d

2  at 1087.  This requirement is satisfied when the defendant has "engaged in wrongful conduct

3  targeted at a plaintiff whom the defendant knows to be a resident of a forum state."  *Myers*, 238

4  F.3d at 1072.

5      Again, plaintiff does not allege Cayne committed any act within California, so presumably

6  he seeks to invoke jurisdiction over Cayne under the *Calder* "effects" test.  But plaintiff has

7  identified no intentional acts of Cayne at all, much less any expressly aimed at plaintiff or any

8  other California resident.  It cannot just be presumed that Cayne, a New York resident who has

9  only been to California on a few occasions, expressly aimed some unidentified conduct toward

10  California, thereby subjecting him to suit in a California court.  Obviously, plaintiff has come

11  nowhere close to meeting his burden, and Cayne has not purposefully directed himself toward

12  California.

13          **2.      Plaintiff's Claim Does Not Arise From Cayne's Forum-Related**
              **Activities.**
14

15      "The second requirement for specific jurisdiction is that the contacts constituting

16  purposeful availment must be the ones that give rise to the current suit."  *Bancroft & Masters,*

17  *Inc.*, 223 F.3d at 1088.  The plaintiff must establish that "but for" the defendant's contacts with

18  California, the claim would not have arisen.  *Ziegler*, 64 F.3d at 474.

19      Here, plaintiff cannot meet even this liberal standard.  Again, plaintiff has not identified

20  any acts of Cayne as an individual, so the Court need not undertake any cause-and-effect analysis.

21  And the only contacts Cayne did have with California—those identified in the Cayne

22  Declaration—have nothing to do with plaintiff's claims.  Cayne has never met plaintiff, is not a

23  party to any contract with him, has never conducted business with him, and has never directed

24  any conduct toward him.  Hence, whatever negligible contacts Cayne might have with California,

25  this suit does not "arise out of" those contacts, and jurisdiction is therefore lacking.

26      Accordingly, plaintiff cannot satisfy either of the specific jurisdiction test's first two

27  prongs, and the court should dismiss this action against Cayne.

28

**3.      Exercise Of Jurisdiction Would Not Be Reasonable.**

Even of plaintiff could satisfy the specific jurisdiction test's first two prongs, which he cannot, the Court should still dismiss the action against Cayne as an unreasonable exercise of jurisdiction under that test's third prong.  Under Ninth Circuit law, a district court should balance the following seven factors in deciding whether exercise of personal jurisdiction is reasonable:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 866-67 (9th Cir. 2003).

As shown above, Cayne's contacts with California were and are minimal, so the first of these seven factors weighs against exercise of jurisdiction here.  *Insurance Company of North America v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir.1981) ("[t]he smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise.")

Defending this action in California would significantly burden Cayne.  Cayne lives and works in New York, where he spends substantial amounts of time attending to his duties as Chairman of the Board of Directors of Bear Stearns.  Assuming that plaintiff would have similar difficulty traveling to New York to prosecute his case there, this factor still weighs in Cayne's favor:  "where burdens are equal, this factor tips in favor of the defendants because the law of personal jurisdiction is 'primarily concerned with the defendant's burden.'"  *Ziegler*, 64 F.3d 470, citing *Terracom v. Valley National Bank*, 49 F.3d 555, 561 (9th Cir. 1995).

The third and fourth factors cancel each other out.  Although California may have an interest in providing a forum for plaintiff's so-called claims, all of Cayne's alleged wrongful acts—whatever they might be—must have been committed in New York.  And New York has a "special interest in exercising jurisdiction over those who have committed tortious acts within the state."  *Data Disc, Inc.*, 557 F.2d at 1288.

-xi-

The fifth factor, efficiency of the forum, also weighs heavily in Cayne's favor.  In evaluating efficiency of the forum, the Ninth Circuit primarily considers "where the witnesses and the evidence are likely to be located."  *Ziegler*, 64 F.3d at 475-76.  Again, because plaintiff does not even allege Cayne ever set foot in California, much less committed any wrongs here, all of the purported evidence and witnesses must be in New York, where Cayne resides and works.

While a California court might be more convenient for plaintiff, it is not of great importance to the prosecution of his claims.  Obviously, equally effective relief for plaintiff's claims is available in New York.  Further, "neither the Supreme Court nor [the Ninth Circuit] has given much weight to the inconvenience to the plaintiff."  *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1490 (9th Cir. 1993).

Finally, "plaintiff bears the burden of proving the unavailability of an alternative forum." *Ziegler*, 64 F.3d at 477.  Obviously, plaintiff cannot meet his burden of proving that he would be precluded from suing Cayne in New York.  "Doubtless he would prefer not to, but that is not the test."  *Core-Vent Corp.*, 11 F.3d at 1490; internal citations omitted.

On balance, the majority of the seven factors weigh in Cayne's favor.  Given Cayne's limited contacts with California, and that all the evidence of Cayne's purported wrongs must be in New York, it would be unreasonable for the Court to exercise personal jurisdiction over Cayne here.

### IV.    CONCLUSION

For all the foregoing reasons, the Court should dismiss plaintiff's action against Cayne for lack of personal jurisdiction.

DATED:  May 12, 2008                          SEVERSON & WERSON
                                              A Professional Corporation


                                              By:_____/s/ Erik Kemp_____
                                                          Erik Kemp

                                              Attorneys for Defendants
                                              THE BEAR STEARNS COMPANIES, INC. and
                                              JAMES CAYNE

-xii-