1  STEPHEN E. TAYLOR (SBN 58452)
   JONATHAN A. PATCHEN (SBN 237346)
2  TAYLOR & COMPANY LAW OFFICES, LLP
   One Ferry Building, Suite 355
3  San Francisco, California 94111
   Telephone: (415) 788-8200
4  Facsimile:  (415) 788-8208
   E-mail: staylor@tcolaw.com
5  E-mail: jpatchen@tcolaw.com

6  Attorneys for Defendant FITCH GROUP INC.
   (sued and served herein as Fimalac, Inc.)
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11 | MICHAEL BLOMQUIST,                    | Case No.: C-07-04108 JF (HRL)
12 |     Plaintiff,                        | **DEFENDANT FITCH GROUP, INC.'S NOTICE OF MOTION, MOTION TO DISMISS THE AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
13 | v.                                    |
14 | WASHINGTON MUTUAL, a Washington corporation; KERRY K. KELLINGER; JOSEPH W. SAUNDERS; COUNTRYWIDE HOME LOANS, INC., a Delaware corporation; ANGELO MOZILLO; WACHOVIA CORPORATION, a North Carolina corporation; KEN THOMPSON; CITIGROUP, a Delaware corporation; SANFORD WEILL; CHARLES PRINCE; GOLDMAN SACHS GROUP, INC., a Delaware corporation; HENRY PAULSON; BEAR STERNS COMPANIES, INC., a Delaware corporation; JAMES CAYNE; THE MCGRAW HILL COMPANY, INC., a Delaware corporation; HAROLD MCGRAW III; WELLS FARGO & COMPANY, a Delaware corporation; PATRICIA R. CALLAHAN; HERBERT M. SANDLER; ROCK HOLDINGS, INC., a Delaware corporation; EXPERIAN CORPORATION, a Delaware corporation; FIMALAC, INC., a Delaware corporation; MOODYS CORPORATION, a Delaware corporation; JAMES E. GILLERAN; JOHN M. REICH; JOHN D. HAWKE JR.; JOHN C. DUGAN; SUSAN SCHMIDT BIES; DONALD E. POWELL; SHEILA C. BAIR, | Date:  July 11, 2008
   |                                        | Time:  9:00 A.M.
   |                                        | Place: Courtroom 3, 5th Floor
   |                                        |
   |                                        | Hon. Jeremy Fogel
27 |     Defendants.                        |
28

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANT FITCH GROUP, INC.'S NOTICE OF MOTION, MOTION TO DISMISS THE AMENDED
COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT:
CASE NO. C-07-04108 JF (HRL)

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on July 11, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jeremy Fogel, United States District Court, 280 South First Street, San Jose, California, defendant Fitch Group, Inc. will, and hereby does, move the Court to dismiss with prejudice the Amended Complaint in this action pursuant to Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities in support, the pleadings and record in this matter, oral argument of counsel, and such other matters as may be presented at the hearing on this motion.

## STATEMENT OF ISSUES (Civil Local Rule 7-4)

1. Does Plaintiff state a viable claim for antitrust violations under Section One of the Sherman Act, 15 U.S.C. § 1?

2. Do Plaintiff's securities fraud claims meet the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78-4(b)?

3. Are Plaintiff's fraud-based claims pled with sufficient particularity to meet the standards set forth under Federal Rule of Civil Procedure 9(b)?

4. Do Plaintiff's various other federal and state law claims meet the pleading standards set forth under Federal Rules of Civil Procedure 8(a) and 9(b)?

5. Does Plaintiff have standing to bring the federal and state law claims he alleges against Fitch Group, Inc.?

## MEMORANDUM OF POINTS AND AUTHORITIES

Fitch Group, Inc. ("Fitch Group") – formerly known as Fimalac, Inc. – submits this memorandum in support of its motion to dismiss plaintiff Michael Blomquist's ("Blomquist") Amended Complaint (the "Complaint" or "Amended Complaint").

Fitch Group joins in, and herein incorporates by reference, the arguments set forth in the Memorandum of Points and Authorities in Support of the McGraw-Hill Defendants' Motion to Dismiss, Docket No. 45, filed today. For the reasons set forth here and in that Memorandum, this

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANT FITCH GROUP, INC.'S NOTICE OF MOTION, MOTION TO DISMISS THE AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT:
CASE NO. C-07-04108 JF (HRL)

Court should dismiss with prejudice the Amended Complaint and all counts asserted against Fitch Group.

Fitch, Inc. ("Fitch"), not named as a defendant in the Amended Complaint, is – along with McGraw-Hill's Standard & Poor's Ratings Services division – one of three major credit rating agencies in the United States and is a Nationally Recognized Statistical Ratings Organization. Fitch is a wholly owned subsidiary of Fitch Group, a holding company. Since 1913, Fitch and its predecessors have published independent opinions concerning the creditworthiness of securities issued by public and private issuers. Fitch remains a leading publisher of credit rating opinions and research reports in the areas of corporate finance, financial institutions, public finance, structured finance, and structured credit.

The Amended Complaint is devoid of any allegations specific to Fitch Group. Blomquist mentions Fitch or Fimalac, Inc. in only a single paragraph of his lengthy Amended Complaint, and offers no more than a broad description of Fitch's business. According to the Complaint, "Fitch provides independent credit ratings and market analysis for a variety of products . . . ." Am. Cmplt. ¶ 23.

The Amended Complaint nowhere details how Fitch's publishing of "independent credit ratings and market analysis" forms part of the vast and far-reaching conspiracy that is alleged. This alleged conspiracy spans virtually every aspect of the residential mortgage lending industry. But its timing, purpose, participants, and means of execution remain unspecified. At most, Blomquist insinuates that Fitch Group – along with two other credit rating agencies, three of the country's largest national banks, and the individual heads of four federal regulatory agencies – "ratified the commission of the acts" purportedly engaged in by another, unrelated group of companies and individuals." Am. Cmplt. ¶ 48. This vague assertion is an insufficient basis for the laundry list of legal claims that Blomquist levies against Fitch Group.

Moreover, several of the acts that Blomquist claims were unlawful have nothing to do with Fitch Group or Fitch's business. For example, Blomquist suggests that all defendants should be held liable for allegedly "selling loans below cost." Am. Cmplt. ¶ 60. Yet Blomquist has not

2.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANT FITCH GROUP, INC.'S NOTICE OF MOTION, MOTION TO DISMISS THE AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT:
CASE NO. C-07-04108 JF (HRL)

1  alleged that Fitch or Fitch Group sold any product, much less that it sold loan products below cost.
2  Neither Fitch nor Fitch Group is engaged in the business of making or selling loans or mortgage
3  securities, and Blomquist has not pled otherwise. The allegations regarding below-cost sales,
4  along with many others in the Amended Complaint, are therefore simply irrelevant as to Fitch
5  Group.

6  The Amended Complaint also fails to state any valid legal claim as to Fitch Group, and
7  falls short of even the most basic pleading requirements under Rule 8 of the Federal Rules of Civil
8  Procedure. For example, Blomquist seeks to recover against all defendants for alleged violations
9  of Section One of the Sherman Act, 15 U.S.C. § 1. At a minimum, stating a Section One claim
10 "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was
11 made." *Bell Atlantic Corp.* v. *Twombly*, 127 S. Ct. 1955, 1965 (2007). To survive a motion to
12 dismiss, the complaint must contain "allegations plausibly suggesting (not merely consistent with)
13 agreement. . . ." *Id.* at 1966. Yet Blomquist's Amended Complaint fails even to mention an
14 agreement involving Fitch Group or any other defendant, let alone plead facts suggesting that such
15 an agreement would be plausible.

16 The Amended Complaint likewise omits allegations of "antitrust injury," and therefore
17 fails to demonstrate that Blomquist has standing to pursue a private antitrust action against Fitch
18 Group or anyone else. *See Atlantic Richfield Co.* v. *USA Petroleum Co.*, 495 U.S. 328, 334
19 (1990). Although Blomquist asserts that he "has been individually restrained from mortgage and
20 real estate commerce," Am. Cmplt. ¶ 4, he does not identify any "injury of the type the antitrust
21 laws were intended to prevent and that flows from that which makes defendants' acts unlawful."
22 *Id.* His antitrust claims are therefore invalid on their face.

23 Nor does the Amended Complaint satisfy the heightened pleading standards required to
24 state a fraud claim. Federal Rule of Civil Procedure 9(b) requires plaintiffs alleging fraud to "state
25 with particularity the circumstances constituting [the] fraud." Fed. R. Civ. P. 9(b); *see also Swartz*
26 v. *KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (observing that in a fraud suit involving multiple
27 defendants, a plaintiff also "must, at a minimum, identify the role of each defendant in the alleged
28

3.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANT FITCH GROUP, INC.'S NOTICE OF MOTION, MOTION TO DISMISS THE AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT:
CASE NO. C-07-04108 JF (HRL)

fraudulent scheme" (internal quotation marks and alterations omitted)).  Likewise, the Private Securities Litigation Reform Act ("PSLRA") requires securities fraud plaintiffs (1) to "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading"; and (2) to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u-4(b)(1) & (2).  In addition, a securities fraud plaintiff must plead economic loss and "loss causation," *i.e.* a causal connection between the defendant's misrepresentation and the economic loss alleged.  *See Dura Pharmaceuticals, Inc.* v. *Broudo*, 544 U.S. 336, 346 (2005).

The Amended Complaint fails to identify with any degree of particularity the circumstances surrounding the fraud alleged, nor does it contain any indication of Fitch Group's role in any alleged fraud.  Instead, Blomquist merely asserts, without foundation, that a broad range of practices and activities of the banking and real estate industries were fraudulent.  He offers no account of the "time, place, and specific content of the false representations" alleged, as required by Rule 9(b).  *Swartz*, 476 F.3d at 764 (internal quotation marks omitted).

The Complaint also fails to identify any particular misleading statement made in connection with the sale or purchase of a security, much less offer reasons why such statement was misleading or plead facts giving rise to a strong inference of scienter.  Indeed, the Complaint does not identify *any* statement made by Fitch Group, misleading or otherwise, nor does it identify any Fitch Group security that Blomquist allegedly purchased or sold.  Neither does the Complaint come close to providing Fitch Group "with notice of what the relevant economic loss might be or of what the causal connection might be between that loss and the misrepresentation" at issue.  *Dura*, 544 U.S. at 347.  In light of these serious omissions, Blomquist's fraud claims fail as well.

///
///
///
///
///

DEFENDANT FITCH GROUP, INC.'S NOTICE OF MOTION, MOTION TO DISMISS THE AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO. C-07-04108 JF (HRL)

TAYLOR & CO.
LAW OFFICES, LLP

In order not to burden the Court with multiple briefs addressing in detail all the deficiencies associated with each individual count of Blomquist's Amended Complaint, Fitch Group hereby joins in the arguments set forth in the Memorandum of Points and Authorities in Support of the McGraw-Hill Defendants' Motion to Dismiss. For the reasons set forth above and therein, this Court should dismiss with prejudice all counts of the Amended Complaint asserted against Fitch Group.

Dated: May 12, 2008         TAYLOR & COMPANY LAW OFFICES, LLP


                            By:    /s/ Jonathan A. Patchen
                                   Jonathan A. Patchen
                            Attorneys for Defendant FITCH GROUP INC.

5.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANT FITCH GROUP, INC.'S NOTICE OF MOTION, MOTION TO DISMISS THE AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT:
CASE NO. C-07-04108 JF (HRL)