1  PETER R. BOUTIN, CASB No. 65261
   peter.boutin@kyl.com
2  CHRISTOPHER A. STECHER, CASB No. 215329
   christopher.stecher@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  Four Embarcadero Center, Suite 1500
   San Francisco, California  94111
5  Telephone:     (415) 398-6000
   Facsimile:     (415) 981-0136
6
7  Attorneys for Defendant
   CITIGROUP INC. (sued and served herein as Citigroup), SANFORD WEILL and CHARLES
   PRINCE
8
9  *Pursuant to Civil Local Rule 3-4(a)(1), please refer to the signature pages for the complete list of*
   *parties represented on this Motion*

10          **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
11                **SAN JOSE DIVISION**

12  MICHAEL BLOMQUIST,                          )  Case No. C07-04108 JF/HRL
                                                )
13                          Plaintiff,          )
                                                )
14          vs.                                 )  **DEFENDANTS CITIGROUP INC.,**
                                                )  **SANFORD WEILL, CHARLES**
15  WASHINGTON MUTUAL, a Washington             )  **PRINCE, GOLDMAN SACHS GROUP,**
    corporation; KERRY K. KILLINGER; JOSEPH W.  )  **INC., THE BEAR STEARNS**
16  SAUNDERS; COUNTRYWIDE HOME LOANS,           )  **COMPANIES, INC., AND JAMES**
    INC., a Delaware corporation; ANGELO MOZILLO;)  **CAYNE'S ("BANKER" DEFENDANTS)**
17  WACHOVIA CORPORATION, a North Carolina      )  **NOTICE OF MOTION AND MOTION**
    corporation; KEN THOMPSON; CITIGROUP, a     )  **TO DISMISS FIRST AMENDED**
18  Delaware corporation; SANFORD WEILL;        )  **COMPLAINT; MEMORANDUM OF**
    CHARLES PRINCE; GOLDMAN SACHS GROUP         )  **POINTS & AUTHORITIES IN**
19  INC., a Delaware corporation; HENRY PAULSON; )  **SUPPORT THEREOF**
    BEAR STEARNS COMPANIES, INC., a Delaware    )
20  corporation; JAMES CAYNE; THE MCGRAW        )  Date:      July 11, 2008
    HILL COMPANY, INC, a Delaware corporation;  )  Time:      9:00 a.m.
21  HAROLD MCGRAW III; WELLS FARGO &            )  Place:     Courtroom 3 (Hon. Jeremy
    COMPANY, a Delaware corporation; PATRICIA R.)             Fogel)
22  CALLAHAN; HERBERT M. SANDLER; ROCK          )
    HOLDINGS, INC., a Delaware corporation;     )
23  EXPERIAN CORPORATION, a Delaware            )
    corporation; FIMALAC, INC., a Delaware      )
24  corporation; MOODYS CORPORATION, a          )
    Delaware corporation; JAMES E. GILLERAN;    )
25  JOHN M. REICH; JOHN D. HAWKE, JR.; JOHN C.  )
    DUGAN; SUSAN SCHMIDT BIES; DONALD E.        )
26  POWELL; SHEILA C. BAIR,                     )
                                                )
27                          Defendants.         )
                                                )
28  _____     )

1

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION TO DISMISS.............................................1

MEMORANDUM OF POINTS AND AUTHORITIES......................................................2

STATEMENT OF ISSUES TO BE DECIDED ..................................................2

STATEMENT OF RELEVANT FACTS.................................................................3

ARGUMENT ....................................................................................4

I.    PLAINTIFF LACKS ARTICLE III STANDING TO ASSERT THE CLAIMS
      IN THE FAC ...............................................................................4

      A.    The FAC Fails To Allege An Injury In Fact.....................................4

      B.    The FAC Fails To Assert That The Banker Defendants' Conduct
            Caused Any Injury ..........................................................5

      C.    The FAC Fails To Demonstrate Any Injury That May Be Remedied
            By This Court ...............................................................6

      D.    Plaintiff's Unfair Competition Claims Also Should Be Dismissed ................6

II.   THE BANKER DEFENDANTS CANNOT BE LIABLE FOR "AIDING AND
      ABETTING" OTHER DEFENDANTS' ALLEGED WRONGDOING......................7

      A.    Securities Fraud.............................................................7

      B.    California's Unfair Competition Law And False Advertising Statute...........8

III.  THERE IS NO PRIVATE RIGHT OF ACTION FOR MOST OF THE
      STATUTORY VIOLATIONS PLAINTIFF ALLEGES ...........................................10

IV.   THE FAC SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.......14

V.    CONCLUSION...............................................................................16

1

## **TABLE OF AUTHORITIES**

2

3

### **Cases**

4
*American Airlines* v. *Christensen*,
   967 F.2d 410 (10th Cir 1992) ................................................................................ 13

5
*Appalachian Enters.* v. *ePayment Solutions, Ltd.*,
6
   No. 01-CV-11502 (GBD), 2004 WL 2813121, at *6 (S.D.N.Y. Dec. 8, 2004) ............... 15

*Bell Atlantic* v. *Twombly*,
7
   550 U.S.---, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ............................................ 15

8
*Bell Health-Mor, Inc.*
   549 F.2d 342 (5th Cir. 1977) ................................................................................. 11
9

*Carlson* v. *Coca-Cola Co.*,
10
   483 F.2d 279 (9th Cir. 1973) ................................................................................. 13

11
*Cetacean Cmty.* v. *Bush*,
   386 F.3d 1169 (9th Cir. 2004) ................................................................................. 4
12

*Chrysler Corp.* v. *Brown*,
13
   441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979) ............................................. 11

14
*Conley* v. *Gibson*,
   355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ....................................................... 15
15

*Cort* v. *Ash*,
16
   422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) ........................................... 11, 12

17
*D'Oench, Duhme & Co.* v. *FDIC*,
   315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) ................................................... 13

18
*Daro* v. *Superior Court of San Francisco*,
19
   151 Cal.App.4th 1079 (2007) ................................................................................... 7

20
*Daviditis* v. *National Bank of Matoon*,
   262 F.2d 884 (7th Cir. 1959) ................................................................................. 12

21
*Dreisbach* v. *Murphy*,
   658 F.2d 720 (9th Cir. 1981) ................................................................................. 13
22

*Dugar* v. *Coughlin*,
23
   613 F.Supp. 849 (S.D.N.Y. 1983) ......................................................................... 12

24
*Dura Pharms., Inc.* v. *Broudo*,
   544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) ........................................... 8
25

*Emery* v. *Visa Int'l Serv. Assoc.*,
26
   95 Cal.App.4th  952 (2002) ............................................................................... 9, 10

27
*Englander Motors, Inc.* v. *Ford Motor Co.*,
   293 F.2d 802 (6th Cir. 1961) ................................................................................. 13
28

*Epstein* v. *Wash. Energy Co.*,
   83 F.3d 1136 (9th Cir. 1996) ................................................................. 15

*Ex parte Le vitt*,
   302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493 (1937) ..................................... 5

*Fed. Sav. And Loan Ins. Corp.* v. *Reeves*,
   816 F.2d 130 (4th Cir. 1987) ................................................................. 12

*Federal Trade Commission* v. *Klesner*,
   280 U.S. 19, 50 S.Ct. 1, 74 L.Ed. 138 (1929) ..................................... 13

*Friends of the Earth, Inc.* v. *Laidlaw Envtl. Sys. (TOC), Inc.*,
   528 U.S. 167, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) ....................... 4

*Fulton* v. *Hecht*,
   580 F.2d 1243 (5th Cir. 1978), *cert. denied*, 440 U.S. 981 ............... 13

*Joaquin* v. *Geico Gen. Ins. Co.*,
   No. C 07-3259 JSW, 2008 WL 53150 (N.D. Cal. Jan. 2, 2008) ......... 7

*Lamont* v. *Haig*,
   539 F.Supp. 552 (D.S.D. 1982) ............................................................. 12

*Legal Aid Soc'y of Hawaii* v. *Legal Services Corp.*,
   145 F.3d 1017 (9th Cir. 1998) ............................................................... 5

*Lode* v. *Leonardo*,
   557 F.Supp. 675 (N.D.Ill. 1982) ........................................................... 14

*Lujan* v. *Defenders of Wildlife*,
   504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ................. 4, 6

*Milgrom* v. *Burstein*,
   374 F.Supp.2d 523 (E.D.Ky. 2005) ...................................................... 11

*Napper* v. *Anderson, Henley, Shields, Bradford and Pritchard*,
   500 F.2d 634 (5th Cir. 1974), *cert. denied*, 423 U.S. 837 ............... 11

*Nashville Milk Co.* v. *Carnation Co.*,
   355 U.S. 373, 78 S.Ct. 352, 2 L.Ed.2d 340 (1958) ........................... 13

*Northwest Airlines, Inc.* v. *Transport Workers*,
   451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981) ....................... 10

*Olympia Capital Corp.* v. *Newman*,
   276 F.Supp. 646 (C.D. Cal. 1967) ........................................................ 12

*Park Nat. Bank of Chicago* v. *Michael Oil Co.*,
   702 F.Supp. 703 (N.D. Ill. 1989) .................................................... 11, 12

*Perfect 10, Inc.* v. *Visa International Service Assoc.*,
   494 F.3d 788 (9th Cir. 2007) ............................................................ 9, 10

*Rapaport* v. *Republic of Mexico*,
   619 F.Supp. 1476 (D.D.C. 1985) .......................................................... 12

KYL_SF462263

"BANKER" DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT — CASE NO. C07-04108 JF/HRL

*Rockefeller* v. *United States Court of Appeals Office for the Tenth Circuit Judges,*
   248 F.Supp.2d 17 (D. D.C. 2003) ............................................................ 12

*Ryan* v. *Ohio Edison Co.,*
   611 F.2d 1170 (6th Cir. 1979) ................................................................ 11

*Safeway Stores* v. *Vance,*
   355 U.S. 389, 78 S.Ct. 358, 2 L.Ed.2d 350 (1958) ................................. 13

*Salahuddin* v. *Cuomo,*
   861 F.2d 40 (2d Cir. 1988) ..................................................................... 15

*Scattered Corp.* v. *Chicago Stock Exchange, Inc.,*
   98 F.3d 1004 (7th Cir. 1996) .................................................................. 14

*Schlesinger* v. *Reservists to Stop the War,*
   418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974) ............................... 5

*Sierra Club* v. *Morton,*
   405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972) ............................... 4

*Simon* v. *Eastern Ky. Welfare Rights Organization,*
   426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976) ................................. 6

*Stoneridge Inv. Partners, LLC* v. *Scientific-Atlanta, Inc.,*
   552 U.S. --, 128 S.Ct. 761, 169 L.Ed.2d 627, 2008 U.S. LEXIS 1091 (2008)............. 7, 8

*Swierkiewicz* v. *Sorema N.A.,*
   534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ................................. 4

*Thompson* v. *Thompson,*
   484 U.S. 174, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988) ............................. 10

*Touche Ross & Co.* v. *Redington,*
   442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979) ............................... 10

*United States* v. *Richardson,*
   418 U.S. 166, 94 S.Ct. 2490, 41 L.Ed.2d 678 (1974) ............................... 5

*Warth* v. *Selding,*
   422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed. 2d 343 (1975) ........................... 4, 5

*Wisdom* v. *First Midwest Bank,*
   167 F.3d 402 (8th Cir. 1999) .................................................................. 11

**Statutes**

12 U.S.C. § 1828......................................................................................... 14

15 U.S.C. § 13a........................................................................................... 13

15 U.S.C. § 41 *et seq.*................................................................................. 13

15 U.S.C. § 45(b)......................................................................................... 13

15 U.S.C. § 78j .............................................................................................. 7

15 U.S.C. § 52.............................................................................................. 13

1

15 U.S.C. §§ 13a, 52, 57a, 78k-1 ................................................................. 1, 10

2

15 U.S.C., § 78k-1 ....................................................................................... 14

3

15 U.S.C., § 78k-1(b)(6) and (c)(3)(A) ....................................................... 14

4

18 U.S.C. § 1005 .......................................................................................... 12

18 U.S.C. § 1007 .......................................................................................... 12

5

18 U.S.C. § 1014 .......................................................................................... 12

6

18 U.S.C. § 1350(b) ..................................................................................... 13

7

18 U.S.C. § 1350(c)(2) ................................................................................. 13

8

18 U.S.C. § 371 ............................................................................................ 12

9

18 U.S.C. §§ 1341, 1343 .............................................................................. 11

10

18 U.S.C., §§ 371, 1005, 1007, 1014, 1341, 1343, 1344, 1348, 1349, 1350(b) ................ 1, 10

11

18 U.S.C., §§ 1348, 1349, 1350(b) .............................................................. 13

12

Business and Professions Code §§ 17200, *et seq* ........................... 1, 2, 6, 7, 10

Section 17500 ........................................................................... 1, 2, 7, 9, 10

13

**Rules**

14

FRCP 12(b)(1) ...................................................................................... 1, 4, 16

15

FRCP 8(a) ............................................................................................ 14, 15

Rule 8 .......................................................................................................... 15

16

Rule 12(b)(6) ................................................................................................. 4

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>**NOTICE OF MOTION AND MOTION TO DISMISS**</u>

2    **TO ALL PARTIES AND TO THEIR ATTORNEY(S) OF RECORD:**

3    NOTICE IS HEREBY GIVEN that, on July 11, 2008 at 9:00 a.m. in Courtroom 3

4    of the above-entitled Court located at 280 South 1st Street, San Jose, CA 95113, the Hon.

5    Jeremy Fogel presiding, Defendants CITIGROUP INC. ("Citigroup"), SANFORD

6    WEILL, CHARLES PRINCE, GOLDMAN SACHS GROUP, INC. ("Goldman")[1], THE

7    BEAR STEARNS COMPANIES, INC. ("Bear Stearns"), and JAMES CAYNE

8    (collectively referred to as "Banker Defendants") will move to dismiss this action with

9    prejudice pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6).

10    The Motion will be made on the grounds that: (1) Plaintiff MICHAEL

11    BLOMQUIST ("Plaintiff" or "Mr. Blomquist") lacks standing to pursue his purported

12    claims; (2) Plaintiff cannot maintain a claim against the Banker Defendants for

13    securities fraud or for violations of California Business & Professions Code sections

14    17200, *et seq.* or 17500, *et seq.*, because there is no aider and abettor liability under those

15    statutes; (3) Plaintiff cannot recover under statutes for which there is no private right of

16    action[2]; and (4) Plaintiff's FAC fails to state a claim upon which relief can be granted

17    because it is not a "short and plain statement of the claim showing that the pleader is

18    entitled to relief." Nor is it stated with the particularity required for a fraud claim. As

19    set forth below, the Banker Defendants are entitled to dismissal of the FAC.

20    This Motion will be based upon this Notice of Motion and Motion, the following

21    Memorandum of Points and Authorities, the complete files and records of this action,

22    and such other oral and documentary evidence as may be introduced at the hearing.

23    ---

[1] The First Amended Complaint (the "FAC") improperly names Goldman Sachs Group,
24    Inc. as a defendant in this action. Goldman Sachs Group, Inc. is merely a publicly-
traded holding company, and as a result, its actions cannot form the basis for any
25    liability to Plaintiff. Goldman Sachs Group, Inc. moves to dismiss the claims against it
on this additional basis.
26
[2] Specifically, Plaintiff cannot recover for alleged violations of the following statutes,
27    which are listed in the FAC: 12 U.S.C. § 1828; 15 U.S.C. §§ 13a, 52, 57a, 78k-1; 18
U.S.C. §§ 371, 1005, 1007, 1014, 1341, 1343, 1344, 1348, 1349, 1350(b).
28

KYL_SF462263

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **STATEMENT OF ISSUES TO BE DECIDED**

Plaintiff's 40-page FAC purports to chronicle his view of the reasons for and impact of the current "mortgage crisis." He complains primarily that the "Lender" defendants should not have sold the mortgages they did, and that the "Agency" defendants failed in their oversight of the "Lenders." But nowhere in Plaintiff's disjointed and wholly unparticularized pleading does he state a cognizable legal claim against the three investment banking firms he refers to as the "Bankers."

Even taking all the facts and opinions stated in the FAC as true, Plaintiff's claim is so disconnected from the generalized "harm" of the "mortgage crisis" that he does not even have standing to bring a claim. Plaintiff did not file a loan application with any of the defendants. He did not receive a loan from any of the defendants. He did not rely on the statements of any of the defendants. He did not enter into any contracts or other business relationships with the defendants. Moreover, Plaintiff does not claim any wrongdoing by the Bankers. He alleges only that they acted as investment banks, and makes the generalized statement, unsupported by any factual pleading, that "the worst offenders and biggest benefactors of the [unspecified] fraud have been the investment bankers." (FAC, ¶12.) Generalized grievances such as Plaintiff's are not cognizable legal claims. Plaintiff's FAC should be dismissed because:

(1)  Plaintiff lacks standing to pursue his purported causes of action;

(2)  Plaintiff has not pled facts supporting a claim that the Bankers aided or abetted the actions of others, and, as a matter of law, Plaintiff cannot pursue "aider and abettor" liability for securities fraud or for violations of California Business and Professions Code sections 17200 *et seq.* and 17500 *et seq.*;

(3)  There is, in any event, no private right of action for many of Plaintiff's

2

1    claims; and

2    (4)    The FAC fails to state a claim upon which relief can be granted, because it

3        is not a "short and plain statement of the claim showing that the pleader is

4        entitled to relief," nor is it stated with the particularity required for a fraud

5        claim.

6        In short, Plaintiff is upset by the current economic state and his difficulty finding

7    work as a mortgage and real estate broker.  But absent some allegation that Plaintiff

8    himself has suffered harm, and that the Bankers caused that harm, there is no cause of

9    action that allows him to maintain his claims against the Bankers.  Plaintiff's claims

10   against the Bankers should therefore be dismissed.

11

12                **STATEMENT OF RELEVANT FACTS**

13

14       Plaintiff filed his original Complaint on or about August 9, 2007.  (*See* Original

15   Complaint.)  Plaintiff thereafter filed the FAC on or about September 10, 2007.  (*See*

16   FAC.)  In the FAC, Plaintiff grouped the various defendants into seven categories (e.g.,

17   "Lenders," "Bankers," "Ratings" and "Agencies").  (*See* FAC, ¶ 33.)  Plaintiff raises scant

18   allegations regarding the Banker Defendants; indeed, there are *no* allegations that

19   these defendants engaged in any wrongdoing whatsoever.  Instead, Plaintiff seeks to

20   hold the Banker Defendants liable for other defendants' alleged actions by alleging that,

21   "All Defendants knew, or by the exercise of reasonable care should have known, that the

22   false, misleading, unfair or deceptive statements [*allegedly by the Lenders*] would

23   restrain trade for business entities not willing to engage in unlawful activities.  All

24   Defendants have made, encouraged, caused, ratified, or permitted others to make untrue

25   or misleading statements that could restrain trade."  (*See* FAC, ¶ 52; *see also*, ¶¶ 56, 60,

26   63 for further examples of non-specific "aider and abettor" type allegations again the

27   defendants in this matter.)  As discussed below, these factual "allegations" are

28   insufficient as a matter of law to state cognizable claims against the Banker Defendants.

1

**ARGUMENT**

2

3   **I.    PLAINTIFF LACKS ARTICLE III STANDING TO ASSERT THE CLAIMS
         IN THE FAC**

4

5          A motion to dismiss under Rule 12(b)(6) of the FRCP tests the legal sufficiency of

6   the claims alleged in the complaint.  A court may dismiss a complaint where "it is clear

7   that no relief could be granted under any set of facts that could be proved consistent

8   with the allegations." *Swierkiewicz* v. *Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992,

9   152 L.Ed.2d 1 (2002).  Likewise, a complaint should be dismissed for lack of subject

10  matter jurisdiction under FRCP 12(b)(1) when a plaintiff has failed to plead any concrete

11  case or controversy that can be resolved by the Court.  Such standing is "the threshold

12  question in every federal case," and determines the power of the court to entertain the

13  suit.  *Warth* v. *Selding*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed. 2d 343 (1975).

14  The Supreme Court has pronounced that constitutional standing involves three

15  irreducible elements: <u>injury in fact</u>, <u>causation</u> and <u>redressibility</u>.  *Lujan* v. *Defenders of*

16  *Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).  To survive a

17  motion to dismiss, the plaintiff bears the burden of establishing that he has satisfied

18  ***each*** of these elements.  *Id.* at 561.  Plaintiff has failed to bear this burden.

19          **A.    The FAC Fails To Allege An Injury In Fact**

20          Initially, Plaintiff must show that he has suffered sufficient injury to satisfy the

21  "case or controversy" requirement of Article III of the United States Constitution.  To

22  satisfy this requirement, a plaintiff must show that he "has suffered an 'injury in fact'

23  that is (a) concrete and particularized and (b) actual or imminent, not conjectural or

24  hypothetical." *Friends of the Earth, Inc.* v. *Laidlaw Envtl. Sys. (TOC), Inc.*, 528 U.S.

25  167, 180-181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *Cetacean Cmty.* v. *Bush*, 386 F.3d

26  1169, 1174 (9th Cir. 2004).  This element also requires that the plaintiff himself be

27  injured. *Sierra Club* v. *Morton*, 405 U.S. 727, 734, 92 S.Ct. 1361, 1366, 31 L.Ed.2d 636

28  (1972).

1    Plaintiff does not even attempt to claim an injury in fact.  Rather, Plaintiff's chief

2  complaint seems to be that the so-called subprime mortgage crisis happened.  Plaintiff

3  spends page after page discussing the conditions and various loan products that he

4  believes led to the subprime crisis.[3]  Plaintiff, however, utterly fails to assert that *he* was

5  induced to take out a loan that he could not afford or that *he* was coerced to participate

6  in purported unlawful acts.  Such generalized grievances fail to establish that Plaintiff

7  has suffered any "injury in fact."  The Supreme Court repeatedly has held that when the

8  asserted harm is a "generalized grievance" shared by a large class of citizens, "that harm

9  alone normally does not warrant exercise of jurisdiction."  *Warth*, *supra*, 422 U.S. at 499;

10  *Schlesinger* v. *Reservists to Stop the War*, 418 U.S. 208, 221-227, 94 S.Ct. 2925, 41

11  L.Ed.2d 706 (1974); *United States* v. *Richardson*, 418 U.S. 166, 188-97, 94 S.Ct. 2490,

12  2952-2956, 41 L.Ed.2d 678 (1974); *Ex parte Le vitt*, 302 U.S. 633, 634, 58 S.Ct. 1, 82

13  L.Ed. 493 (1937).  Since Plaintiff has not alleged (nor could he) that he has suffered an

14  injury in fact, he lacks standing to bring this claim.

15  **B.    The FAC Fails To Assert That The Banker Defendants' Conduct**
16  **Caused Any Injury**

17    Even if Plaintiff could establish injury in fact (which he cannot), he must also

18  plead that his injury is fairly traceable to the challenged action of the defendant.  *Legal*

19  *Aid Soc'y of Hawaii* v. *Legal Services Corp.*, 145 F.3d 1017, 1030 (9th Cir. 1998).  Plaintiff

20  has failed to allege that his injury is traceable to any of the Banker Defendants' actions.

21  The Complaint does not make a single allegation that the Banker Defendants did

22  anything at all, much less *caused* his unspecified, amorphous injuries.  Plaintiff does

23  not plead that he: (i) is or was a client of any of the Banker Defendants; (ii) obtained a

---

24  [3] "Against Plaintiffs' [sic] advice and Plaintiffs' unwillingness to commit unlawful acts;
25  [sic] Plaintiffs' clients, referrals and prospective clients were enticed to and transacted
   business with the Defendants.  During the course of business these borrowers were
26  coerced to participate in unlawful acts, omissions and fraudulent statements to purchase
   over-priced, unaffordable homes. . . ."  (FAC, ¶ 5.)  "The continued violation of these laws
27  have [sic] continued to restrain trade by providing loans to borrowers who cannot afford
28  said loans."  (FAC, ¶ 69.)

KYL_SF462263

1    mortgage from any of the Banker Defendants; (iii) had a mortgage that was securitized

2    by any of the Banker Defendants; or (iv) was a purchaser in any debt offerings in which

3    the Banker Defendants may have participated.  Nor does he allege that any of the

4    Banker Defendants made any statements — false or otherwise — that caused him to

5    take any action or that led to any conduct that caused him injury.  Simply stated,

6    Plaintiff fails to allege any possible connection between himself and the Banker

7    Defendants or any conduct that fairly may be attributed, based on his allegations, to any

8    of the Banker Defendants. Accordingly, Plaintiff fails to satisfy this necessary element of

9    standing, as well.

10   **C.    The FAC Fails To Demonstrate Any Injury That May Be Remedied**
     **By This Court**
11

12   Finally, even if Plaintiff had pled and could in fact prove that he has suffered an

13   injury that can be traced to the Banker Defendants' actions — which he certainly has

14   not and likely cannot — he still lacks standing because the FAC fails to show that it is

15   "'likely' as opposed to merely 'speculative' that the injury will be redressed by a favorable

16   decision." *Lujan, supra*, 504 U.S. at 561, 112 S.Ct. at 2136, *citing Simon* v. *Eastern Ky.*

17   *Welfare Rights Organization*, 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450

18   (1976).  The primary redress that Plaintiff seeks is $10 million to fund a non-profit that

19   he alleges he will run to assist "defaulting homeowners" and "troubled lenders." (FAC,

20   Prayer for Relief, ¶ 4 at p. 39.)  The remedy sought by Plaintiff demonstrates that he,

21   individually, has suffered no harm, but rather seeks to remedy what he perceives as a

22   general societal and economic issue through the litigation of his claims.  Accordingly,

23   Plaintiff's FAC should be dismissed.

24   **D.    Plaintiff's Unfair Competition Claims Also Should Be Dismissed**

25   To the extent Plaintiff purports to assert claims arising under California's unfair

26   competition law ("UCL"), Business and Professions Code §§ 17200, *et seq.*, these claims

27   likewise must be dismissed for lack of standing. "After Proposition 64, a private person

28   has standing to sue under the UCL only if that person has suffered injury and lost

1  money or property 'as a result of such unfair competition'." *Joaquin* v. *Geico Gen. Ins.*

2  *Co.*, No. C 07-3259 JSW, 2008 WL 53150 (N.D. Cal. Jan. 2, 2008) (noting that the

3  purpose of Proposition 64 was to prohibit unfair competition lawsuits where there had

4  been no injury in fact under Article III's standing requirements.); *Daro* v. *Superior Court*

5  *of San Francisco*, 151 Cal.App.4th 1079, 1097 (2007). As the analysis above shows,

6  Plaintiff has failed to show that he has suffered any injury in fact. Thus, Plaintiff

7  cannot show that he has been injured by unfair competition within the meaning of the

8  California statute. The claim should be dismissed.

9  **II.    THE BANKER DEFENDANTS CANNOT BE LIABLE FOR "AIDING AND**

10  **ABETTING" OTHER DEFENDANTS' ALLEGED WRONGDOING.**

11      Plaintiff's FAC fails for the additional reason that he cannot invoke an "aiding

12  and abetting" theory to hold the Banker Defendants liable for other defendants' alleged

13  securities fraud and violations of California Business and Professions Code sections

14  17200, *et seq.* and 17500, *et seq.*

15      **A.    Securities Fraud**

16      To the extent Plaintiff's Sixth Cause of Action for securities fraud can be read to

17  allege the Banker Defendants' liability for aiding and abetting other defendants'

18  securities fraud,[4] it fails and must be dismissed.

19      The United States Supreme Court's recent pronouncement in *Stoneridge Inv.*

20  *Partners, LLC* v. *Scientific-Atlanta, Inc.*, 552 U.S. --, 128 S.Ct. 761, 169 L.Ed.2d 627,

21  2008 U.S. LEXIS 1091 (2008), reaffirmed its prior rulings that claims for securities fraud

---

22  [4] The Amended Complaint seeks recovery under Section 10(b) of the Securities Exchange

23  Act of 1934, codified at 15 U.S.C. § 78j, and "parallel regulations." (*See, e.g.*, FAC, ¶¶ 10,

24  69.) The Sixth Cause of Action is titled "fraudulent transaction of domestic securities."

     (*Id.*, ¶¶ 68-69.) The basis for those allegations is, however, entirely unclear. The FAC

25  does not even clearly identify any "security" at issue. It makes passing reference to

     Plaintiff's purchase of "securities which would benefit MB from decreases in some of the

26  Defendants' stocks" (FAC, ¶ 6), "security losses involv[ing] Providian, Washington

     Mutual and Countrywide" (*Id.* ¶ 69), and "debt offerings" (*Id.* ¶¶ 17, 18, 19), but it does

27  nothing to connect the allegedly improper loans and lending practices that are the focus

     of this case to those "securities."

28

1  under federal law do not extend to aiders and abettors. *Id.*, 128 S.Ct. at 769, 169

2  L.Ed.2d at 638, 2008 U.S. LEXIS 1091 at *15.  Instead, "the conduct of a secondary actor

3  must satisfy each of the elements or preconditions for liability" for securities fraud. *Id.*

4  Thus, allegations that an issuer's business partners knowingly entered into phony

5  transactions intended to increase the issuer's stock price and that the business partners

6  knew or were in reckless disregard of the issuer's intention to use the transactions to

7  inflate revenues and induce the reliance of investors, are insufficient to establish the

8  business partners' liability for securities fraud. *Id.*, 128 S.Ct. at 766-69.  The business

9  partners could be liable for securities fraud only if all of the elements of fraud were

10  applicable to them – i.e., they, ***themselves***, made a material misrepresentation or

11  omission, with scienter, there was a connection between the misrepresentation or

12  omission and the purchase or sale of a security, reliance upon the misrepresentation or

13  omission, economic loss, and loss causation. *Id.*, 128 S.Ct. at 768, *citing Dura Pharms.,*

14  *Inc.* v. *Broudo*, 544 U.S. 336, 341-42, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005).

15          Plaintiff does not allege facts which could give rise to the Banker Defendants'

16  primary liability for securities fraud.  Rather, he merely alleges that they – and all the

17  Defendants – "knew or should have known by the exercise of reasonable care that

18  security violations have occurred and are occurring as a result of a violation or

19  combination of violations . . . ."  (FAC, ¶ 69.)  These allegations are insufficient to state a

20  claim against the Banker Defendants for securities fraud.  Thus, Plaintiff's Sixth Cause

21  of Action for securities fraud should be dismissed as against the Banker Defendants.

22          **B.      California's Unfair Competition Law And False Advertising Statute**

23          To the extent the FAC can be read to allege the Banker Defendants' liability for

24  aiding and abetting other defendants' violations of California's unfair competition law,

25  codified at California Business and Professions Code sections 17200 *et seq.* ("Section

26  17200"), or California's false advertising statute, codified at California Business and

27

28

1    Professions Code sections 17500 *et seq.* ("Section 17500"),[5] it fails again.

2         The case of *Emery* v. *Visa Int'l Serv. Assoc.*, 95 Cal.App.4th 952 (2002), precludes

3    the Banker Defendants' liability under Section 17200 and Section 17500, both under

4    secondary liability and aiding and abetting theories.  In *Emery*, the California Court of

5    Appeal affirmed summary judgment in favor of Visa, finding that Visa did not exercise

6    requisite control over merchants marketing foreign lottery tickets to impose secondary

7    liability under Section 17200 and Section 17500.  *Id.* at 959-64.  The court held that:

8              [An] unfair practices claim under section 17200 cannot be
9              predicated on vicarious liability. . . . A defendant's liability
               must be based on his ***personal participation*** in the unlawful
10             practices and ***unbridled control*** over the practices that are
               found to violate section 17200 or 17500.
11

12   *Id.* at 960 (internal citations omitted) (emphasis added).  Because "Visa itself played no

13   part in preparing or sending any 'statement' that might be construed as untrue or

14   misleading under the unfair business practices statutes," it could not be liable for unfair

15   competition.  *Id.* at 964.  The false advertising claim also necessarily failed because

16   "even if Visa allowed the merchants to use its logo, trade name, or trademark, it would

17   not be liable for false advertising.  There is no duty to investigate the truth of

18   statements made by others."  *Id.* (citations omitted).  *See also Perfect 10, Inc.* v. *Visa*

19   *International Service Assoc.*, 494 F.3d 788, 808-09 (9th Cir. 2007) (affirming dismissal of

20   Section 17200 and 17500 causes of action for failure to state a claim, where the plaintiff

21   alleged the defendant's secondary and aiding and abetting liability only).

22        So too here, Plaintiff's Section 17200 and Section 17500 claims against the Banker

23

24   [5] The FAC seeks recovery under California's unfair competition law and its false
     advertising statute.  (*See, e.g.,* FAC, ¶¶ 10, 50, 54.)  It does not, however, include claims
25   based solely on those statutes.  Plaintiff's First Cause of Action, titled "UDAP; false or
     deceptive statements that restrain trade and creates [sic] unfair competition," and his
26   Second Cause of Action, titled "unsafe and unsound lending that restrains trade and
     creates unfair competition," are apparently based on Section 17200 and Section 17500.
27   (*Id.*)  The FAC does not specify on what factual basis Plaintiff alleges that the Banker
     Defendants are liable under Section 17200 and Section 17500.
28

1  Defendants are not based on the Banker Defendants' "personal participation" or

2  "unbridled control" over the other defendants.  They are, instead, based on fatally flawed

3  allegations that the Banker Defendants "knew, or by the exercise of reasonable care

4  should have known" of other parties' allegedly improper lending practices, and that the

5  Bankers "encouraged, caused, ratified, or permitted" those practices.  (*See* FAC, ¶¶ 52,

6  55-56.)  The *Emery* and *Perfect 10* cases are dispositive of Plaintiff's claims against the

7  Bankers under Section 17200 and Section 17500.  Those claims must be dismissed.

8  **III.    THERE IS NO PRIVATE RIGHT OF ACTION FOR MOST OF THE**
9  **STATUTORY VIOLATIONS PLAINTIFF ALLEGES**

10  Several of plaintiff's scattershot allegations of statutory violations fail for an

11  additional fundamental reason: There simply is no private right of action to enforce

12  them.[6]  In determining whether a statute provides a private remedy, the "central inquiry

13  [is] whether Congress intended to create, either expressly or by implication, a private

14  cause of action."  *Touche Ross & Co.* v. *Redington*, 442 U.S. 560, 575, 99 S.Ct. 2479, 61

15  L.Ed.2d 82 (1979).  If the statute does not expressly provide for a private right of action,

16  the court must determine whether Congress nonetheless implicitly intended to create

17  one.  *Northwest Airlines, Inc.* v. *Transport Workers*, 451 U.S. 77, 90-91, 101 S.Ct. 1571,

18  67 L.Ed.2d 750 (1981).  "Unless this congressional intent can be inferred from the

19  language of the statute, the statutory structure, or some other source, the essential

20  predicate for implication for a private remedy simply does not exist."  *Thompson* v.

21  *Thompson*, 484 U.S. 174, 179, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988) (internal citations

22  omitted).  Here, Plaintiff seeks to invoke several federal statutes that he plainly has no

23  right to enforce.

24  Most obviously, Plaintiff seeks to challenge "defendants'" compliance with

25  numerous criminal statutes found in Title 18.  Of course, criminal law is enforced by the

26

27  [6] Specifically, Plaintiff cannot recover for alleged violations of the following statutes, which are listed in the FAC:  12 U.S.C. § 1828; 15 U.S.C. §§ 13a, 52, 57a, 78k-1; 18

28  U.S.C. §§ 371, 1005, 1007, 1014, 1341, 1343, 1344, 1348, 1349, 1350(b).

KYL_SF462263
"BANKER" DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT — CASE NO. C07-04108 JF/HRL

government, not private individuals.  Hence, as the Supreme Court has recognized, a private right of action is "rarely implied" under a criminal statute.  *Chrysler Corp.* v. *Brown*, 441 U.S. 281, 316, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979).  In those few instances where a criminal statute was found to imply a private right of action, there was a clear "statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort* v. *Ash*, 422 U.S. 66, 79, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).  By contrast, the typical "bare criminal statute, with absolutely no indication that civil enforcement of any kind [i]s available to anyone," does not confer a private right of action. *Id.*  None of the criminal statutes Plaintiff cites are the ***rare exceptions*** that grant private citizens a right of enforcement.

For example, Plaintiff asserts — without a scintilla of factual support — that all defendants violated the mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343.  (FAC, ¶¶ 50, 54, 62.)  Three Circuits have expressly held that "Congress did ***not*** intend to create a private right of action in enacting either the mail or wire fraud statutes." (Emphasis added.) *Wisdom* v. *First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999); *see also Ryan* v. *Ohio Edison Co.*, 611 F.2d 1170, 1178 (6th Cir. 1979); *Bell Health-Mor, Inc.* 549 F.2d 342, 346 (5th Cir. 1977); *Napper* v. *Anderson, Henley, Shields, Bradford and Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974), *cert. denied*, 423 U.S. 837.  In fact, as far as the Banker Defendants are aware, "no court has interpreted the statute[s] to imply a civil remedy." *Ryan*, 611 F.2d at 1178.

Similarly, Plaintiff alleges that all defendants violated the bank fraud statute, 18 U.S.C. § 1344.  (FAC, ¶¶ 50, 54, 62.)  Again, every decision on record has held that there is ***no private right of action under this statute***. *Milgrom* v. *Burstein*, 374 F.Supp.2d 523, 529 (E.D.Ky. 2005); *Park Nat. Bank of Chicago* v. *Michael Oil Co.*, 702 F.Supp. 703, 704 (N.D. Ill. 1989).  Because a comparable civil cause of action for fraud already exists, there is "no need to create a new federal remedy by employing a private right of recovery under th[is] criminal statute[ ]." *Id.*

The result is the same with Plaintiff's allegation that all defendants engaged in a

1    conspiracy to defraud the United States in violation of 18 U.S.C. § 371.  (FAC, ¶ 54, 62.)

2    "It is clear that no private right of action can exist under 18 U.S.C. § 371." *Rapaport* v.

3    *Republic of Mexico*, 619 F.Supp. 1476, 1480 (D.D.C. 1985); *see also Lamont* v. *Haig*, 539

4    F.Supp. 552, 558 (D.S.D. 1982); *Rockefeller* v. *United States Court of Appeals Office for*

5    *the Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D. D.C. 2003); *Dugar* v. *Coughlin*, 613

6    F.Supp. 849, 852, n. 1 (S.D.N.Y. 1983).

7         It is further abundantly clear that Plaintiff has no right to pursue enforcement of

8    18 U.S.C. § 1014, which prohibits making false statements that overvalue property.

9    (FAC, ¶¶ 54, 62.)  Yet again, the reported decisions are unanimous:  There is no private

10   right of action for violations of this section.  *Fed. Sav. And Loan Ins. Corp.* v. *Reeves*, 816

11   F.2d 130, 137 (4th Cir. 1987); *Olympia Capital Corp.* v. *Newman*, 276 F.Supp. 646, 657

12   (C.D. Cal. 1967); *Park Nat. Bank of Chicago*, *supra*, 702 F.Supp. at 704.

13        Nor can Plaintiff rely upon 18 U.S.C. § 1005, which prohibits, *inter alia*, a bank

14   from making false entries in any book, report, or statement.  (FAC, ¶¶ 54, 62.)  As the

15   Seventh Circuit has held, this criminal statute "in no way confer[s] jurisdiction as to [sic]

16   civil controversies..." *Daviditis* v. *National Bank of Matoon*, 262 F.2d 884, 886 (7th Cir.

17   1959).

18        Of course, given the sheer number of criminal statutes Plaintiff invokes, courts

19   have not expressly addressed the implied private right of action question for each

20   statute at issue.  But even where it has not been resolved, there is no basis for departing

21   from the rule that the typical criminal statute engenders no private right of action.  *Cort*

22   v. *Ash*, *supra*, 422 U.S. at 79.

23        For example, Plaintiff alleges that all defendants violated 18 U.S.C. § 1007, which

24   prohibits making false statements to the Federal Deposit Insurance Corporation.  (FAC,

25   ¶¶ 54, 62.)  Nowhere does this spare statute suggest that Plaintiff, a private citizen and

26   former mortgage broker, should have a right to enforce a criminal statute regulating

27   fraud perpetrated on the FDIC.  Indeed, the very purpose of the statute is to protect the

28   FDIC, not Plaintiff or other private citizens.  *See D'Oench, Duhme & Co.* v. *FDIC*, 315

1  U.S. 447, 460-462, 62 S.Ct. 676, 86 L.Ed. 956 (1942).  Only the FDIC can prosecute

2  violations of this section; it does not need Plaintiff's help.

3      Similarly, Plaintiff has no private right of action (and no civil remedy) to pursue

4  claims that all defendants violated the Sarbanes-Oxley Act, 18 U.S.C., §§ 1348, 1349,

5  1350(b).  (FAC, ¶¶ 50, 54.)  Among other things, the Act requires periodic financial

6  statements filed with the SEC to be certified.  18 U.S.C. § 1350(b).  If these requirements

7  are violated, then the Act provides only for criminal penalties.  18 U.S.C. § 1350(c)(2).

8  There is no mention of civil remedies or any hint that private enforcement is allowed.

9      Plaintiff fares no better in his attempt to enforce violations of other federal

10  statutes.  For example, Plaintiff alleges that defendants violated the Federal Trade

11  Commission Act, 15 U.S.C. § 41 *et seq.* by disseminating false advertisements.  (FAC,

12  ¶¶ 50, 54; *citing* 15 U.S.C. § 52.)  As the Ninth Circuit has recognized, the FTC Act

13  authorizes enforcement only by the FTC, ***not*** private individuals.  15 U.S.C. § 45(b);

14  *Carlson* v. *Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973) (FTC Act "vests initial

15  remedial power solely in the Federal Trade Commission."); *Dreisbach* v. *Murphy*, 658

16  F.2d 720, 730 (9th Cir. 1981).  Hence, "there is no private cause of action for violations of

17  the FTC Act."  *Fulton* v. *Hecht*, 580 F.2d 1243, 1248, n.2 (5th Cir. 1978), *cert. denied*, 440

18  U.S. 981; *see also Federal Trade Commission* v. *Klesner*, 280 U.S. 19, 25-27, 50 S.Ct. 1,

19  74 L.Ed. 138 (1929); *American Airlines* v. *Christensen*, 967 F.2d 410, 414 (10th Cir 1992).

20      Likewise, Plaintiff has no right to enforce the Banker Defendants' alleged

21  violation of the Robinson-Patman Act, 15 U.S.C. § 13a, which prohibits, *inter alia*,

22  selling goods at unreasonably low prices.  (FAC, ¶ 58.)  The Supreme Court has

23  expressly held "that a private cause of action does not lie" for alleged violations of 15

24  U.S.C. § 13a.  *Nashville Milk Co.* v. *Carnation Co.*, 355 U.S. 373, 382, 78 S.Ct. 352, 2

25  L.Ed.2d 340 (1958); *Safeway Stores* v. *Vance*, 355 U.S. 389, 390, 78 S.Ct. 358, 2 L.Ed.2d

26  350 (1958); *see also Englander Motors, Inc.* v. *Ford Motor Co.*, 293 F.2d 802, 803-04 (6th

27  Cir. 1961).

28      Similarly, Plaintiff has alleged that defendants violated a litany of provisions in

13

KYL_SF462263

1    the Securities Exchange Act, including 15 U.S.C., § 78k-1, which generally concerns the

2    regulation of a "national market system." (FAC, ¶ 69.)  However, enforcement of this

3    section is expressly delegated to the Securities and Exchange Commission — and no one

4    else.  *See, e.g.*, 15 U.S.C., § 78k-1(b)(6) and (c)(3)(A).  Therefore, there is no private

5    remedy for individuals like Plaintiff.  *Scattered Corp.* v. *Chicago Stock Exchange, Inc.*, 98

6    F.3d 1004, 1006-1007 (7th Cir. 1996).

7        Finally, Plaintiff has no right to seek relief for the Banker Defendants' alleged

8    violation of 12 U.S.C. § 1828, which establishes various regulations for insured

9    depository institutions.  (FAC, ¶ 54.)  Plaintiff does not explain how he believes the

10   Banker Defendants violated this section, which regulates a wide variety of subject

11   matters.  However, even if Plaintiff could proffer any such explanation, the only decision

12   on record holds that Congress did ***not*** intend to imply a private cause of action through

13   this section.  *Lode* v. *Leonardo*, 557 F.Supp. 675, 678-680 (N.D.Ill. 1982).

14       Even if Plaintiff had stated a proper factual basis for his claims (which he has

15   not), he cannot recover under most of the statutes he cited in the FAC.  This is yet

16   another reason why Plaintiff's claims fail as a matter of law, and the Banker

17   Defendants' Motion to Dismiss should be granted.

18   **IV.    THE FAC SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

19       Even if this Court determines that Plaintiff has standing to bring any of his

20   deficient claims, the FAC still should be dismissed because Plaintiff has failed to state a

21   claim upon which relief can be granted.  Plaintiff's generalized FAC does not meet the

22   most basic pleading requirement—a "short and plain statement of the claim showing

23   that the pleader is entitled to relief." FRCP 8(a)(2).  Far from being a "plain statement,"

24   Plaintiff's complaint is an incomprehensible and unintelligible pleading that fails to set

25   forth the nature of his grievances against the Banker Defendants, the legal theories that

26   give rise to his claims, or the grounds upon which relief may be provided.

27       At best, the FAC is a mere recitation of state and federal statutes that he

28   conclusorily asserts the defendants — lumped together as a whole — violated.  Such

1    "labels and conclusions" fall woefully short of the requirements of Rule 8. *Bell Atlantic*

2    v. *Twombly*, 550 U.S.---, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) ("Plaintiff's

3    obligation to provide the 'grounds' of his 'entitlement' to relief requires more than labels

4    and conclusions. . . [f]actual allegations must be enough to raise a right to a relief above

5    the speculative level."); *Epstein* v. *Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)

6    ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a

7    motion to dismiss for failure to state a claim.").

8        As the Supreme Court recently reiterated, every complaint must, at a minimum,

9    "give the defendant fair notice of what the . . . claim is and the grounds upon which it

10   rests." *Bell Atlantic*, *supra*, 127 S.Ct. at 1955, *citing Conley* v. *Gibson*, 355 U.S. 41, 47,

11   78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Even with the most liberal reading of the FAC, the

12   Banker Defendants have been unable to discern any cognizable legal theory or factual

13   predicate giving rise to a claim properly asserted against them.

14       Such pleading deprives each defendant of a fair and meaningful opportunity to

15   defend itself. FRCP 8(a); *Appalachian Enters*. v. *ePayment Solutions, Ltd.*, No. 01-CV-

16   11502 (GBD), 2004 WL 2813121, at *6 (S.D.N.Y. Dec. 8, 2004). The FAC does not

17   identify any particular wrong that the Banker Defendants have committed, and they

18   should not be forced to guess *which* acts they "either committed, caused others to

19   commit, ratified or endorsed."[7] As such, the Banker Defendants can neither answer the

20   FAC nor prepare for trial. Dismissal of the FAC is proper, where, as here, the complaint

21   is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if

22   any, is well disguised." *Salahuddin* v. *Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

23       Beyond this, Plaintiff's unspecified allegations of fraud pervade every single cause

24   of action. FRCP 9(b) requires that "in alleging fraud or mistake, a party must state with

25

26   [7] *See, e.g.*, FAC ¶ 46: "At all relevant times, each Defendant has either committed the
     acts, caused others to commit the acts, ratified the commission of the acts, endorsed or
27   permitted others to commit the acts alleged in this Complaint and has made, caused,
28   ratified, or permitted others to commit the acts alleged in this Complaint."

1  particularity the circumstances constituting the fraud or mistake." This FAC, which

2  identifies neither what the Bankers have allegedly done nor how those unspecified

3  actions might have harmed Plaintiff, fails completely to meet FRCP 9(b)'s standard. As

4  Plaintiff's fraud allegations are interwoven in every purported cause of action, this

5  failing mandates dismissal of the entire FAC.

6  **V.    CONCLUSION**

7         For the reasons discussed above, the Banker Defendants respectfully request that

8  this Court grant their Motion to Dismiss the Complaint pursuant to Federal Rules of

9  Civil Procedure 12(b)(1) and 12(b)(6).

10                                    /s/ Peter R. Boutin[8]

11  DATED: May ____, 2008         _____

12                                PETER R. BOUTIN
                                  peter.boutin@kyl.com
13                                CHRISTOPHER A. STECHER
                                  christopher.stecher@kyl.com
14                                KEESAL, YOUNG & LOGAN
                                  Four Embarcadero Center, Suite 1500
15                                San Francisco, CA 94111
                                  (415) 398-6000

16                                Attorneys for Defendants
                                  CITIGROUP INC.; SANFORD WEILL; and
17                                CHARLES PRINCE

18                                    /s/

19  DATED: May ____, 2008         _____

20                                JAMI WINTZ McKEON, CASB No. 237923
                                  jmckeon@morganlewis.com
21                                ELIZABETH A. FROHLICH, CASB No. 195454
                                  efrohlich@morganlewis.com
22                                MORGAN LEWIS & BOCKIUS
                                  One Market
23                                Spear Street Tower
                                  San Francisco, CA 94105
24                                (415) 442-1000

25                                Attorneys for Defendant
                                  GOLDMAN SACHS GROUP, INC.

26  _____

27  [8] I hereby attest that all parties to this Motion have signed this Motion or have
authorized me to sign the Motion on their behalf as indicated by a "conformed" signature
28  (/S/).  Keesal, Young & Logan has all signatures or written authorizations in its files.

"BANKER" DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT — CASE NO. C07-04108 JF/HRL

1

2
DATED:  May ____, 2008

/s/
_____

3
JOHN B. SULLIVAN, CASB No. 96742
jbs@severson.com

4
REGINA J. MCCLENDON, CASB No. 184669
rjm@severson.com

5
ERIK KEMP, CASB No. 246196
ek@severson.com

6
SEVERSON & WERSON
One Embarcadero Center, Suite 2600

7
San Francisco, CA 94111
(415) 398-3344

8

9
Attorneys for Defendant
THE BEAR STEARNS COMPANIES, INC. and
JAMES CAYNE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_SF462263

"BANKER" DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT — CASE NO. C07-04108 JF/HRL