Michael Blomquist
18234 Daves Avenue
Los Gatos, CA 95030
Telephone: (408) 399-0590

Email address: michaelsblomquist@gmail.com

Plaintiff Pro Se

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL BLOMQUIST, | CASE NO. C07-04108 JF |
| Plaintiff, | PLAINTIFF'S JOINT CASE MANAGEMENT STATEMENT |
| vs. | |
| WASHINGTON MUTUAL, a Washington corporation; KERRY K. KILLINGER; JOSEPH W. SAUNDERS; COUNTRYWIDE HOME LOANS, INC. a Delaware corporation; ANGELO MOZILO; WACHOVIA CORPORATION, a North Caroline corporation; KEN THOMPSON; CITIGROUP, a Delaware corporation; SANFORD WEILL; CHARLES PRINCE; GOLDMAN SACHS GROUP, INC., a Delaware corporation; HENRY PAULSON; BEAR STEARNS COMPANIES, INC., a Delaware corporation; JAMES CAYNE; THE MCGRAW HILL COMPANY, INC., A Delaware corporation; HAROLD MCGRAW III; WELLS FARGO & COMPANY, a Delaware corporation; PATRICIA R. CALLAHAN; HERBERT M. SANDLER; ROCK HOLDINGS, INC., a Delaware corporation; EXPERIAN CORPORATION, a Delaware corporation; FIMALAC, INC., a Delaware corporation; MOODYS CORPORATION, a Delaware corporation; JAMES E. GILLERAN; JOHN M. REICH; JOHN D. HAWKE JR.; JOHN C. DUGAN; SUSAN SCHMIDT BIES; DONALD E. POWELL; SHEILA C. BAIR, | Date: May 30, 2007<br>Time: 10:30 a.m.<br>Place: Courtroom 3<br><br>Hon. Jeremy Fogel |
| Defendants. | |

PLAINTIFF'S CASE MANAGEMENT STATEMENT C07-04108 JF

All named defendants have been served summons and complaint since the last Case Management Conference ("CMC") on February 29, 2008.

All named defendants have acknowledged proof of service with the exception of: Henry Paulson and defendants sued under the Administrative Procedure Act ("APA"). Henry Paulson was/is named in complaint for securities fraud, antitrust and unfair competition. APA defendants are: James E. Gilleran, John M. Reich, John D. Hawke Jr., John C. Dugan, Susan Schmidt Bies, Donald E. Powell and Sheila C. Bair.

During the next Case Management Conference scheduled for May 30, 2008 Plaintiff, Michael Blomquist ("MB") will request leave to file second amended complaint ("SAC"). SAC will remove all claims and defendants in violation of APA. Henry Paulson was not alleged to have violated the APA and will remain listed as a defendant in the SAC pertaining to charges listed above. MB respectfully requests that proposed hearing for motions to dismiss be delayed until defendants have received SAC.

Drafting of SAC will be completed by hired counsel or assisted by reference of recently discovered, related case. Related case has met heightened pleading standard of securities fraud, trial date is pending. Related cases provide an excellent reference for Pro Se litigant, MB and essentially apply to all claims against all defendants. In order to pursue efficient use of Court's time, MB requests leave to draft SAC until after related, pending case status conference. Request for status conference was filed on May 19, 2008 and is available at, http://michaelblomquist.com/casespending/07CV06923MRP/Document154.pdf. Docket and additional links to documents can be found at, http://michaelblomquist.com/casespending/07CV06923MRP/Docket.htm.

It should be noted that all related cases reference the guidance on non-traditional mortgage products. MB was instrumental in the ANPR for Nontraditional mortgage products by persistent phone calls, emails and letters to the agencies, legislators, law enforcement and media. MB was the only broker of potentially millions who should have addressed the fraud and decline in lending standards. MB presented one of the only dissenting comments on Nontraditional mortgage products. The proliferation of these products does not bode well for agents' desire or

regulators ability to uphold fiduciary duties.  MB's comments can, found at,

http://www.fdic.gov/regulations/laws/federal/2005/05comguide.html

    Ironically, one of Countrywide's defenses in related securities fraud case above is the "Truth-on-the-Market" stating that investors knew the true facts concerning Countrywide's unsound lending practices,  available at p. 34,

http://michaelblomquist.com/casespending/07CV06923MRP/Document120.pdf

    In this same document a former Countrywide loan processor in Alaska explained that branch managers pushed low or no documentation loans…borrowers were often approved for loans based on patently ridiculous stated incomes, including a cab driver who claimed to earn $13,000 per month, available at p. 49,

http://michaelblomquist.com/casespending/07CV06923MRP/Document120.pdf

    This defense and employee's statement raises questions as to how S&P, Moodys, Fitch or investment bankers could properly rate and underwrite debt offerings which aided and abetted original loan fraud, see *Aiello v. Lehman* 471 F. 3d 977 also available at,

http://michaelblomquist.com/case-law/aiello-v-lehman/

    In support of SAC, MB references document No. 10 of related case.  Document No. 10 is a standing order file by Judge John F. Walter and states,

> Even after a Complaint has been amended or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." Fed.R.Civ.P. 15(a).  The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1999).

Available at,

http://www.michaelblomquist.com/casespending/07CV06923MRP/Document10.pdf

    Related case was discovered by MB after publication of an article written by Gretchen Morgensen in the New York Times, available at,

http://www.nytimes.com/2008/05/15/business/15countrywide.html

(last viewed on May 20, 2008).

MB has had prior conversations with Morgensen regarding lending practices.  MB is hopeful Morgensen will write an article about MB's case, which should help MB find legal representation.  Although interviewed counsel no longer questions MB's allegations of rampant fraud, many conflicts still exist.  In addition, most large plaintiff firms are now committed to multi-billion dollar class actions.  Small firms are still willing to accept on a non-contingent basis, but MB cannot afford their services.

Additional, related articles by Morgensen are available at, http://www.nytimes.com/2008/05/18/business/18gret.html and http://www.nytimes.com/2008/04/06/business/06gret.html?scp=1&sq=4506+gretchen&st=nyt (last viewed on May 20, 2008)

MB is confident that the majority of discovery can be limited to review and verification of incomes within defendants' "Nontraditional" and traditional loan files.  The benefits of this evidence are that there will be no need for interpretation of data or expert testimony; numbers don't lie.  In addition, the verification of incomes is easily accomplished through the use of IRS forms 4506 and 4506-T.  At the CMC on May 30, 2008, MB will request for initial discovery of "Lender" defendants' loan files.  Receipt and verification of said loan files should be sufficient to grant a summary judgment on all claims.

Defendant Henry Paulson ("Paulson") has stated on numerous occasions that "laxed lending guidelines" and "market complexities" are the issues behind the credit crisis.  MB alleges that rampant fraud is the foundation of this epic crisis and such statements by Paulson are false and misleading.  Paulson's false statements do nothing to help homeowners or solve the crisis.  Paulson's statements only further conceal fraud and attempt to distance him from these unconscionable crimes.

A brief glance at the following chart supports MB's allegations and refutes Paulson's statements.  http://michaelblomquist.com/images/RateResets.png  (last visited May 20, 2008). Option ARMs are considerably more dangerous and destructive than subprime loans.  Option ARM payment resets will often cause payment increases of 300% versus a subprime payment increase of 30-50%.  Given that we are already at historic highs in the number of foreclosures

with a back drop of low unemployment and low interest rates the crisis will get much worse (emphasis added). We are at historic highs in foreclosures, but we have yet to peak in subprime resets.  The bulk of Option ARMs will not recast until mid to late 2011.

Another concern regarding the accuracy and future of foreclosures are that many lenders have delayed foreclosure proceedings.  Lenders could be waiting to foreclose for a variety of reasons; maintain better debt ratings in order to access more debt; knowledge that foreclosures will lead to additional write downs, wait and see what type of bail out programs congress passes. MB knows of numerous borrowers who have not made payments for almost one year and the lenders have yet to file a notice of default.  As more borrowers become aware of this fact the problem could create a snow ball effect.

MB is confident that the most inflated incomes (egregious violations of loan fraud) are associated with leveraged, "unqualified borrowers" in Santa Clara and San Mateo Counties during relevant periods.  A majority of these unqualified borrowers were deceived by extremely low payments found in option ARMs.  Studies have found that 36% of loan originations during 2006 in the San Jose Metro were option ARMs.

After 20 years of experience in the industry MB is highly seasoned and familiar with buyer personalities.  MB alleges that unqualified borrowers are most susceptible to predatory, deceptive and coercion to commit fraud.  These unqualified borrowers were often encouraged to over-bid on homes.  Over-bids would often include seller credits in order to provide exceptionally high commissions to loan agents.  In some cases the loan agents would refund some of the proceeds to the borrowers.  Unqualified borrowers were not concerned with fees or payments as long as they could purchase a home.

During the recent house oversight committee hearing on CEO compensation lending practices and compensation were discussed.  Congressman Kanjorski questioned defendant Mozilo as to why 18% of mortgages in a one particular pool had experienced a first payment default.  Available at, http://oversight.house.gov/documents/20080422110749.pdf.  Many of these mortgage pools were sold to foreign investors, insurance companies and pension funds as evidenced in the related case above.

MB reaffirms allegations that all Defendants were making fraudulent and misleading statements similar to related, consolidated, multi-billion dollar derivatives cases found at, http://michaelblomquist.com/casespending/07CV06923MRP/Document41.pdf and http://michaelblomquist.com/casespending/07CV05295MRP/Document186.pdf. Additional related case information involving a Countrywide employee can be found at, http://www.michaelblomquist.com/casespending/08CV00214LNH/Document15.pdf

MB respectfully requests that the court allow a similar, but delayed prosecution to that of the case listed above. Regardless if MB is able to find representation, MB is confident the procedural guidelines learned from the case above will be extremely helpful, just, and an inexpensive use of the Court's time.

MB has been cooperative and hopes to receive the same courtesy from defendants. On Friday April 18, 2008 MB sent an email in hopes of discussing ADR, text found at, http://michaelblomquist.com/email-1/ to defendants' counsel. Not one response or acknowledgment of email was received by MB. MB had previously granted stipulation to enlargement to respond.

Motions to dismiss were filed on time on May 12, 2008. Recent joint case management statement drafted by Experian eludes a level of cooperation that existed for a matter of hours. Email thread can be found at, http://michaelblomquist.com/email-1/#comment-5. (To protect against spam email addresses were removed) Defendants' joint case management statement can be found at, http://www.michaelblomquist.com/Docket/Document76.pdf

DATED: May 21, 2008

Respectfully submitted,
/s/ Michael Blomquist
Pro Se
18234 Daves Avenue
Los Gatos, CA 95030
(408)399-0590
michaelsblomquist@gmail.com