Lloyd Winawer (SBN 157823)
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025
Telephone: 650-752-3100
Facsimile: 650-853-1038
E-mail: lwinawer@goodwinprocter.com

Thomas M. Hefferon (pro hac vice)
Sabrina Rose-Smith (pro hac vice)
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: 202-346-4000
Facsimile: 202-346-4444
E-mail: thefferon@goodwinprocter.com
E-mail: srosesmith@goodwinprocter.com

Attorneys for Defendant
COUNTRYWIDE HOME LOANS, INC.
and ANGELO MOZILO

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE BRANCH

| | |
|---|---|
| MICHAEL BLOMQUIST,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON MUTUAL, a Washington corporation; KERRY K. KILLINGER; JOSEPH W. SAUNDERS; COUNTRYWIDE HOME LOANS, INC., a Delaware corporation; ANGELO MOZILO; WACHOVIA CORPORATION, a North Carolina corporation; KEN THOMPSON; CITIGROUP, a Delaware corporation; SANFORD WEILL; CHARLES PRINCE; GOLDMAN SACHS GROUP, INC., a Delaware corporation; HENRY PAULSON; BEAR STERNS COMPANIES, INC., a Delaware corporation; JAMES CAYNE; THE MCGRAW HILL COMPANY, INC., a Delaware corporation; HAROLD MCGRAW III; WELLS FARGO & COMPANY, a Delaware corporation; PATRICIA R. CALLAHAN; HERBERT M. SANDLER; ROCK HOLDINGS, INC., a Delaware corporation; EXPERIAN CORPORATION, a Delaware corporation; FIMALAC, INC., a Delaware corporation; MOODYS CORPORATION, a Delaware | C-07-04108-JF/HRL<br><br>**COUNTRYWIDE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   July 11, 2008<br>Time:   9:00 a.m.<br>Crtrm:  3 |

| | |
|---|---|
| 1<br>2<br>3<br>4 | corporation; JAMES E. GILLERAN; JOHN M. REICH; JOHN D. HAWKE, JR.; JOHN C. DUGAN; SUSAN SCHMIDT BIES; DONALD E. POWELL; SHEILA C. BAIR,<br><br>           Defendants. |

**NOTICE OF MOTION AND MOTION TO DISMISS**

**TO ALL PARTIES AND TO THEIR ATTORNEY(S) OF RECORD:**

Defendants Countrywide Home Loans, Inc. and Angelo Mozilo (the "Countrywide Defendants") hereby give notice that they will move to dismiss this action, with prejudice, on July 11, 2008 at 9:00 a.m. in Courtroom 3 of the United States District Court for the Northern District of California, San Jose Branch, located at 280 South 1st Street, San Jose, CA 95113, pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The Countrywide Defendants originally filed an Answer and Affirmative Defenses to the First Amended Complaint ("FAC") in this action on March 10, 2008. Since then, a number of defendants have filed motions to dismiss; for the sake of judicial efficiency, the Countrywide Defendants seek to join in (rather than separately brief) the arguments presented for dismissal as set forth in four of their co-defendants' motions to dismiss.

Accordingly, the Countrywide Defendants hereby give notice that they move to dismiss the FAC on the grounds set forth in each of the following motions, and the Countrywide Defendants adopt the arguments presented in support thereof:

    (1)    Defendants Citigroup, Inc., Sanford Weill, Charles Prince, Goldman Sachs Group, Inc., the Bear Stearns Companies, Inc., and James Cayne's ("Banker Defendants") Notice of Motion and Motion to Dismiss First Amended Complaint; Memorandum of Points & Authorities in Support Thereof.

    (2)    Wells Fargo and Company and Patricia R. Callahan's Notice of Motion and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, and Memorandum of Points & Authorities in Support Thereof.

    (3)    Defendant Experian Holdings, Inc.'s Motion to Dismiss Pursuant to

1　　　　　　　　　　Fed.R.Civ.P 12(b)(1) & (6) and 9(b).

2　　　　(4)　　Defendants The McGraw Hill Companies, Inc. and Harold W.
3　　　　　　　　McGraw, III's Notice of Motion and Motion to Dismiss the Amended
4　　　　　　　　Complaint.

5　　In addition, the Countrywide Defendants move for dismissal of the FAC's Sixth Cause of
6　Action, which purports to bring claims for violation of various securities laws, on the grounds that
7　Blomquist lacks standing, and the FAC fails to allege the claim in the detail required by federal
8　law.

9　　The Countrywide Defendants base their own motion on this Notice of Motion, the
10　accompanying Memorandum of Points and Authorities, the complete files and records in this
11　action (including the aforementioned filings by other defendants), and such oral and documentary
12　evidence as may be introduced at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court must dismiss Blomquist's FAC for the reasons set forth in certain co-defendants' pending motions to dismiss, because he failed to plead his standing to bring a securities fraud claim, and because, even if he could establish that he has standing, he failed to plead the required elements of a securities fraud claim.

**A.    The Entire Complaint Should Be Dismissed.**

**1.    The Co-Defendants Motions Provide Ample Ground For Dismissal.**

This Court has before it a number of well-briefed motions to dismiss, previously filed by most of the defendants in this case. Among the grounds urged by those motions are that the plaintiff lacks standing to sue, that there is no cause of action for many of the "claims" raised in the FAC, that the FAC does not meet the standards of Fed. R. Civ. P. 9(b), and that the FAC fails to state a claim in any event. "Defendants Citigroup, Inc., Sanford Weill, Charles Prince, Goldman Sachs Group, Inc., the Bear Stearns Companies, Inc., and James Cayne's ("Banker Defendants") Notice of Motion and Motion to Dismiss First Amended Complaint; Memorandum of Points & Authorities in Support Thereof;" "Wells Fargo and Company and Patricia R. Callahan's Notice of Motion and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, and Memorandum of Points & Authorities in Support Thereof;" "Defendant Experian Holdings, Inc.'s Motion to Dismiss Pursuant to Fed.R.Civ.P 12(b)(1) & (6) and 9(b);" "Defendants The McGraw Hill Companies, Inc. and Harold W. McGraw, III's Notice of Motion and Motion to Dismiss the Amended Complaint."

The Countrywide defendants will not repeat those arguments here, so as to avoid further burdening the Court. But the Countrywide defendants join in them, and request dismissal of the FAC on the grounds set forth in those other defendants' motions to dismiss.

**2.    The FAC Does Not Meet Basic Rule 8 Standards.**

This Court should dismiss the FAC because Blomquist failed to meet the basic Rule 8(a) requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). Even given the most liberal reading, and allowing a *pro se* plaintiff the benefit of the doubt, the FAC does nothing more than level shrill

accusations in an introduction, cite various state and federal statutes (many of which do not provide for a private right of action), and asserts that most of the defendants violated all of the statutes listed. The Federal Rules require more. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. . .[f]actual must be enough to raise a right to relief above the speculative level."). To survive a motion to dismiss, the FAC must state more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and internal quotation marks omitted). A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Id.* at 1969 (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1155 (9th Cir. 1989)).

Rather than a plain statement of claims and damages that he suffered, Blomquist submitted a generalized attack on the mortgage lending industry. For each claim in the FAC, Blomquist failed to set forth a) the particular nature of his own grievance against the Countrywide Defendants, b) the legal theories that support his claims, c) the damages that he himself suffered, or d) the grounds upon which this Court may grant relief. Nor did Blomquist request relief that this Court has power to grant—requesting instead that the Court completely restructure standard mortgage agreements, set up a 10 million dollar nonprofit organization for the benefit of unnamed consumers, with no oversight and over which Blomquist has control.

Blomquist's failings are particularly acute with respect to his "claim" against Countrywide officer, defendant Angelo Mozilo. Despite being personally named, the FAC only refers to Mozilo one time and states no facts or allegations as to his conduct or role in any of the events in question. No plaintiff, pro se or otherwise, should be allowed to personally sue a corporate officer without basis and without revealing why.

The Court should dismiss the entire FAC because it lacks any relevant facts about the Countrywide Defendants or their acts or omissions, and it lacks any relevant facts showing Blomquist's entitlement to relief under any statute on which he purports to rely.

**B.   The Sixth Cause of Action Must Be Dismissed For Additional Reasons.**

Apart from the grounds for dismissal of the entire FAC, the "Sixth Cause of Action," for securities laws violations should be dismissed because Blomquist has not alleged any interest in any security. This failing gives rise to a problem with standing, and with his failure to allege a proper securities law claim.

### 1. Blomquist Lacks Standing.

To establish standing to bring a claim for securities law violations, Blomquist must allege that he owned, purchased or sold securities that were affected by alleged misconduct or false or misleading statements. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 735-36 (1975) (standing to bring a private damages action under section 10(b) is limited to actual "purchasers" or "sellers" of securities), *see* 15 U.S.C. §§ 78j(b), 78(i)(e). Although the Sixth Cause of Action is alleged to arise under the securities laws, Blomquist does not assert that he owned, purchased or sold any securities of Countrywide Financial Corporation ("CFC"), the only publicly-traded Countrywide-related company. The FAC at best alleges only that Blomquist suffered "security losses" and that such "[s]ecurity losses involve and are not limited to Providian, Washington Mutual, and Countrywide." FAC § 69. Blomquist never affirmatively asserted that he owned, purchased or sold CFC stock at all. The Court should dismiss this cause of action because it fails to establish the most basic element of a securities fraud claim.

### 2. Blomquist's Complaint Fails to Meet The PSLRA's Pleading Standards.

Separately, the FAC's Sixth Cause of Action must be dismissed because it does not meet other pleading requirements. The Private Securities Litigation Reform Act of 1995 ("PSLRA") contains heightened pleading standards governing securities fraud complaints. *In re Saxton Sec. Litig. v. Deloitte & Touche LLP*, 156 Fed. Appx. 917, 919 (9th Cir. 2005). Among other requirements, the PSLRA requires plaintiffs to specify each misleading statement or omission and specify why each statement or omission was misleading. *Id.*, *see* 15 U.S.C. § 78u-4(b)(1) (2008). Further, plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id.*, *see* 15 U.S.C. § 78u-4(b)(2). This Circuit mandates that securities plaintiffs "plead, in great detail, facts that constitute strong circumstantial

evidence of deliberately reckless or conscious misconduct." *Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.)*, 183 F.3d 970, 974 (9th Cir. 1999). Where the complaint alleges that multiple defendants violated Section 10(b), the Plaintiff must plead material misrepresentation and scienter, with particularity, for each individual defendant. *See Shurkin v. Golden State Vinters, Inc.*, 471 F. Supp. 2d 998, 1016 (N.D. Cal. 2006).

Blomquist did not allege that either of the Countrywide Defendants said or failed to say any specific thing at all, failed to explain how any statements are misleading, and failed to plead any state of mind with specificity. The FAC is particularly lacking as to the individual defendant, Angelo Mozilo, as to whom almost nothing is alleged. Under these circumstances, the Court must dismiss the claim.

### 3.     The Countrywide Defendants Cannot Be Liable For Aiding or Abetting Securities Fraud.

Blomquist cannot bring a claim against the Countrywide Defendants for aiding and abetting securities fraud because liability under federal law does not extend to aider and abettors. *Stoneridge Inc. Partners, LLC v. Scientific-Atlanta, Inc.*, 128 S.Ct. 761, 769 (2008). As the Supreme Court recently reaffirmed, a defendant can only be liable for securities fraud ***if the plaintiff can establish all of the elements of the alleged fraud as to that defendant***. *Id.*, citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005). As noted above, Blomquist's FAC does not allege facts to sufficient to show that Countrywide Home Loans, Inc. or Angelo Mozilo are liable for securities fraud individually. Blomquist cannot circumvent that standard with a vague allegation that the Countrywide Defendants aided or abetted other defendants' securities fraud.

### **CONCLUSION**

For all of the aforementioned reasons, the Countrywide Defendants request that the Court dismiss the FAC.

7

C-07-04108-JF/HRL
MOTION TO DISMISS
FIRST AMENDED COMPLAINT

| | |
|---|---|
| Dated June 6, 2008 | Respectfully Submitted,<br><br>GOODWIN PROCTER, LLP<br><br>By:   /s/ Thomas M. Hefferon<br>     Thomas M. Hefferon<br>     thefferon@goodwinprocter.com<br>     Lloyd Winawer<br>     lwinawer@goodwinprocter.com<br>     Sabrina Rose-Smith<br>     srosesmith@goodwinprocter.com<br><br>*Attorneys for DEFENDANTS COUNTRYWIDE HOME LOANS, INC. and ANGELO MOZILO* |

<b><u>PROOF OF SERVICE</u></b>

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10250 Constellation Blvd., Los Angeles, CA 90067.

On **June 6, 2008**, I served on the interested parties in said action the within:

**COUNTRYWIDE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

by placing a true copy thereof in a sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California to the following:

**Joshua M. Rubins**
Satterlee Stephens Burke & Burke
230 Park Ave
New York, NY 10169-0079
212-818-9200

**James J. Coster**
Satterlee Stephen Burke & Burke LLP
230 Park Avenue
New York, NY 10169
212-818-9200

By (MAIL)   I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

- AND -

By (ELECTRONIC MAIL)   I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed <u>below</u> by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). *"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."* to the following:

**Michael Scott-Alan Blomquist**
michaelsblomquist@gmail.com
18234 Daves Avenue
Los Gatos, CA 95030
408-399-0590

**Peter R. Boutin**
peter.boutin@kyl.com
Keesal Young & Logan
Suite 1500
Four Embarcadero Center
San Francisco, CA 94111
415-398-6000
Fax: 415-981-0136

| | | |
|---|---|---|
| 1 | **Christopher Alan Carr**<br>ccarr@afrct.com | **Martin L. Fineman**<br>martinfineman@dwt.com |
| 2 | Anglin, Flewelling<br>199 S. Los Robles #600 | **Sam N. Dawood**<br>samdawood@dwt.com |
| 3 | Pasadena, CA 91101-2459<br>(626) 535-1900 | Davis Wright Tremaine LLP<br>505 Montgomery Street |
| 4 | Fax: (626) 577-7764 | Suite 800<br>San Francisco, CA 94111-6533 |
| 5 | | 415-276-6500<br>Fax: 415-276-6599 |
| 6 | | |
| 7 | **Stephen Michael Rummage**<br>steverummage@dwt.com | **Melinda Mae Morton**<br>mmorton@be-law.com |
| 8 | Davis Wright Tremaine LLP<br>1201 Third Avenue | Bergeson, LLP<br>303 Almaden Blvd |
| 9 | Suite 2200<br>Seattle, WA 98101-3045 | Suite 500<br>San Jose, CA 95110 |
| 10 | 206-622-3150<br>Fax: 206-757-7700 | 408-291-6203<br>Fax: (408) 297-6000 |
| 11 | **Regina Jill McClendon, Esq**<br>rjm@severson.com | **Elizabeth Allen Frohlich**<br>efrohlich@morganlewis.com |
| 12 | **Erik Wayne Kemp**<br>ek@severson.com. | Morgan, Lewis & Bockius<br>One Market |
| 13 | **John B. Sullivan**<br>jbs@severson.com | Spear Street Tower<br>San Francisco, CA 94105 |
| 14 | Severson & Werson<br>One Embarcadero Center, 26th Floor | (415) 442-1000<br>Fax: (415) 442-1001 |
| 15 | San Francisco, CA 94111<br>415/398-3344 | |
| 16 | | |
| 17 | **Christopher A. Stecher**<br>christopher.stecher@kyl.com | **Charles G. Miller**<br>cmiller@bztm.com |
| 18 | Keesal Young & Logan<br>Four Embarcadero Center | Bartko Zankel Tarrant & Miller<br>900 Front Street |
| 19 | Suite 1500<br>San Francisco, CA 94111 | Suite 300<br>San Francisco, CA 94111 |
| 20 | 415-383-6000<br>Fax: 415-981-0136 | 415/956-1900<br>Fax: 415-956-1152 |
| 21 | **Jonathan Alan Patchen**<br>jpatchen@tcolaw.com | **John Raymond Warner**<br>rwarner@kayescholer.com |
| 22 | Taylor & Company Law Offices, LLP<br>One Ferry Building | Kaye Scholer LLP<br>1999 Avenue of the Stars Suite 1700 |
| 23 | Suite 355<br>San Francisco, CA 94111 | Los Angeles, CA 90067<br>310-788-1266 |
| 24 | 415-788-8200<br>Fax: 415-788-8208 | Fax: 310-229-1966 |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

1      I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

2      Executed on **June 6, 2008**, at Los Angeles, California.

```
        Britani N. Selzler                                 (Signature)
       (Type or print name)
```