Michael Blomquist
18234 Daves Avenue
Los Gatos, CA 95030
(408) 399-0590
michaelsblomquist@gmail.com
Pro se plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| Michael Blomquist,<br><br>                Plaintiff,<br><br>        vs.<br><br>WASHINGTON MUTUAL, a Washington corporation; KERRY K. KILLINGER;JOSEPH W. SAUNDERS; COUNTRYWIDE HOME LOANS, INC. a Delaware corporation; ANGELO MOZILLO; WACHOVIA CORPORATION, a North Carolina corporation; KEN THOMPSON CITIGROUP, a Delaware corporation; SANFORD WEILL; CHARLES PRINCE; GOLDMAN SACHS GROUP, INC., a Delaware corporation; HENRY PAULSON; BEAR STERNS COMPANIES,INC., a Delaware corporation; JAMES CAYNE; THE MCGRAW HILL COMPANY, INC., a Delaware corporation; HAROLD MCGRAW III; WELLS FARGO & COMPANY, a Delaware corporation; PATRICIA R. CALLAHAN; HERBERT M. SANDLER; ROCK HOLDINGS,INC., a Delaware corporation; EXPERIAN CORPORATION, a Delaware corporation; JAMES E. GILLERAN; JOHN M. REICH; JOHN D. HAWKE JR.; JOHN C. DUGAN; SUSAN SCHMIDT BIES; DONALD E. POWELL; SHEILA C. BAIR,<br><br>                Defendants. | Case No.: C07-04108 JF<br><br>LEAVE TO AMEND F.A.C. & MOTION TO POSTPONE JULY 11, 2008 HEARING DATE |

In the interests of justice and efficient use of time; plaintiff requests leave to amend first amended complaint and postponement of July 11, 2008 hearing to August 15, 2008 or soon thereafter.

Plaintiff recognizes the many deficiencies in the first amended complaint and is certain his second amended complaint can address and withstand all motions to dismiss. Plaintiff will file SAC on or prior to July 11, 2008. Recent case management conference is addressed below.

In support of leave to amend and postponement of hearing plaintiff submits the following exhibits: A,B&C.

Plaintiff has attached a Wells Fargo trading account (Exhibit A) for 2006 which substantiates significant trading losses allegedly resulting from securities fraud. These losses reflect only one account during one year. Plaintiff recognizes the risks involved with these securities, but again alleges that epic fraud and criminality was the cause of his losses and others unjust enrichment.

Plaintiff has also attached a chart including some of the defendants stock's performance (Exhibit B). As previously noted in other court filings there are numerous derivative claims against the same defendants by pension funds and others for tens if not hundreds of billions in damages. There are numerous pending cases against all the defendants with similar issues that have survived motions to dismiss.

Per the debt rating agencies I submit an article from Bloomberg (Exhibit C) which also alleges that the combination of rating agencies and Wall Street (investment banks) were required

1  for this epic fraud to have occurred.  "None of this could have
2  happened without the participation of Wall Street's three
3  biggest arbiters of credit Moody's, Investor Service, S&P and
4  Fitch Ratings.  About 80 percent of the securities carried AAA
5  ratings, the same designation given to U.S. Treasury bonds."
6      It is agreed by all parties that the FAC fails to state a
7  claim, but it is evident that the defendants recognize the
8  seriousness of the allegations; available at:
9  http://michaelblomquist.com//Defendants/McGrawHill/200710k.htm#L
10 egalProceedings.
11     Let it be noted that plaintiff has obtained a legal coach
12 to help draft SAC.
13     In further support of leave to amend and postponement of
14 July 11, 2008 hearing please consider the following:
15     a. FAC was the only complaint served upon defendants thus
16        the only document requiring a response.
17     b. Plaintiff had emailed defendants requesting a conference
18        so they could better understand claims and discuss a
19        possible ADR as to not burden the court.
20     c. Plaintiff granted enlargement of time for defendants'
21        response to FAC.
22     d. Defendants' counsel are professionally trained, educated
23        in law and much more experienced with responsive
24        pleadings or legal matters than pro se plaintiff.
25     e. Defendants had 2 or more attorneys to respond to one
26        complaint, while plaintiff alone has to respond to
27        numerous motions to dismiss, provide full-time care for
28        children and address current health problems.

LEAVE TO AMEND & MOTION TO POSTPONE JULY 11, 2008 HEARING DATE

f. Withstanding: Henry Paulson who is in default and Countrywide/Mozilo who have since changed original answer to motion to dismiss: All defendants filed motions to dismiss on the last day of extension of May 12, 2008.

g. During the May 30, 2008 CMC it did not appear that the honorable judge Fogel was aware that plaintiff did not agree to the July 11, 2008 hearing or the events that lead to setting the hearing date.  The hearing date was supposedly set during a phone conversation in April prior [emphasis added] to receipt of numerous motions to dismiss.  Plaintiff remembers discussing that the July 11, 2008 date as the first available date, but did not agree to the date.

h. It does not seem just that such a date of significance can be set without as much as an email.  Although this maybe second nature to trained legal professionals it is not to this pro se litigant.

i. Plaintiff emailed all defendants' counsel on Saturday, June 14, 2008 requesting stipulation for postponement of hearing, but as suspected the results from email and limited phone calls were not promising.  Emailed request is available at: http://michaelblomquist.com/email-1/#comment-6

j. Expense to court or parties for extension is virtually non-existent.

/s/Michael Blomquist
Michael Blomquist
18234 Daves Avenue
Los Gatos, CA 95030
(408)399-0590
pro se