Lloyd Winawer (SBN 157823)
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025
Telephone: 650-752-3100
Facsimile: 650-853-1038
E-mail: lwinawer@goodwinprocter.com

Thomas M. Hefferon (pro hac vice)
Sabrina Rose-Smith (pro hac vice)
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: 202-346-4000
Facsimile: 202-346-4444
E-mail: thefferon@goodwinprocter.com
E-mail: srosesmith@goodwinprocter.com

Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.
and ANGELO MOZILO

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE BRANCH

| | |
|---|---|
| MICHAEL BLOMQUIST,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL, a Washington corporation; KERRY K. KILLINGER; JOSEPH W. SAUNDERS; COUNTRYWIDE HOME LOANS, INC., a Delaware corporation; ANGELO MOZILO; WACHOVIA CORPORATION, a North Carolina corporation; KEN THOMPSON; CITIGROUP, a Delaware corporation; SANFORD WEILL; CHARLES PRINCE; GOLDMAN SACHS GROUP, INC., a Delaware corporation; HENRY PAULSON; BEAR STERNS COMPANIES, INC., a Delaware corporation; JAMES CAYNE; THE MCGRAW HILL COMPANY, INC., a Delaware corporation; HAROLD MCGRAW III; WELLS FARGO & COMPANY, a Delaware corporation; PATRICIA R. CALLAHAN; HERBERT M. SANDLER; ROCK HOLDINGS, INC., a Delaware corporation; EXPERIAN CORPORATION, a Delaware corporation; FIMALAC, INC., a Delaware corporation; MOODYS CORPORATION, a Delaware | C-07-04108-JF/HRL<br><br>**COUNTRYWIDE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:   July 11, 2008<br>Time:   9:00 a.m.<br>Crtrm:  3 |

corporation; JAMES E. GILLERAN; JOHN M. REICH; JOHN D. HAWKE, JR.; JOHN C. DUGAN; SUSAN SCHMIDT BIES; DONALD E. POWELL; SHEILA C. BAIR,

Defendants.

Defendants Countrywide Home Loans, Inc. and Angelo Mozilo (collectively, "the Countrywide Defendants"), hereby file their reply in support of their Motion to Dismiss. The Motion should be granted for the reasons stated previously, and for the following additional reasons:

1. Plaintiff Michael Blomquist has failed to oppose the Countrywide Defendants' Motion to Dismiss. For this reason alone, the Motion should be granted. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (order granting a motion to dismiss was proper where plaintiff failed to oppose the motion).

2. Blomquist now admits that the FAC does not meet the standards for Fed. R. Civ. P. 9(b). *See* Opposition at pp. 4:18-19; 4:26; 20:4-9. His FAC, permeated by his admittedly unspecific allegations of fraud, should be dismissed on that basis alone.

3. Blomquist again fails to establish that he has standing to bring a securities fraud claim. To demonstrate standing to bring a claim for securities law violations, Blomquist must allege that he owned, purchased or sold securities that were affected by alleged misconduct or false or misleading statements. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 735-36 (1975) (standing to bring a private damages action under section 10(b) is limited to actual "purchasers" or "sellers" of securities), *see* 15 U.S.C. §§ 78j(b), 78(i)(e). To cure his standing problem, Blomquist need only have stated in his Opposition that, if allowed to amend, he could affirmatively assert that he owned, purchased or sold CFC stock. He did not. The Court should dismiss this cause of action because it fails to establish the most basic element of a securities fraud claim, and should do so with prejudice because it is obvious that Blomquist will never surmount this standing hurdle.[1]

---

[1] Blomquist's reference to other cases filed against the Countrywide Defendants does not help him save the FAC in any event. Blomquist must allege facts showing that the Countrywide

4.  In opposing the dismissal motions filed by other defendants, Blomquist makes some assertions against the Countrywide Defendants. Treating those assertions as an attempt to bolster his claim, and thereby defeat the Countrywide Defendants' Motion, a brief analysis is in order:

   a.  The Opposition seeks to add to the FAC's factual material, listing links to pending cases against Countrywide, and stating that Defendant Angelo Mozilo has testified before Congress regarding executive compensation. Opposition at pp. 18:21-22, 19: 1-15. These additional statements are neither pertinent or helpful.

   b.  They are not pertinent because a plaintiff may not amend his pleading by way of the opposition to the motion to dismiss. *See U.S. Care, Inc. v. Pioneer Life Ins. Co.*, 244 F. Supp. 2d 1057, 1065 (C.D. Cal. 2002) (because plaintiff had not suggested that it could allege additional facts which supported its claim for relief, plaintiff's bare request to amend in opposition to motion to dismiss was denied as procedurally improper), *see also Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) (court did not err in denying request to amend imbedded within an opposition to a motion to dismiss as not properly raised, especially where plaintiffs did not set out new factual allegations in their opposition memorandum that, if added to the complaint, would have cured jurisdiction defect).

   c.  They are not helpful because Blomquist cannot meet his obligations under Rule 8 with mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. . .[f]actual must be enough to raise a right to relief above the speculative level."). Blomquist's "new" information about cases against Countrywide do not show how ***Blomquist*** is entitled to relief. Nor is the claim that Mr. Mozilo testified before Congress relevant to any claim that ***Blomquist*** has tried (and thus far failed) to make.

---

Defendants are directly liable to him for securities fraud. *Stoneridge Inc. Partners, LLC v. Scientific-Atlanta, Inc.*, 128 S.Ct. 761, 769 (2008) (defendant can only be liable for securities fraud if the plaintiff can establish the elements of the alleged fraud as to that defendant). As noted above, Blomquist conceded in his Opposition that the FAC does not allege facts sufficient to meet the pleading requirements for fraud generally. He cannot save his poorly plead suit by relying on others'.

5.  The Countrywide Defendants request that the FAC be dismissed with prejudice. The current complaint is Blomquist's second attempt to state a claim, and there is no reason to believe he will succeed in overcoming the hurdles defendants raise if he is given a third chance. Indeed, though the Court gave Blomquist the opportunity to show the Court whether an amended complaint would cure any deficiencies, Blomquist failed to attach a proposed Second Amended Complaint to the single opposition he filed.

## CONCLUSION

For all of the aforementioned reasons, and the reasons set forth in their original Motion to Dismiss, the Countrywide Defendants request that the Court dismiss the case with prejudice.

Dated July 7, 2008

Respectfully Submitted,

GOODWIN PROCTER, LLP

By: /s/ Thomas M. Hefferon
Thomas M. Hefferon
thefferon@goodwinprocter.com
Lloyd Winawer
lwinawer@goodwinprocter.com
Sabrina Rose-Smith
srosesmith@goodwinprocter.com

*Attorneys for DEFENDANTS COUNTRYWIDE HOME LOANS, INC. and ANGELO MOZILO*