MICHAEL J. STEINER (State Bar No. 112079)
mjs@severson.com
ERIK KEMP (State Bar No. 246196)
ek@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendants
WELLS FARGO & COMPANY and
PATRICIA R. CALLAHAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL BLOMQUIST,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON MUTUAL, a Washington corporation, et al.,<br><br>Defendants. | Case No.:  C07-04108 JF/HRL<br><br>**WELLS FARGO AND PATRICIA CALLAHAN'S STATEMENT OF NON-RECEIPT OF OPPOSITION TO MOTION TO DISMISS**<br><br>Hearing Date:  July 11, 2008<br>Time:  9:00 a.m.<br>Dept.:  Courtroom 3<br>Judge:  Hon. Jeremy Fogel<br>Complaint Date:  September 10, 2007<br>Trial Date:  Not Set |

Defendants Wells Fargo & Company and Patricia R. Callahan have received no opposition to their motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As explained below, the pleading defects in plaintiff Michael Blomquist's first amended complaint are incurable.  Accordingly, Wells Fargo and Callahan's motion should be granted without leave to amend, and this action should be dismissed with prejudice.

### I.     PROCEDURAL HISTORY

Wells Fargo, Callahan, and several other defendants filed motions to dismiss plaintiff's first amended complaint on May 12, 2008.  These motions are set for hearing on July 11, 2008.  At the case management conference held before this Court on May 30, 2008, plaintiff indicated that he believed the first amended complaint's flaws could be cured by amendment.  He requested a

- 1 -

1 continuance on the hearing and leave to file a second amended complaint.  The Court denied
2 plaintiff's requests, but suggested that he attach a copy of his second amended complaint to his
3 opposition(s) to the defendants' motions to dismiss.
4       Plaintiff's oppositions to the defendants' motions were originally due on June 20, 2008.  On
5 June 17, 2008, plaintiff renewed his requests to continue the hearing date and for leave to amend.
6 The Court denied these requests on June 24, 2008, but did grant plaintiff additional time, until June
7 30, 2008, to file oppositions to the defendants' motions to dismiss.
8       On July 1, 2008, plaintiff filed an untimely opposition to the motions to dismiss of the
9 McGraw Hill Companies, Inc., Harold McGraw III, FIMALAC, Inc., and Moody's Corporation's
10 (collectively referred to by plaintiff as the "CRAs").  Plaintiff has filed no other opposition to any
11 of the defendants' motions, including Wells Fargo and Callahan's motion.  Nor has he filed or
12 circulated a proposed amended complaint.

### II.  PLAINTIFF'S LACK OF STANDING CANNOT BE CURED BY AMENDMENT

14 Although plaintiff's first amended complaint is replete with defects—all of which he
15 acknowledges—the fundamental problem is that plaintiff has no standing to prosecute his claims.
16 Plaintiff has never explained how amendment would cure this defect.  Again, the Court
17 suggested that plaintiff attach a copy of his amended complaint to his oppositions to the
18 defendants' motions, so that the Court could evaluate whether amendment would make plaintiff's
19 claims viable.  As indicated above, plaintiff has neither opposed Wells Fargo and Callahan's
20 motion, nor tendered a proposed amended complaint.  Further, plaintiff's opposition to the CRAs'
21 motions—the only opposition he filed to any of the defendants' motions—does not even address,
22 let alone resolve, his standing problem.  Thus, since he requested leave to amend on May 30th,
23 plaintiff has never explained how amendment would salvage his admittedly flawed complaint.
24 Nor could he ever do so.  As set forth in Wells Fargo and Callahan's moving papers,
25 standing consists of three irreducible elements:  1) injury in fact; 2) causation; and 3) redressability.
26 *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Plaintiff simply does not allege that he
27 suffered any injury.  He alleges only that others were induced to take out loans they could not
28 afford, and that others were duped by supposed misrepresentations.  See Compl., ¶¶ 5, 8, 9.

- 2 -

1  Plaintiff's opposition to the CRAs' motion to dismiss reinforces this problem—as he continues to
2  bemoan only the losses others have suffered.  (See e.g., Plaintiff's Opp. 14:25-27.)  No amendment
3  could transform the supposed injuries of others into plaintiff's own.

4        Plaintiff's supposed securities losses are also insufficient to confer standing.  First, he does
5  not allege that he purchased any Wells Fargo securities.  Compl., ¶ 69.  Hence, any supposed injury
6  has nothing to do with Wells Fargo or Callahan.  But even if he had purchased Wells Fargo
7  securities, plaintiff acknowledges that "he was not forced to buy the securities." *Id.* ¶ 6.  Thus,
8  there is no causal connection between Wells Fargo or Callahan's conduct and his purported harm.

9        In fact, there is no causal connection between Wells Fargo or Callahan and plaintiff at all.
10 To confer standing, the alleged injury must be "fairly traceable" to the "challenged action of the
11 defendant." *Lujan,* 504 U.S. at 560.  Plaintiff does not plead that he had a business relationship
12 with the Wells Fargo or Callahan, that he obtained a mortgage from Wells Fargo, or that Wells
13 Fargo or Callahan made any statements—fraudulent or otherwise—that caused him to take any
14 action or that led to any injury.

15       In short, plaintiff's complaint is, and always will be, a generalized grievance with the
16 mortgage lending industry, not an allegation of any specific harm that this Court can adjudicate.
17 Accordingly, plaintiff lacks standing.  See e.g., *Schlesinger* v. *Reservists to Stop the War*, 418 U.S.
18 208, 221-227 (1974).  Amendment will not change this result.

19 **III.  WELLS FARGO AND CALLAHAN'S MOTIONS SHOULD BE GRANTED
       WITHOUT LEAVE TO AMEND AND THIS ACTION SHOULD BE
20     DISMISSED WITH PREJUDICE**

21       Dismissal without leave to amend is proper if amendment "would be futile in saving the
22 plaintiff's case." *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991).  Specifically, leave
23 to amend is properly denied when a standing defect is incurable—even if the plaintiff has not
24 previously been granted leave to amend. *Id.* at 1421, 1425.  A standing defect is incurable when
25 the plaintiff seeks to redress "generalized grievances," but cannot demonstrate any injuries to
26 himself that are causally linked to the defendant's conduct. *Id.*, at 1422, 1423.

27       Plaintiff seeks redress for generalized harm to "borrowers, investors, lenders and our entire
28 economy." (*See, e.g.,* Plaintiff's Opp. to CRAs' Mot. at 14:24-26.)  He has not demonstrated any

- 3 -

particular injury to himself, or any causal link between such an injury and Wells Fargo or Callahan. Again, no amendment can cure plaintiff's standing defects. Therefore, Wells Fargo and Callahan's motion should be granted without leave to amend.

For the same reason, the action should be dismissed with prejudice. *Chavez v. Blue Sky Natural Beverage Co.*, 503 F. Supp. 2d 1370, 1373-75 (N.D. Cal. 2007) (granting motion to dismiss original complaint with prejudice where "there are no other facts Plaintiffs could present to cure their lack of standing"); *Silva v. County of Los Angeles*, 215 F. Supp. 2d 1079, 1086 (C.D. Cal. 2002), *aff'd*, 2003 U.S. App. LEXIS 26500 (9th Cir. Dec. 29, 2003) (granting motion to dismiss original complaint with prejudice where "the standing defect cannot be cured by amendment").

## IV.   CONCLUSION

For all of these reasons, Wells Fargo and Callahan's motion to dismiss under Rule 12(b)(6) should be granted without leave to amend, and this action should be dismissed as to Wells Fargo and Callahan with prejudice.

DATED:  July 7, 2008         SEVERSON & WERSON
                             A Professional Corporation

                             By:      /s/   *ErikKemp*
                                         Erik Kemp

                             Attorneys for Defendant
                             WELLS FARGO & COMPANY and PATRICIA R. CALLAHAN

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.