1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
3  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
4  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
5  Facsimile:  (408) 297-6000

6  Attorneys for Defendants
   The McGraw-Hill Companies, Inc.
7  and Harold W. McGraw III

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL BLOMQUIST,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL, KERRY K. KILLINGER, JOSEPH W. SAUNDERS, COUNTRYWIDE HOME LOANS, INC., ANGELO MOZILLO, WACHOVIA CORPORATION, KEN THOMPSON, CITIGROUP, SANFORD WEILL, CHARLES PRINCE, GOLDMAN SACHS GROUP, INC., HENRY PAULSON, BEAR STERNS COMPANIES, INC., JAMES CAYNE, THE MCGRAW HILL COMPANY, INC., HAROLD MCGRAW III, WELLS FARGO & COMPANY, PATRICIA R. CALLAHAN, HERBERT M. SANDLER, ROCK HOLDINGS, INC., EXPERIAN CORPORATION, FIMALAC, INC., MOODY'S CORPORATION, JAMES E. GILLERAN, JOHN M. REICH, JOHN D. HAWKE JR., JOHN C. DUGAN, SUSAN SCHMIDT BIES, DONALD E. POWELL, and SHEILA C. BAIR,<br><br>Defendants. | Case No. C-07-04108-JF(HRL)<br><br>**DEFENDANTS THE MCGRAW-HILL COMPANIES, INC. AND HAROLD W. MCGRAW III'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Date:   July 11, 2008<br>Time:   9:00 a.m.<br>Before: Hon. Jeremy Fogel |

Defendants The McGraw-Hill Companies, Inc. and Harold W. McGraw III (collectively, the "McGraw-Hill Defendants") respectfully submit this reply memorandum in further support of

1

their motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 8, 9(b) and 12(b)(6) (D.E. #45).

## ARGUMENT

### I. THE MOTION TO DISMISS SHOULD BE GRANTED

Plaintiff's Amended Complaint ("Amended Complaint" or "AC") is by his own admission a "scattershot of allegations" (Pl. Opp. Br. at 20),[1] a rambling, incoherent collection of claims that vainly seeks to draw in 30 disparate corporate and individual defendants and assign blame to all for supposed misdeeds involving the issuance of residential mortgage loans and related securities. By motion filed on May 12, 2008, the McGraw-Hill Defendants timely moved for an Order dismissing all claims asserted against them in the Amended Complaint pursuant to Fed. R. Civ. P. 8, 9(b) and 12(b)(6). Plaintiff has since conceded, on two occasions, that the Amended Complaint is deficient. *See* June 17, 2008 "Motion for Leave to Amend F.A.C. & Motion to Postpone July 11, 2008 Hearing Date" (D.E. #89) at 2, 3 (Plaintiff "recognizes the many deficiencies" in his Amended Complaint and notes that it is "agreed by all parties that the [Amended Complaint] fails to state a claim"); Pl. Opp. Br. at 4, 20 (Plaintiff "acknowledges and agrees . . . that plaintiff's active complaint is deficient in regards to Fed. R. Civ. P. 9(b)"). On that basis alone, the motion should be granted.

Plaintiff's concessions aside, his opposition brief otherwise leaves no doubt that his Amended Complaint should be dismissed. The bulk of the opposition brief consists of new -- but equally incoherent and conclusory -- allegations that are no more sufficient to state a claim against the McGraw-Hill Defendants than those deficiently pleaded in the Amended Complaint. *See In re Verifone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993) ("[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim").

---

[1] References to "Pl. Opp. Br." are to Plaintiff's "Opposition to Defendants' (The McGraw-Hill Companies, Inc., Harold McGraw III, Fimalac, Inc., Moody's Corporation) Motions to Dismiss," filed on July 1, 2008. (D.E. #97).

Plaintiff's brief makes little attempt to address the arguments for dismissal advanced in the McGraw-Hill Defendants' moving brief. What attempt it does make, falls far short.

First, Plaintiff appears to have abandoned his claims that the McGraw-Hill Defendants should be liable for "unsafe and unsound lending" (Count II) or "selling products below cost" (Count III). Though the Amended Complaint cites in rote fashion numerous California laws in connection with these Counts, Plaintiff does not contest or even discuss the simple reality that he has failed to plead a violation of any of those statutes. *See* McGraw-Hill Defendants' Br. at 12-14.[2] This failure to respond itself constitutes an acknowledgement that those claims are legally deficient and should result in their dismissal. *See, e.g., Massaro v. Allingtown Fire Dist.*, No. 3:03-cv-00136, 2006 WL 1668008, at *5 (D. Conn. June 16, 2006) ("when a plaintiff's specific claim is attacked in a motion to dismiss, a plaintiff must rebut the defendant's argument against that claim or it shall be deemed abandoned"); *Valentino v. Continental Cas. Co.*, No. Civ. A. 99-1101, 2000 WL 33341979 at *5 (W.D. Pa. June 29, 2000) (plaintiff does not "make any attempt to distinguish the many cases cited by [defendant] in support of the proposition that her [claim] is not viable. I view [plaintiff's] failure to respond to [defendant's] argument in this regard to be a concession that the claim must be dismissed").[3]

Plaintiff also appears to have abandoned his claim for a violation of the federal securities laws (Count VI). Plaintiff's opposition brief mentions his securities fraud claim but once (Pl. Opp. Br. at 6), and Plaintiff makes no attempt even to argue that he has standing to bring a claim under Sections 9 or 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78i, j, let alone that the elements of those claims have been adequately pleaded in the Amended Complaint. *See*

---

[2] References to "McGraw-Hill Defendants' Br." are to the Memorandum of Points and Authorities in support of "Defendants' The McGraw-Hill Companies, Inc. and Harold W. McGraw III's Notice of Motion and Motion to Dismiss the Amended Complaint," filed on May 12, 2008. (D.E. #45).

[3] Nor does Plaintiff attempt to argue that any other of his claims against the McGraw-Hill Defendants that purport to rest, at least in part, on violations of California law (Counts I and IV) have been pleaded in accordance with the statutes on which they are based. *See* McGraw-Hill Defendants' Br. at 4-9, 14.

McGraw-Hill Defendants' Br. at 15-20.  As such, this claim also should be dismissed.  *See Massaro*, 2006 WL 1668008, at *5; *Valentino*, 2000 WL 33341979 at *5.

To the extent that Plaintiff's claims rely on allegations that sound in fraud and/or assert a violation of the federal antitrust laws, they fare no better.  Notwithstanding Fed. R. Civ. P. 9(b)'s requirement that fraud-based claims be pleaded with particularity, the Amended Complaint does not even identify *any* statement -- let alone plead one with particularity -- allegedly made by the McGraw-Hill Defendants.  Absent, as they are, of this required specificity, Plaintiff's fraud-based claims cannot stand, *see Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993), and Plaintiff's wholly conclusory accusations of fraud in his opposition brief cannot save them, no matter how many times they are repeated, *see Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) ("mere general allegations that there was fraud" cannot survive a motion to dismiss, "no matter how frequently repeated") (internal quotations omitted).

Nor does repetition rescue Plaintiff's deficient antitrust allegations.  Though Plaintiff proclaims that his claims "are at the foundation of the antitrust laws" (*see, e.g.,* Pl. Opp. Br. at 7), the Amended Complaint provides not a single allegation to indicate that this is in fact the case.  It is well established that in order to survive a motion to dismiss, an antitrust claim must allege, *inter alia*, (1) an antitrust injury, that is, an actual "injury to competition, beyond the impact on the claimant, within a field of commerce in which the claimant is engaged," *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 811 (9th Cir. 1988), and (2) enough factual matter to suggest an agreement, conspiracy, or combination in restraint of trade, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 65 (2007).  As noted in our moving brief, the Amended Complaint's bare allegations of these required elements are insufficient.  *See* McGraw-Hill Defendants' Br. at 9-12.  The additional, and equally conclusory, statements found in Plaintiff's opposition brief do not alter this analysis.  *See Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 507-08 (9th Cir. 1989) (to "successfully . . . allege injury to competition, a section one claimant may not merely recite the bare legal conclusion that competition has been restrained unreasonably") (internal citation omitted).

## II. THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

The Court has been extraordinarily patient with Plaintiff and his efforts to advance his case over the course of the past year. Since the commencement of this litigation in August of 2007, the Court has granted numerous requests by Plaintiff for additional time to serve his pleadings and to retain counsel and has scheduled and conducted three Case Management Conferences where Plaintiff was heard at length. During the last Case Management Conference on May 30, 2008, Plaintiff requested leave to serve a Second Amended Complaint. The request, made in the abstract, was denied at that time; instead Plaintiff was instructed by the Court to explain in his opposition papers how a Second Amended Complaint could cure the deficiencies of the First or to attach any proposed amendment to his opposition papers, then scheduled to be filed no later than June 20, 2008. Transcript of Proceedings, May 30, 2008 at 9-10. Instead of filing those opposition papers, on June 17, 2008, Plaintiff proffered a motion to postpone the July 11, 2008 hearing date, to extend his time to file opposition papers, and for leave to file a Second Amended Complaint. That motion, offered with no serious support at all, was then modified by Plaintiff to request, instead, that he be permitted to file a proposed Second Amended Complaint with his opposition papers. (D.E. # 90). By Order dated June 24, 2008, the Court declined to alter the schedule established at the Case Management Conference but granted Plaintiff ten additional days to file his papers in opposition to defendants' motions to dismiss. (D.E. # 93). Eleven days later, Plaintiff filed his brief in opposition to the motion of the McGraw-Hill Defendants. Although those papers, once again, contain a request for leave to file an amended pleading, Plaintiff did nothing to demonstrate how the pleading deficiencies in the active complaint could be cured by amendment and no proposed amended pleading was forthcoming.

A district court retains the discretion to dismiss a complaint with prejudice if, *inter alia*, an amendment would be futile. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (internal quotations omitted). Here, Plaintiff filed his first frivolous

5

THE MCGRAW-HILL DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT
CASE NO. C-07-04108-JF(HRL)

complaint in August 2007. He filed an amended but equally frivolous pleading in September 2007, against which the McGraw-Hill Defendants and others have moved. Having declined to file a proposed Second Amended Complaint when offered the opportunity and having failed to articulate how a Second Amended Complaint could cure the many deficiencies of his current pleading, plaintiff continues to seek another chance to extend this litigation and formally replead claims he has consistently demonstrated he cannot articulate in a legally cognizable manner. The McGraw-Hill Defendants respectfully request that that attempt be denied and Plaintiff's Amended Complaint be dismissed with prejudice. *See Aspenlind v. America's Servicing Co.*, No. 2:07-cv-0768, 2008 WL 686596, at *1, *5 (E.D. Cal. Mar. 13, 2008) (adopting findings and recommendations of magistrate judge recommending dismissal of pro se action without leave to amend; "plaintiff's claims, and arguments in opposition to dismissal, are patently frivolous. . . . As evidenced by plaintiff's complaint and the failure of her (untimely) oppositions to address the merits of defendant's motion, the court finds that amendment would be futile").

## CONCLUSION

Plaintiff's claims against the McGraw-Hill Defendants are, in all respects, frivolous. The Amended Complaint should be dismissed with prejudice.

Dated: July 7, 2008

BERGESON, LLP

By: _____/s/_____
        Melinda M. Morton

Attorneys for Defendants The McGraw-Hill Companies, Inc and Harold W. McGraw III

*Of Counsel:*

Floyd Abrams
Susan Buckley
Tammy L. Roy
Justin Giovannelli
Cahill Gordon & Reindel LLP
80 Pine Street
New York, New York  10005
(212) 701-3000