1  Rhonda Trotter, Bar Number 169241
   Julian Brew, Bar Number 150615
2  J. Raymond Warner, Bar Number 207892
   KAYE SCHOLER LLP
3  1999 Avenue of the Stars, Suite 1700
   Los Angeles, California  90067
4  Telephone:  (310) 788-1000
   Facsimile:  (310) 788-1200
5  Email address:  rtrotter@kayescholer.com
                   jbrew@kayescholer.com
6                  rwarner@kayescholer.com

7  Attorneys for Defendant EXPERIAN HOLDINGS, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL BLOMQUIST,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL, a Washington corporation; KERRY K. KILLINGER; JOSEPH W. SAUNDERS; COUNTRYWIDE HOME LOANS, INC. a Delaware corporation; ANGELO MOZILLO; WACHOVIA CORPORATION, a North Carolina corporation; KEN THOMPSON; CITIGROUP, a Delaware corporation; SANFORD WEILL; CHARLES PRINCE; GOLDMAN SACHS GROUP, INC., a Delaware corporation; HENRY PAULSON; BEAR STERNS COMPANIES, INC., a Delaware corporation; JAMES CAYNE; THE MCGRAW HILL COMPANY, INC., a Delaware corporation; HAROLD MCGRAW III; WELLS FARGO & COMPANY, a Delaware corporation; PATRICIA R. CALLAHAN; HERBERT M. SANDLER; ROCK HOLDINGS, INC., a Delaware corporation; EXPERIAN CORPORATION, a Delaware corporation; FIMALAC, INC., a Delaware corporation; MOODYS CORPORATION, a Delaware corporation; JAMES E. GILLERAN; JOHN M. REICH; JOHN D. HAWKE JR.; JOHN C. DUGAN; SUSAN SCHMIDT BIES; DONALD E. POWELL; SHEILA C. BAIR,<br><br>Defendants. | **CASE NO. C07-04108 JF**<br><br>**DEFENDANT EXPERIAN HOLDINGS, INC.'S, RESPONSE BRIEF TO PLAINTIFF'S NON-OPPOSITION TO EXPERIAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) & (6) AND 9(b).**<br><br>Date:    July 11, 2008<br>Time:    9:00 a.m.<br>Place:   Ctrm. 3<br><br>Hon. Jeremy Fogel |

**POINTS AND AUTHORITIES**

**I.     BACKGROUND.**

On May 12, 2008, Defendant Experian Holdings, Inc. ("Experian") filed and served its Motion to Dismiss Plaintiff Michael Blomquist's ("Blomquist") Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) & (6) and 9(b) (the "Motion"). Experian set the hearing date two months in the future, on July 11, 2008. On multiple grounds, Experian moved to be dismissed with prejudice from this action (or, due to lack of diversity, that the entire action be dismissed, with prejudice)[1].

A Case Management Conference ("CMC") was set for May 30. Although Defendants requested that the Court stay the CMC until after hearing Defendants' various motions to dismiss. Blomquist refused to agree and insisted on the May 30 CMC. At that time, the hearing date was still six weeks away and his Opposition briefs were due in three weeks. At the CMC, he requested that the Court extend the time for the hearing and for leave to file a Second Amended Complaint ("SAC"). The Court denied Blomquist's requests and ordered him to file his Opposition briefs in order to be heard on July 11. The Court also told Blomquist to attach a draft SAC to his Opposition briefs with an explanation of why leave should be granted to file it.

Blomquist's Oppositions were due on June 20, 2008. On the virtual eve of their due date, Blomquist again moved for leave to file a SAC and to extend the July 11 hearing date on Defendants' motions to dismiss.

The Court issued an Order on June 24 treating Blomquist's motion as one for reconsideration. Because he "had failed to show any change in circumstances that would warrant reconsideration of the schedule established at the [CMC]," the Court denied his motion. The Court gave him until June 30 to file his Oppositions.

Despite the Court's direct and explicit Order, Blomquist failed to file any Opposition on June 30. On July 1, a day late, he filed an Opposition only with respect to the McGraw Hill Companies, Inc., Harold McGraw III, Fimalac, Inc., and Moodys Corp.'s motions to dismiss (the "McGraw Hill

---

[1]  Other Defendants also moved to dismiss, all to be heard July 11.

1

23248491.DOC     DEFENDANT EXPERIAN'S RESPONSE BRIEF C07-04108 JF

Opposition"). To date, Blomquist has failed to file any Opposition to Experian's Motion.

Because Blomquist does not oppose Experian's Motion to Dismiss with Prejudice, the Court should dismiss Experian from this action, with prejudice.[2]

## II. **BLOMQUIST DOES NOT OPPOSE EXPERIAN'S MOTION TO DISMISS WITH PREJUDICE AND, THEREFORE, THE COURT SHOULD GRANT DISMISSAL WITH PREJUDICE.**

Little need be added to Experian's Motion. Blomquist has failed to oppose it, despite the Court's Order of June 24. Blomquist did not even heed the Court's Local Civil Rule 7-3(b) to file a notice to the Court that he would not oppose Experian's Motion. Furthermore, Blomquist failed to attach a draft SAC to the McGraw Hill Opposition for review, despite the Court's admonition.

When a party (*pro se* or otherwise) fails to file an opposition to a motion to dismiss, a Court has full authority to grant the motion and dismiss the action (or the moving party) for failure to prosecute. *Elliott v. San Francisco Residential Rent Stabilization and Arbitration Board*, 2008 WL 906416, at *3 (N.D. Cal. Apr. 1, 2008) ("'District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion.'") (quoting *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992); *see also* FED. R. CIV. P. 41(b).

To dismiss for failure to prosecute, the Court must first weigh certain factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Elliott*, 2008 WL 906416, at *3 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing the same balancing of factors before dismissing a case for plaintiff's failure to follow the Court's local rules). There must also be a "warning of imminent dismissal of

---

[2] Experian also joins in the "Banker" Defendants' Response to Plaintiff's Non-Opposition to Motion to Dismiss filed separately by Citigroup Inc., Sanford Weill, Charles Prince, Goldman Sachs Group, Inc., the Bear Stearns Companies, Inc., and James Cayne. As stated therein, and equally applicable to Experian, Blomquist utterly lacks standing to bring his Amended Complaint against Experian. He merely makes generalized accusations with virtually no factual allegations against Experian to support any claim of injury to himself. He cannot cure his standing defects by amending his complaint and, therefore, the Amended Complaint should be dismissed with prejudice and without leave to amend.

the case." *Elliott*, 2008 WL 906416, at *3 (quoting *Oliva*, 958 F.2d at 274).

*First*, Blomquist has filed an original complaint; failed to appear for a CMC, which prompted the Court to issue an Order to Show Cause why the case should not be dismissed for lack of prosecution; and filed an Amended Complaint before this Court. His action has lingered without progress for nearly a year, since August 2007, and the public has an interest in freeing up the Court's resources. Thus, the first *Henderson* factor favors dismissal. *Elliott*, 2008 WL 906416, at *3.

*Second*, the Court undoubtedly has a heavy criminal and civil docket requiring its attention. Blomquist refuses to comply with the Federal Rules of Civil Procedure, the Court's orders issued orally via a CMC and via written minute order, and the Court's Local Rules. For the Court to manage its docket, "the parties to the matters before it must comply with its orders, the local rules, and the Federal Rules of Civil Procedure," which Blomquist has not done. *Id*. Even a *pro se* plaintiff is bound by the rules of procedure. *Ghazali*, 46 F.3d at 54. Thus, the second *Henderson* factor favors dismissal. *Elliott*, 2008 WL 906416, at *3.

*Third*, Experian is prejudiced by its very presence in this lawsuit. Blomquist's Amended Complaint contains no cognizable claim against Experian, whose cost of defense alone is burdensome. Experian is named a Defendant solely because it is the parent of non-party LowerMyBills.com, and Blomquist has made no allegation whatsoever that there is a unity between the two sufficient to impose liability on Experian for LowerMyBills.com's alleged advertising. As Experian explained in detail in its Motion, the Amended Complaint is totally deficient because:

(1) the Court lacks subject matter jurisdiction over this matter on the grounds that Blomquist pleaded the Amended Complaint under diversity jurisdiction, although both Blomquist (and his company, Michael Scott Properties) and Experian are citizens of California and Blomquist has not alleged the requisite amount in controversy;

(2) Blomquist has failed to allege a conspiracy under the Sherman Anti-Trust Act;

(3) Blomquist's Federal Trade Commission Act claim fails because it contains no private right of action;

(4) Blomquist's Robinson-Patman Act claim fails because he has no standing to bring such a claim, the Act applies only to below-cost sales of goods or commodities, and there is no

allegation of "recoupment" as required for a claim under the Act;

(5) the federal criminal statutes Blomquist cites contain no private right of action;

(6) Blomquist lacks standing to bring his securities fraud claim because he does not allege that he was a buyer or seller of the securities of any Defendant, nor does he meet the enhanced pleading requirements of the Private Securities Litigation Reform Act ("PSLRA");

(7) Blomquist does not plead fraud in general against Experian with anywhere near the sufficiency of pleading required under FED. R. CIV. P. 9(b); and

(8) lacking diversity jurisdiction or any foundation in any federal statute, Blomquist's state law claims are beyond the Court's ability to hear.

Defending against these empty claims is highly prejudicial to Experian in time and cost. Thus, the third *Henderson* factor favors dismissal.

***Fourth***, public policy favoring disposition of a case on its merits presumes that there *are* any merits to the case. As stated in the discussion of the third *Henderson* factor, above, there simply are no merits to Blomquist's Amended Complaint, a point that he has acknowledged several times before this Court. *See*, *e.g.*, the McGraw Hill Opposition at 4:18 (Plaintiff acknowledges the deficiencies in his original complaint. . . ."); 4:24-27 ("Michael Blomquist, pro se plaintiff acknowledges and agrees with McGraw-Hill Defendants and other CRAs by proxy that plaintiff's active complaint is deficient in regards to Fed. R. Civ. P. 9(b)"). Thus, public policy cannot be offended and the fourth *Henderson* factor favors dismissal.

***Fifth***, the Court has previously warned Blomquist that his case would be dismissed if he failed to prosecute it. *See* this Court's Order to Show Cause re: Dismissal issued December 6, 2007; *Elliott*, 2008 WL 906416, at *4. In addition, Blomquist has acknowledged that he has received Experian's and the other Defendants' Motions to Dismiss With Prejudice, putting him on notice that his Amended Complaint is subject to imminent dismissal. *Ghazali*, 46 F.3d at 54 (notice of motion is sufficient to inform *pro se* plaintiff of imminent dismissal). As Blomquist himself admits, he has minimal resources with which to prosecute this action and cannot even retain counsel. Therefore, professional or financial sanctions are unavailable to the Court and the sanction of dismissal is appropriate. *Elliott*, 2008 WL 906416, at *4. Thus, both the fifth *Henderson* factor and the *Oliva*

4

requirement of "warning of imminent dismissal of the case" favor dismissal.

## III.    CONCLUSION.

An unopposed motion is suitable for determination without oral argument pursuant to L.R. 7-1(b); *see also Akar v. Prescott Hotel*, 2008 WL 2265184, at *1-2 (N.D. Cal. June 2, 2008). Accordingly, and for the reasons stated herein, Experian respectfully requests that the Court vacates the hearing on its Motion set for July 11, 2008, summarily grants Experian's Motion and dismisses this action in its entirety with prejudice or, in the alternative, dismisses Experian from this action with prejudice.

DATED: July 7, 2008                                KAYE SCHOLER LLP


By:_____//S//_____
J. Raymond Warner
Attorneys for Defendant EXPERIAN
HOLDINGS, INC.