Mark T. Flewelling (#96465)
mflewelling@afrct.com
Christopher A. Carr (#44444)
ccarr@afrct.com
Robin C. Campbell (#70374)
rcampbell@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN
CAMPBELL & TRYTTEN LLP
199 South Los Robles Ave., Suite 600
Pasadena, California 91101
Tel: 626.535.1900
Fax: 626.577.7764

Attorneys for Defendants
Wachovia Corporation; Ken Thompson;
and Herbert M. Sandler

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL BLOMQUIST,<br><br>　　　　　Plaintiff,<br><br>　　　　vs.<br><br>WASHINGTON MUTUAL, a Washington corporation; KERRY K. KILLINGER; JOSEPH W. SAUNDERS; COUNTRYWIDE HOME LOANS, INC., a Delaware corporation; ANGELO MOZILO; WACHOVIA CORPORATION, a North Carolina corporation; KEN THOMPSON; CITIGROUP, a Delaware corporation; SANFORD WEILL; CHARLES PRINCE; GOLDMAN SACHS GROUP INC., a Delaware corporation; HENRY PAULSON; BEAR STEARNS COMPANIES, INC., a Delaware corporation; JAMES CAYNE; THE MCGRAW HILL COMPANY, INC., a Delaware corporation; HAROLD MCGRAW III; WELLS FARGO & COMPANY, a Delaware corporation; PATRICIA R. CALLAHAN; HERBERT M. SANDLER; ROCK HOLDINGS, INC., a Delaware corporation; EXPERIAN CORPORATION, a Delaware corporation; FIMALAC, INC., a | C-07-04108-JF/HRL<br><br>RESPONSE BY DEFENDANTS WACHOVIA CORPORATION, KEN THOMPSON AND HERBERT M. SANDLER TO PLAINTIFF'S LACK OF OPPOSITION TO MOTION TO DISMISS<br><br>Date:　　July 11, 2008<br>Time:　　9:00 a.m.<br>Crtrm:　　3 (Hon. Jeremy Fogel) |

| | |
|---|---|
| 1 | Delaware corporation; MOODYS CORPORATION, a Delaware |
| 2 | corporation; JAMES E. GILLERAN; JOHN M. REICH; JOHN D. HAWKE, |
| 3 | JR.; JOHN C. DUGAN; SUSAN SCHMIDT BIES; DONALD E. |
| 4 | POWELL; SHEILA C. BAIR, |
| 5 | Defendants. |

Plaintiff has apparently opposed only the motion to dismiss brought by McGraw Hill Companies, Inc., Harold McGraw III, FIMALAC, Inc., and Moody's Corporation, where he admits his first amended complaint is deficient. (Document No. 97; Oppo 4:18-19, 4:26, 20:4-9). He did not oppose the motion brought by Wachovia Corporation, Ken Thompson, or Herbert M. Sandler (the "Wachovia Defendants"). Nothing in the opposition plaintiff filed to the McGraw Motion illuminates his standing to assert a claim against any defendant, let alone the Wachovia Defendants. Nor did plaintiff offer an amended pleading that cures his lack of standing.

Plaintiff is not unlike the plaintiff in *Bell v. City of Kellogg,* 922 F. 2d 1418 (9th Cir. 1991), who claimed that he represented federal and state taxpayers and citizens in his challenge to a legislated land exchange and a voter-approved tax levy in his home town of Kellogg, Idaho. *Bell, supra,* at 1421-22 & n.1. The *Bell* court granted the dismissal motion without leave, observing: "[F]ederal courts are not forums for hearing generalized grievances by taxpayers and citizens, and a party must assert his own rights, not those of others." *Id.* at 1422 n.3 ("There must be an 'injury of fact,' which requires 'more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.") (quoting *Sierra Club v. Morton,* 405 U.S. 427, 735 (1972)).

The *Bell* plaintiff likewise failed to demonstrate a "causal link" between any alleged harm and the defendants' alleged wrongdoing. *Id.* For both reasons, *Bell* had no standing to bring suit. *Id.*

1  Although the plaintiff in Bell had not received leave to amend previously (*Id.*
2  at 1421), the Ninth Circuit held that the District Court properly denied the plaintiff
3  leave to amend, because an amendment would have been futile. *Id.* at 1425 ("No
4  amendment could save these plaintiffs.").

5  Like the *Bell* plaintiff, Mr. Blomquist seeks redress for generalized harm to
6  "borrowers, investors, lenders, and our entire economy." (Document No. 97 at
7  14:24-26). He has not demonstrated any particular injury to himself, or any causal
8  link between that injury and the Wachovia Defendants. Any amendment by Mr.
9  Blomquist would be likewise "futile."

10  The Wachovia Defendants thus request an order granting their motion to
11  dismiss without leave to amend. Plaintiff failed to oppose their motion. And the
12  motion he did oppose only confirms his lack of standing to bring any of his claims.

13                                   Respectfully Submitted,

14  Dated: July 7, 2008          ANGLIN, FLEWELLING, RASMUSSEN,
15                                   CAMPBELL & TRYTTEN LLP

17  By: /s/ Christopher A. Carr
     Mark T. Flewelling
     Christopher A. Carr
18       Robin C. Campbell
Attorneys for Defendants WACHOVIA
19  CORPORATION, KEN THOMPSON and
HERBERT M. SANDLER

20
21
22
23
24
25
26
27
28

3

C-07-04108-JF/HRL
REPLY OF WACHOVIA DEFENDANTS IN SUPPORT
OF MOTION TO DISMISS