STEPHEN E. TAYLOR (SBN 58452)
JONATHAN A. PATCHEN (SBN 237346)
STEPHEN McG. BUNDY (SBN 253017)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:   (415) 788-8208
E-mail: staylor@tcolaw.com
E-mail: jpatchen@tcolaw.com
E-mail: sbundy@tcolaw.com

Attorneys for Defendant FITCH GROUP INC.
(sued and served herein as Fimalac, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL BLOMQUIST,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL, a Washington corporation; KERRY K. KELLINGER; JOSEPH W. SAUNDERS; COUNTRYWIDE HOME LOANS, INC., a Delaware corporation; ANGELO MOZILLO; WACHOVIA CORPORATION, a North Carolina corporation; KEN THOMPSON; CITIGROUP, a Delaware corporation; SANFORD WEILL; CHARLES PRINCE; GOLDMAN SACHS GROUP, INC., a Delaware corporation; HENRY PAULSON; BEAR STERNS COMPANIES, INC., a Delaware corporation; JAMES CAYNE; THE MCGRAW HILL COMPANY, INC., a Delaware corporation; HAROLD MCGRAW III; WELLS FARGO & COMPANY, a Delaware corporation; PATRICIA R. CALLAHAN; HERBERT M. SANDLER; ROCK HOLDINGS, INC., a Delaware corporation; EXPERIAN CORPORATION, a Delaware corporation; FIMALAC, INC., a Delaware corporation; MOODYS CORPORATION, a Delaware corporation; JAMES E. GILLERAN; JOHN M. REICH; JOHN D. HAWKE JR.; JOHN C. DUGAN; SUSAN SCHMIDT BIES; DONALD E. POWELL; SHEILA C. BAIR,<br><br>    Defendants. | Case No.: C-07-04108 JF (HRL)<br><br>**DEFENDANT FITCH GROUP, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Date:   July 11, 2008<br>Time:  9:00 A.M.<br>Place:  Courtroom 3, 5th Floor<br><br>Honorable Jeremy Fogel |

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANT FITCH GROUP, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT: CASE NO. C-07-04108 JF (HRL)

Defendant Fitch Group, Inc. ("Fitch Group") respectfully submits this Memorandum of Points and Authorities in further support of its motion to dismiss Plaintiff Michael Blomquist's ("Blomquist") Amended Complaint.

## I. ARGUMENT

Blomquist admits that his Amended Complaint is deficient and fails to meet the minimum pleading standards set forth under Federal Rules of Civil Procedure 8 and 9(b). *See* Opp. at 4; June 17, 2008 Motion for Leave to Amend F.A.C. & Motion to Postpone July 11, 2008 Hearing Date, at 2, 3 [Docket Entry 89]. Nevertheless – in his Opposition to the motions to dismiss filed by Fitch Group, The McGraw-Hill Companies, and Moody's – Blomquist contends that this Court should grant him leave to file a second amended complaint. Because the filing of a second amended complaint would be an exercise in futility, the Court should grant Fitch Group's motion and dismiss the Amended Complaint with prejudice.

Blomquist acknowledges that his first Amended Complaint was nothing more than "a 'scattershot' of allegations," which failed to state a valid claim for relief under the antitrust or securities laws. Opp. at 20. Among other things, that complaint failed to demonstrate that Blomquist had standing; failed to identify any cognizable "antitrust injury"; failed to plead facts that would even hint at the existence of an antitrust conspiracy; failed to describe the circumstances surrounding any allegedly fraudulent conduct; and failed to satisfy the most basic elements required to maintain a securities fraud claim. Moreover, the Amended Complaint contained no allegations that were specific, or even relevant, to Fitch Group. Accordingly, this Court should grant Fitch Group's motion to dismiss.

To the extent that Blomquist seeks the Court's leave to amend his complaint further, that request should be denied. Blomquist has not submitted a proposed amended pleading, and his Opposition brief addresses none of the fundamental defects in his first Amended Complaint. As a result, further amendment would be futile and would unduly prolong this litigation.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANT FITCH GROUP, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT:
CASE NO. C-07-04108 JF (HRL)

After a plaintiff has already amended his complaint once, subsequent amendments may be made only with leave of the court. Fed. R. Civ. P. 15(a)(2). Leave to amend "is not to be granted automatically," *Jackson* v. *Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990), and "is subject to several limitations." *Ascon Properties, Inc.* v. *Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). A court may deny leave where amendment of the complaint would cause undue delay, is sought in bad faith, would unduly prejudice the opposing party, or would be futile. *Id.*; *Foman* v. *Davis*, 371 U.S. 178, 182 (1962). Where, as here, the plaintiff has previously amended his complaint, a "district court's discretion to deny leave to amend is particularly broad. . . ." *Ascon*, 866 F.3d at 1160.

Permitting Blomquist to amend his complaint a second time would be futile. The moving briefs filed by Fitch Group and The McGraw-Hill Defendants detail the myriad deficiencies in Blomquist's first Amended Complaint. These deficiencies cannot be "easily corrected" in a second amended complaint. Opp. at 4. Rather, they are fatal to Blomquist's claims.

For example, Blomquist's Amended Complaint alleged violations of Section One of the Sherman Act. Yet he failed to plead injury of the type necessary to maintain an antitrust claim. Blomquist's Opposition, while purporting to address "Injury to Competition," offers nothing more than the unfounded assertion that "[c]ompetition has been intentionally destroyed." Opp. at 12. Blomquist makes no attempt in his Opposition to specify a relevant market in which injury to competition might have been felt. At best, he insinuates that mortgage brokers were somehow harmed by actions of banks. Even if this claim were true, it would have nothing to do with the business engaged in by Fitch Group and the other credit rating agencies and would not amount to a cognizable allegation of antitrust injury.

Nor does Blomquist's Opposition identify any cure for the absence of allegations in his Amended Complaint suggesting an agreement to restrict competition between Fitch Group and any other entity. Without such allegations, supported by "enough factual matter (taken as true) to suggest that an agreement was made," Blomquist cannot satisfy the initial threshold for pleading a Section One claim. *Bell Atlantic Corp.* v. *Twombly*, 127 S. Ct. 1955, 1965 (2007). A second

2.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANT FITCH GROUP, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT:
CASE NO. C-07-04108 JF (HRL)

amended complaint lacking allegations of antitrust injury and of unlawful agreement would be equally subject to dismissal as Blomquist's first Amended Complaint.

Further amendment of Blomquist's complaint would likewise be futile with regard to the fraud claims he alleges. The Amended Complaint fell far short of the heightened pleading standards required under Federal Rule of Civil Procedure 9(b) to state a fraud claim. The complaint contained no allegations that Fitch Group had engaged in any specific fraudulent conduct. In his Opposition, Blomquist merely repeats the bald assertion that defendants "have exhibited a pattern of deception and fraud." Opp. at 18. He offers no indication that a second amended pleading would specify the content of any alleged fraudulent conduct, as required under Rule 9(b).

Blomquist's Opposition offers even less assurance that a second amended complaint would address the deficiencies in his securities fraud claims. As an initial matter, Blomquist has yet to allege that he ever purchased or sold any Fitch Group security. In the absence of such an allegation, Blomquist lacks standing to maintain a securities fraud claim against Fitch Group. Nor has Blomquist offered any ground on which to conclude that he could satisfy the other basic elements of a private securities fraud claim, which would require him – among other things – to specify a material misrepresentation and plead particular facts giving rise to a strong inference of scienter. Despite an isolated reference to "obvious evidence of scienter," Opp. at 6, Blomquist's Opposition fails to describe any such evidence. If Blomquist has not abandoned his securities fraud claim altogether, he nonetheless fails to suggest that a second amended pleading would bring him closer to stating a valid claim for securities fraud than his first Amended Complaint.

Even if the filing of a second amended complaint would not be an exercise in futility, which it would, this Court should deny Blomquist's request to amend his pleading because it would unduly delay the litigation. *See Jackson*, 902 F.2d at 1387. "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Id*. at 1388. Blomquist's Opposition offers no indication that a second amended complaint would contain facts or theories that were unavailable

3.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANT FITCH GROUP, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT:
CASE NO. C-07-04108 JF (HRL)

to Blomquist when he filed his first Amended Complaint. To permit Blomquist to amend his complaint a second time would prolong these proceedings without justification.

## II. CONCLUSION

For the foregoing reasons, and those described in our moving brief and in the McGraw-Hill Defendants' moving and reply briefs, this Court should dismiss the Amended Complaint in its entirety and with prejudice.

Dated: July 7, 2008

Respectfully submitted,

TAYLOR & COMPANY LAW OFFICES, LLP

By:    /s/ Jonathan A. Patchen
       Jonathan A. Patchen
Attorneys for Defendant FITCH GROUP INC.

TAYLOR & CO.
LAW OFFICES, LLP

4.

DEFENDANT FITCH GROUP, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT:
CASE NO. C-07-04108 JF (HRL)