1  PETER R. BOUTIN, CASB No. 65261
   peter.boutin@kyl.com
2  CHRISTOPHER A. STECHER, CASB No. 215329
   christopher.stecher@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  Four Embarcadero Center, Suite 1500
   San Francisco, California 94111
5  Telephone:   (415) 398-6000
   Facsimile:   (415) 981-0136
6
   Attorneys for Defendant
7  CITIGROUP INC. (sued and served herein as Citigroup), SANFORD WEILL and CHARLES
   PRINCE
8
   *Pursuant to Civil Local Rule 3-4(a)(1), please refer to the signature pages for the complete list of*
9  *parties represented on this Motion*

10                      UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF CALIFORNIA
11                              SAN JOSE DIVISION

12 MICHAEL BLOMQUIST,                           ) Case No. C07-04108 JF/HRL
13                                              )
                          Plaintiff,            )
14                                              ) DEFENDANTS CITIGROUP INC.,
           vs.                                  ) SANFORD WEILL, CHARLES
15                                              ) PRINCE, GOLDMAN SACHS GROUP,
   WASHINGTON MUTUAL, a Washington              ) INC., THE BEAR STEARNS
16 corporation; KERRY K. KILLINGER; JOSEPH W.   ) COMPANIES, INC., AND JAMES
   SAUNDERS; COUNTRYWIDE HOME LOANS,           ) CAYNE'S ("BANKER" DEFENDANTS)
17 INC., a Delaware corporation; ANGELO MOZILLO;) RESPONSE TO PLAINTIFF'S NON-
   WACHOVIA CORPORATION, a North Carolina      ) OPPOSITION TO MOTION TO
18 corporation; KEN THOMPSON; CITIGROUP, a     ) DISMISS
   Delaware corporation; SANFORD WEILL;        )
19 CHARLES PRINCE; GOLDMAN SACHS GROUP )  Date:     July 11, 2008
   INC., a Delaware corporation; HENRY PAULSON; ) Time:     9:00 a.m.
20 BEAR STEARNS COMPANIES, INC., a Delaware    ) Place:    Courtroom 3 (Hon. Jeremy
   corporation; JAMES CAYNE; THE MCGRAW        )                    Fogel)
21 HILL COMPANY, INC, a Delaware corporation;  )
   HAROLD MCGRAW III; WELLS FARGO &            )
22 COMPANY, a Delaware corporation; PATRICIA R.)
   CALLAHAN; HERBERT M. SANDLER; ROCK          )
23 HOLDINGS, INC., a Delaware corporation;     )
   EXPERIAN CORPORATION, a Delaware            )
24 corporation; FIMALAC, INC., a Delaware      )
   corporation; MOODYS CORPORATION, a          )
25 Delaware corporation; JAMES E. GILLERAN;    )
   JOHN M. REICH; JOHN D. HAWKE, JR.; JOHN C.  )
26 DUGAN; SUSAN SCHMIDT BIES; DONALD E.        )
   POWELL; SHEILA C. BAIR,                    )
27                                              )
                          Defendants.           )
28 _____)

Defendants CITIGROUP INC. ("Citigroup"), SANFORD WEILL, CHARLES PRINCE, GOLDMAN SACHS GROUP, INC. ("Goldman")[1], THE BEAR STEARNS COMPANIES, INC. ("Bear Stearns"), and JAMES CAYNE (collectively referred to as the "Banker Defendants") hereby submit the following Response to Plaintiff MICHAEL BLOMQUIST's ("Plaintiff" or "Mr. Blomquist") Non-Opposition to the Banker Defendants' Motion to Dismiss.

## I. INTRODUCTION & PROCEDURAL BACKGROUND

On August 9, 2007 (nearly a year ago), Plaintiff initiated this action by filing a 41-page complaint replete with a host of conclusory and scattershot allegations of wrongdoing against many defendants. Undoubtedly recognizing the deficiencies in his original complaint, Plaintiff filed a First Amended Complaint (the "FAC") on September 9, 2007. However, as discussed in the Banker Defendants' moving papers filed on May 12, 2008, the FAC remains fatally deficient as to the Banker Defendants for numerous reasons, most notably that Plaintiff's claim against the Banker Defendants is so disconnected from the generalized "harm" of the "mortgage crisis" that he does not have standing to bring a claim. Plaintiff does not allege any wrongdoing at all *by the Banker Defendants*.

Notwithstanding the fact that Plaintiff had nearly two months to review and respond to the Banker Defendants' moving papers, he did not file an opposition to the Banker Defendants' Motion. Plaintiff's only response to the various defendants' pending motions to dismiss was his *untimely*[2] Opposition to the McGraw Hill Companies, Inc., Harold McGraw III, FIMALAC, Inc. and Moody's Corporation's (collectively referred to by Plaintiff as the "CRAs") Motion to Dismiss. *See* Document No. 97. In that opposition, Plaintiff acknowledges on numerous occasions that his FAC is "deficient." *Id.* at pp.4:18-19; 4:26; 20:4-9. But none of Plaintiff's submissions demonstrate that he can cure (a) his lack of standing, or (b) his failure to allege any wrongdoing by the Banker Defendants. As is discussed below, that is because his pleading defects are *incurable*. The Banker Defendants' Motion

---

[1] The First Amended Complaint (the "FAC") improperly names Goldman Sachs Group, Inc. as a defendant in this action. Goldman Sachs Group, Inc. is merely a publicly-traded holding company, and as a result, its actions cannot form the basis for any liability to Plaintiff. Goldman Sachs Group, Inc. has moved to dismiss the claims against it on this additional basis.

[2] On June 24, 2008, the Court granted Plaintiff additional time to June 30, 2008 in order to respond to the outstanding motions to dismiss. Plaintiff's July 1, 2008 opposition to the CRAs' motion was therefore untimely.

should be granted without leave to amend, and Plaintiff's lawsuit should be dismissed with prejudice.

## II. THE BANKER DEFENDANTS' MOTION WAS UNOPPOSED

Mr. Blomquist has had nearly two months to review the Banker Defendants' Motion to Dismiss and file an opposition thereto. He chose not to do so. He further elected not to follow the Court's suggestion that he attach a proposed second amended complaint to any opposition, which would demonstrate how he intended to cure his pleading's defects.

Over and above the two months since the motions to dismiss were filed, Plaintiff has had nearly a year since filing his original complaint to refine his facts and legal theories. Furthermore, the Court already extended Plaintiff's deadline to file oppositions, and Plaintiff ignored that deadline. Although courts construe pleadings liberally in favor of *pro se* litigants, such individuals are nonetheless "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (construing local rules and affirming an order granting a motion to dismiss when the plaintiff failed to oppose the motion), *citing, King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff failed to oppose the Banker Defendants' Motion. Accordingly, his arguments should not be considered.

## III. PLAINTIFF'S LACK OF STANDING CANNOT BE CURED BY AMENDMENT

Although the FAC is replete with defects — all of which Plaintiff freely acknowledges — Plaintiff has never explained how amendment would cure the critical defect of his lack of standing. At the May 30, 2008 case management conference, counsel for one of the Banker Defendants stated that she believed the standing problem could not be cured by amendment. When Plaintiff protested that he could cure this defect, the Court suggested that he attach a copy of his amended complaint to his oppositions to the defendants' motions, so that the Court could evaluate his claim. As indicated above, Plaintiff has neither opposed the Banker Defendants' motion, nor tendered a proposed amended complaint. Further, Plaintiff's opposition to the CRAs' motion to dismiss—the only opposition he filed to any of the defendants' motions—does not even address, let alone resolve, his standing problem. Thus, since the time he requested leave to amend on May 30, 2008, Plaintiff has never explained how amendment would salvage his admittedly flawed complaint.

Nor could he ever do so. As is set forth in the Banker Defendants' moving papers, standing consists of three irreducible elements: 1) injury in fact; 2) causation; and 3) redressability. *Lujan* v.

*Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff simply does not allege that he suffered any injury. He alleges only that *others* were induced to take out loans they could not afford, and that *others* were duped by supposed misrepresentations. See Compl., ¶¶ 5, 8, 9. Plaintiff's opposition to the CRAs' motion to dismiss reinforces this problem—as he continues to bemoan only the losses *others* have suffered. (*See e.g.*, Document no. 97 at 14:25-27.) No amendment could transform the supposed injuries of others into Plaintiff's own. *See, e.g., Bell v. City of Kellogg*, 922 F.2d 1418, 1423-25 (9th Cir. 1991) (plaintiff's lack of standing to plead generalized grievances on behalf of a large, undefined group of taxpayers could not be cured by amendment).

Plaintiff's supposed securities losses are also insufficient to confer standing. First, he does not allege that he purchased any of the Bankers' securities. FAC, ¶ 69. Hence, any supposed injury has nothing to do with the Banker Defendants. But even if he had purchased Bankers' securities, Plaintiff acknowledges that "he was not forced to buy the securities." *Id.* ¶ 6. Thus, there is no causal connection between the Bankers Defendants' conduct and his purported harm.

In fact, there is no causal connection between the Banker Defendants and Plaintiff at all. To confer standing, the alleged injury must be "fairly traceable" to the "challenged action of the defendant." *Lujan*, 504 U.S. at 560. Plaintiff does not plead that he had a business relationship with the Banker Defendants, that he obtained a mortgage from any of the Bankers, or that any of the Banker Defendants made any statements — fraudulent or otherwise — that caused him to take any action or that led to any injury.

In short, Plaintiff's claim is, and always will be, a generalized grievance with the mortgage lending industry, not an allegation of any specific harm that this Court can adjudicate. Accordingly, plaintiff lacks standing. *See e.g., Schlesinger v. Reservists to Stop the War*, 418 U.S. 208, 221-27 (1974). Amendment will not change this result.

### IV. BECAUSE PLAINTIFF CANNOT CURE HIS LACK OF STANDING, THE MOTION SHOULD BE GRANTED <u>WITHOUT LEAVE TO AMEND</u>, AND CLAIMS AGAINST THE BANKER DEFENDANTS SHOULD BE DISMISSED <u>WITH PREJUDICE</u>

Dismissal without leave to amend is proper if amendment "would be futile in saving the plaintiff's case." *Bell*, 922 F.2d at 1425. Specifically, leave to amend is properly denied when a standing defect is incurable – even if the plaintiff has not previously been granted leave to amend. *Id.*

at 1421, 1425.

In *Bell v. City of Kellogg*, the plaintiff claimed to represent federal and state taxpayers and citizens in challenging a legislated land exchange and a voter-approved tax levy in his home town of Kellogg, Idaho. *Id.* at 1421-22 & n.1. In order to have standing to bring suit, the plaintiff was required to plead "distinct and palpable" injuries ***to himself***. *Id.* at 1422 ("[F]ederal courts are not forums for hearing generalized grievances by taxpayers and citizens, and a party must assert his own rights, not those of others."); *id.* at 1422 n.3 ("There must be an 'injury in fact,' which requires 'more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.'") (quoting *Sierra Club v. Morton*, 405 U.S. 727, 735 (1972)).

Although the plaintiff in *Bell* was a property owner and citizen of Kellogg, his "generalized grievances" were insufficient to confer standing to bring suit. *Id.* at 1421-22 & n.1. The Court held:

> Bell may not predicate his standing as a federal citizen upon an interest held generally by the public. An injury to all citizens is necessarily abstract in nature. A plaintiff must have a personal stake in the outcome. Motive or sincerity of commitment to the cause is irrelevant to the inquiry.
>
> A general assertion that the Kellogg area will be economically affected by the project is not enough to establish the requisite stake in the outcome. Bell's injury from the [grant] and land exchange is unknown, abstract and not concrete.

*Id.* at 1423 (citations omitted). Moreover, Bell failed to demonstrate a "causal link" between any alleged harm and the defendants' alleged wrongdoing. *Id.* For both reasons, the plaintiff had not established his standing to bring suit. *Id.* Although the plaintiff in *Bell v. City of Kellogg* had not previously been granted leave to amend (*id.* at 1421), the Ninth Circuit held that the District Court properly denied the plaintiff leave to amend to cure the standing defect before dismissal, because amendment would have been futile. *Id.* at 1425 ("No amendment could save these plaintiffs.").

This case mirrors *Bell v. City of Kellogg*. Mr. Blomquist seeks redress for generalized harm to "borrowers, investors, lenders and our entire economy." *See* Document No. 97 at 14:24-26. He has not demonstrated any particular injury to himself, or any causal link between that injury and the Banker Defendants. As is described above, no further amendment can cure Mr. Blomquist's standing defects, and it is therefore proper to dismiss the FAC ***without leave to amend***.

For the same reason, the FAC should be dismissed *with prejudice*. *Chavez v. Blue Sky Natural Beverage Co.*, 503 F. Supp. 2d 1370, 1373-75 (N.D. Cal. 2007) (granting motion to dismiss original complaint with prejudice where "there are no other facts Plaintiffs could present to cure their lack of standing"); *Silva v. County of Los Angeles*, 215 F. Supp. 2d 1079, 1086 (C.D. Cal. 2002), *aff'd*, 2003 U.S. App. LEXIS 26500 (9th Cir. Dec. 29, 2003) (granting motion to dismiss original complaint with prejudice where "the standing defect cannot be cured by amendment").

## V. CONCLUSION

For the reasons discussed above and in the Banker Defendants' moving papers, Mr. Blomquist has failed to establish that he has standing to bring his claims or that he has otherwise stated a claim upon which relief can be granted. Further, no further amendment can cure Mr. Blomquist's standing defects, and it is therefore proper to dismiss the First Amended Complaint without leave to amend further. Accordingly, the Banker Defendants respectfully request that this Court: (1) grant their Motion to Dismiss the Complaint without leave to amend, and (2) enter an Order dismissing this lawsuit in its entirety with prejudice.

DATED: July 7, 2008

/s/ Christopher A. Stecher[3]

PETER R. BOUTIN
peter.boutin@kyl.com
CHRISTOPHER A. STECHER
christopher.stecher@kyl.com
KEESAL, YOUNG & LOGAN
Four Embarcadero Center, Suite 1500
San Francisco, CA 94111
(415) 398-6000

Attorneys for Defendants
CITIGROUP INC.; SANFORD WEILL; and CHARLES PRINCE

---

[3] I hereby attest that all parties to this Response have signed this Response or have authorized me to sign the Response on their behalf as indicated by a "conformed" signature (/S/). Keesal, Young & Logan has all holographic signatures or written authorizations in its files.

| | | |
|---|---|---|
| 1 | DATED: July 7, 2008 | /s/ Elizabeth A. Frohlich |
| 2 | | |

JAMI WINTZ McKEON, CASB No. 237923
jmckeon@morganlewis.com
ELIZABETH A. FROHLICH, CASB No. 195454
efrohlich@morganlewis.com
MORGAN LEWIS & BOCKIUS
One Market
Spear Street Tower
San Francisco, CA 94105
(415) 442-1000

Attorneys for Defendant
GOLDMAN SACHS GROUP, INC.


DATED: July 7, 2008                              /s/ Erik Kemp

JOHN B. SULLIVAN, CASB No. 96742
jbs@severson.com
REGINA J. MCCLENDON, CASB No. 184669
rjm@severson.com
ERIK KEMP, CASB No. 246196
ek@severson.com
SEVERSON & WERSON
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
(415) 398-3344

Attorneys for Defendant
THE BEAR STEARNS COMPANIES, INC. and
JAMES CAYNE