Name  Michael Blomquist
Address  18234 Daves Avenue
City, State, Zip  Los Gatos, CA 95030
Phone  408-399-0590
Fax
E-Mail  michaelsblomquist@gmail.com
☐ FPD    ☐ Appointed    ☐ CJA    ☒ Pro Per    ☐ Retained

**FILED**

2008 AUG 25 P 3: 56

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Michael Blomquist

                                   PLAINTIFF(S),

           v.

Washington Mutual, et. al.

                                   DEFENDANT(S).

CASE NUMBER:

C07 04108-JF

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that _____ Michael Blomquist _____ hereby appeals to
                                                    *Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☐ Order (specify):

☒ Judgment (specify):
   Final Judgment in Favor of Non-Lender Def

☐ Other (specify):

Imposed or Filed on _____ July 23, 2008 _____. Entered on the docket in this action on _Aug ust 24, 2008_ .

A copy of said judgment or order is attached hereto.

_August 24, 2008_
Date

_/s/ Michael Blomquist_
Signature
☒ Appellant/ProSe    ☐ Counsel for Appellant    ☐ Deputy Clerk

**Note:**    The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the
            attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number
            of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

Form 6. Civil Appeals Docketing Statement

| USCA DOCKET # (IF KNOWN) |
| --- |
| |

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## CIVIL APPEALS DOCKETING STATEMENT

PLEASE ATTACH ADDITIONAL PAGES IF NECESSARY.

| TITLE IN FULL: | |
| --- | --- |
| | **DISTRICT:** San Jose        **JUDGE:** Honorable Jeremy Fogel |
| | **DISTRICT COURT NUMBER:** 07  04/08-JF |
| | **DATE NOTICE OF APPEAL FILED:** August 25, 2008  ☐  **IS THIS A CROSS-APPEAL?**    ☐ YES |
| | **IF THIS MATTER HAS BEEN BEFORE THIS COURT PREVIOUSLY, PLEASE PROVIDE THE DOCKET NUMBER AND CITATION (IF ANY):** |

**BRIEF DESCRIPTION OF ACTION AND RESULT BELOW:**

**PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:**

leave to amend

**PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POST-JUDGMENT MOTIONS):**

Pending Amended Complaint

**DOES THIS APPEAL INVOLVE ANY OF THE FOLLOWING:**

☐ Possibility of settlement

☐ Likelihood that intervening precedent will control outcome of appeal

☐ Likelihood of a motion to expedite or to stay the appeal, or other procedural matters (specify)

☐ Any other information relevant to the inclusion of this case in the Mediation Program

☐ Possibility parties would stipulate to binding award by Appellate Commissioner in lieu of submission to judges.

| **LOWER COURT INFORMATION** | | | Page 2 of 2 |
|---|---|---|---|
| **JURISDICTION** | | **DISTRICT COURT DISPOSITION** | |
| **FEDERAL** | **APPELLATE** | **TYPE OF JUDGMENT / ORDER APPEALED** | **RELIEF** |
| ☐ FEDERAL QUESTION<br><br>☐ DIVERSITY<br><br>☐ OTHER (SPECIFY) | ☐ FINAL DECISION OF DISTRICT COURT<br><br>☐ INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT<br><br>☐ INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY):<br><br><br><br>☐ OTHER (SPECIFY): | ☐ DEFAULT JUDGMENT<br>☐ DISMISSAL / JURISDICTION<br>☐ DISMISSAL / MERITS<br>☐ SUMMARY JUDGMENT<br>☐ JUDGMENT / COURT DECISION<br>☐ JUDGMENT / JURY VERDICT<br>☐ DECLARATORY JUDGMENT<br>☐ JUDGMENT AS A MATTER OF LAW<br>☒ OTHER (SPECIFY):<br>Dismissal/Lack of particularity | ☐ DAMAGES:<br>  SOUGHT $_____<br>  AWARDED $_____<br>☐ INJUNCTIONS:<br>  ☐ PRELIMINARY<br>  ☐ PERMANENT<br>  ☐ GRANTED<br>  ☐ DENIED<br><br>☐ ATTORNEY FEES:<br>  SOUGHT $_____<br>  AWARDED $_____<br>  ☐ PENDING<br><br>☐ COSTS: $_____ |

## CERTIFICATION OF COUNSEL

**I CERTIFY THAT:**
1. COPIES OF ORDER / JUDGMENT APPEALED FROM ARE ATTACHED.
2. A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS IS ATTACHED ( SEE 9TH CIR. RULE 3-2
3. A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.
4. I UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS APPEAL.

_____
Signature

8/25/08
Date

## COUNSEL WHO COMPLETED THIS FORM

NAME: Michael Blomquist (Pro Se)

FIRM:

ADDRESS: 18234 Daves Avenue Los Gatos, CA 95030

E-MAIL: michaelsblomquist@gmail.com

TELEPHONE: 408-399-0590

FAX:

**\* THIS DOCUMENT SHOULD BE FILED IN THE DISTRICT COURT WITH THE NOTICE OF APPEAL\***
**\* IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS\***

**E-filed 7/23/08**

NOT FOR CITATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

MICHAEL BLOMQUIST,

               Plaintiff,

      v.

WASHINGTON MUTUAL, et.al.,

               Defendant.

Case Number C 07-04108 JF

ORDER[1] GRANTING DEFENDANTS' MOTIONS TO DISMISS

[re: docket nos. 45-47, 49-53, 58, 59, 87, 97, 98, 100-113]

## I. BACKGROUND

On August 9, 2007, Plaintiff Michael Blomquist ("Blomquist"), a licensed mortgage and real estate agent, filed the instant suit against Washington Mutual, Kerry K. Killinger, Joseph W. Saunders, Countrywide Home Loans, Inc., Angelo Mozilo, Ken Thompson, Citigroup Corp., Sandford Weill, Charles Prince, Goldman Sachs Group, Inc., Henry Paulson, Bear Stearns Co., James Cayne, The McGraw Hill Co., Harold McGraw III, Wells Fargo & Co., Patricia R. Callahan, Herbert M. Sandler, Rock Holdings, Inc., Experian Corp., Fimalac, Inc., Moodys Corp., James E. Gilleran, John M. Reich, John D. Hawke Jr., John C. Dugan, Susan Schmidt Bies, Donald E. Powell,

---

[1] This disposition is not designated for publication in the official reports.

1    Sheila C. Blair and Does 1-50 ("Defendants"). On September 10, 2007, Blomquist amended his

2    complaint. The First Amended Complaint ("FAC") alleges four claims for relief brought under the

3    California Civil Code, the California Financial Code and the California Business and Professions

4    Code: (1) false or deceptive statements that restrain trade and create unfair competition; (2) unsafe

5    and unsound lending that restrains trade and creates unfair competition; (3) sale of products below

6    cost to restrain trade and create unfair competition; and (4) fraud and conspiracy that restrains trade

7    and creates unfair competition.   Two additional claims are brought under the United States

8    Constitution and federal laws: (5) failure to supervise lending and banking agencies in violation of

9    the United States Constitution Article II § 2 and the Administrative Procedures Act (brought against

10   "Agencies"[2] only); and (6) fraudulent transactions involving domestic securities in violation of 15

11   U.S.C. §§ 77w, 78b(3), 78i, 78j, 78k-1, 78L, 78o-6, 78uuu. FAC ¶¶ 49-69.

12         Blomquist accuses Defendants of making fraudulent and misleading statements in connection

13   with their lending practices and securities transactions. The allegations of the FAC relate to the sale

14   of "stated income" or "no income verification" loans ("NIV loans"), option adjustable rate mortgage

15   loans ("option ARMs") and one hundred percent financing and income tax practices.  The FAC

16   describes these products as follows: NIV loans are loans offered without requiring that the borrower

17   provide income documentation. FAC at ¶ 34. Option ARMs are mortgages with an interest rate that

18   adjusts to match the market rate; while the payments due on these mortgages often remain fixed for

19   a period of one year, the interest rate typically begins to adjust during the second month. *Id.* at ¶¶

20   36, 37.   One hundred percent finance loans cover the entire purchase price of the borrower's new

21   home. The lender is able to benefit from these loans by taking advantage of a tax deduction equal

22   to the lump sum amount of the loan. *Id.* at ¶ 38.

23         According to the FAC, NIV loan practices changed in 2004.   These changes allowed

24   unqualified borrowers to take on loans they could not afford.  Previously, only borrowers with

25   excellent credit standing were eligible for NIV loans. But in 2004, the guidelines were relaxed to

26   allow any individual with a Form W-2 to apply. Blomquist alleges that ninety percent of all NIV

27

28         [2] Blomquist has not named any Agencies as defendants.

2

1  loans are based upon inflated borrower incomes. *Id.* at ¶ 35. Blomquist also alleges that option

2  ARM worksheets configured when interest rates are low are inherently misleading. He claims that

3  ninety percent of option ARM borrowers can make only the minimum payments. *Id.* at ¶ ¶ 36, 37.

4  With respect to one hundred percent financing and income tax practices, he asserts that the borrower

5  typically has very few assets and therefore is not able to take on the taxes imposed following his

6  purchase. *Id.* at ¶ 38. Finally, Blomquist alleges that "risk layering," the combined packaging of

7  these products, is unsafe for borrowers and lenders. *Id.* at ¶ 39.

8      The FAC alleges that Defendant Goldman Sachs, along with its CEO and Chairman,

9  Defendant Henry Paulson (collectively "Goldman Sachs"), assisted in several debt offerings for

10  mortgage lenders. The FAC also asserts that Defendants McGraw Hill Co., Inc., Fimalac, Inc., and

11  Moodys Corp. ("CRA Defendants") provided credit ratings and market analyses for NIV loans and

12  option ARMs.

13      Blomquist, who is the sole owner of Michael Scott Properties, Inc., alleges that he suffered

14  damages in two ways. First, he claims that he lost business because of Defendants' unlawful

15  activities. He alleges that the products and practices described in the FAC have restrained him from

16  mortgage and real estate commerce because of legal, fiduciary, ethical, and moral conflicts. Because

17  he would not direct his customers to obtain loans from Defendants in light of Defendants' unlawful

18  activities, he lost business. *Id.* at ¶ 4. Second, he asserts that Defendants' securities fraud caused

19  his personal investments to lose value. *Id.* at ¶ 6.

20      Several Defendants move to dismiss the FAC based on insufficient pleading and Blomquist's

21  lack of standing.[3] After oral argument, Blomquist submitted a proposed amended complaint

22  detailing additional facts he is prepared to assert. In this proposed pleading, Blomquist claims

23  

24      [3] Blomquist's opposition papers refer only to the motions to dismiss brought by
Defendants McGraw Hill, Harold McGraw III, Fimalac, and Moodys Corp. Several other

25  Defendants argue that this leaves unopposed the motions brought by Experian Corp., Washington
Mutual, Wells Fargo, Bear Stearns, Wachovia Corp., Citigroup, Goldman Sachs Group, Inc., and

26  Countrywide Home Loans, Inc., and that as a result the Court should dismiss Blomquist's
complaint summarily as to these Defendants. Because Blomquist is proceeding *pro se*, and

27  clearly intends to pursue his claims against all Defendants, the Court will treat Blomquist's

28  opposition as if it were directed to all the motions to dismiss.

3

1  specifically that Washington Mutual, Countrywide Home Loans, Inc., Wachovia Corp.,Wells Fargo

2  & Co., Citigroup, and EMC, a subsidiary of Bear Stearns, and their executives, Kerry Killinger,

3  Joseph Saunders, Patricia R. Callahan, Angelo Mozilo, Sanford Weill, Charles Prince, and James

4  Cayne ("Lender Defendants") called upon him to be a party to illegal mortgage loans.  Proposed

5  Amended Compl. 4:7-9.

6                              **II. LEGAL STANDARD**

7          A complaint may be dismissed for failure to state a claim upon which relief can be granted

8  for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a

9  cognizable legal theory. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007); *Conley v. Gibson*,

10 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir.

11 1984).  When considering a motion to dismiss, the Court must construe the complaint in the light

12 most favorable to the plaintiff and the plaintiff's allegations are taken as true.  The Court's review

13 is further limited to the face of the complaint and matters judicially noticeable under the Federal

14 Rules of Evidence, Rule 201. FED. R. EVID. 201; *Jenkins v. McKeithen*, 395 U.S. 441, 421 (1969);

15 *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *North Star Int'l v. Arizona*

16 *Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983) .  The pleading of a *pro se* litigant is held to a less

17 stringent standard than a pleading drafted by an attorney, and is to be afforded the benefit of any

18 doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi v. Los Angeles Police Dep't*, 839

19 F.2d 621, 623 (9th Cir. 1988).  In addition, a *pro se* litigant must be given leave to amend unless it

20 is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  *Lucas v.*

21 *Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Nevertheless, factual allegations in the complaint

22 must be enough to raise the right to relief above the speculative level on the assumption that all of

23 the complaint's allegations are true. *Twombly*, 127 S.Ct. at 1965.

24                                **III. DISCUSSION**

25       A.     **Blomquist lacks standing to sue**

26          The elements necessary to establish standing are "not mere pleading requirements but rather

27 an indispensable part of the Plaintiffs' case, [and] each element must be supported in the same way

28 as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree

4

1  of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504

2  U.S. 555, 561 (1992). Article III of the Constitution "requires the party who invokes the court's

3  authority to show that he personally has suffered some actual or threatened injury as a result of the

4  putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged

5  action and is likely to be redressed by a favorable decision." *Valley Forge Christian Coll. v. Am.*

6  *United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (internal quotation marks

7  omitted).

8      In order for a plaintiff to have standing, the plaintiff must allege three things:

9        1.    injury in fact;

10        2.    causal connection between the injury and the conduct complained of; and

11        3.    "substantial likelihood" that the requested relief will remedy the injury in
               fact.

12
13  *See, e.g., McConnell v. FEC*, 540 U.S. 93, 225 (2003). Because the FAC does not meet these basic

  requirements, it must be dismissed.

14
15        **1.**    **Blomquist does not adequately plead injury with respect to claims one
             through five**

16            **a.**    **Non-Lender Defendants**

17      Much of the FAC is directed at alleged widespread fraud in the mortgage-lending industry

18  and the effects that such fraud has had on borrowers. *See, e.g.,* FAC ¶ 48 (detailing Defendants'

19  deceptive mortgage sales tactics). However, in order to have standing, a plaintiff must show that *he*

20  "has sustained or is immediately in danger of sustaining some direct injury" as a result of the

21  defendant's actions. *See, e.g., McConnell*, 540 U.S. at 225. To the extent that the injury of which

22  Blomquist complains was suffered by borrowers, he lacks standing, and he may not sue to vindicate

23  the injury. By definition, any injury to Defendants' borrowers is not personal to Blomquist.[4]

24

25      [4] Because Blomquist does not meet the requirements of injury and causation, it is
  unnecessary to examine whether he would be able to assert third-party standing. Nevertheless, it

26  bears mentioning that Blomquist has not alleged any of the traditional exceptions to the
  prohibition on third-party standing, such as that the borrowers will be unable to sue, *see Barrows*

27  *v. Jackson*, 346 U.S. 249, 257 (1953), or that he has a special relationship with the borrowers.

28  *See Craig v. Boren*, 429 U.S. 190, 195 (1976).

1       Blomquist claims that Defendants caused damage to borrowers and the public at large

2 through their involvement in unsafe lending practices. He has not alleged, nor does he claim that

3 he could allege, any facts showing that Goldman Sachs, the CRA Defendants, or any other non-

4 Lender Defendants injured him personally. Accordingly, because Blomquist cannot allege facts that

5 would give him standing to sue the non-Lender Defendants, the motions to dismiss filed by these

6 Defendants will be granted without leave to amend.

7                     **b.**    **Lender Defendants**

8       Blomquist also asserts that Defendants' actions "restrain[ed] trade for business entities not

9 willing to participate in unlawful activities." *Id.* at ¶¶ 53, 56, 60, 63. He claims that he lost business

10 because he refused to direct his customers to the Lender Defendants. During oral argument,

11 Blomquist stated that he could allege specific instances in which Lender Defendants' agents solicited

12 his agents and clients to be parties to illegal mortgage loans, and that he lost business because he

13 refused to go along. Without deciding whether such additional allegations would be adequate to

14 establish standing, the Court will grant Blomquist leave to amend his complaint as to the Lender

15 Defendants. In his amended complaint, Blomquist must allege specifically which Lender Defendants

16 approached him or his agents about arranging illegal loans and when they did it. Blomquist also

17 must allege how the Lender Defendants' unlawful activity directly caused him to suffer an economic

18 loss. *See Allen v. Wright*, 468 U.S. 737, 751 (1984) (plaintiff's injury must be "fairly traceable to

19 the defendant's allegedly unlawful conduct").

20             **2.**    **Blomquist does not allege that he purchased or sold any of Defendants' securities, as required under Rule 10b-5**

21

22       In order to have standing to sue under Rule 10b-5, a plaintiff must allege that he purchased

23 or sold securities about which the defendant has made a material misrepresentation. *Blue Chip*

24 *Stamps v. Manor Drug Stores*, 421 U.S. 723, 747 (1975). A plaintiff must have "at least dealt in the

25 security to which the... representation relates." *Id.* Blomquist alleges that Defendants engaged in

26 fraud because their unlawful activity caused the value of their stocks to be artificially inflated.

27 However, he does not allege that he bought or sold any Defendant's securities, and he admits that

28 he did not rely on any misrepresentation in purchasing the securities he did purchase. Proposed

Case No. C 07-04108
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
(JFEX3)

1  Amended Compl., 5:28. Accordingly, he lacks standing to sue for securities fraud.

2  The FAC does not clearly state the basis of Blomquist's securities fraud claim. It appears

3  that Blomquist purchased securities from other companies because he knew about Defendants'

4  unlawful activities. FAC ¶ 6. Blomquist alleges that he did this expecting that the impending fall

5  of Defendants' stock would cause a corresponding rise in the shares he purchased. *Id.* He concludes

6  that Defendants' fraudulent activities caused his investments to lose value. *Id.* at ¶ 69. The FAC

7  includes no allegation that Defendants made material misrepresentations as to any of the securities

8  he actually bought. For that matter, he does not allege how Defendants' actions directly caused the

9  value of his investments to fall, except to contend that their actions adversely impacted the economy

10  as a whole.

11  Despite having the opportunity to do so, Blomquist did not indicate during oral argument or

12  in his proposed amended complaint that he bought any of the Defendants' securities. Because it does

13  not appear that Blomquist could allege standing to sue, the Court will dismiss the securities fraud

14  claims against all Defendants without leave to amend.

15  **B.      The factual allegations of the FAC fail to state a claim upon which relief may be granted**

16

17  Finally, Blomquist's pleadings are inadequate, as he recognizes. Pl.'s Opp. Br. 4:24-28.

18  While the FAC alleges that all Defendants either were primarily responsible for the alleged activities

19  or aided and abetted them, it does not specify what each Defendant actually did that constituted one

20  or more violation. At present, the allegations simply assert legal conclusions that the Defendants

21  committed unlawful acts. Even under the liberal standards for *pro se* litigants on a motion to dismiss,

22  this is insufficient. The Court is not required to accept as true a plaintiff's legal conclusions without

23  any supporting facts. *Twombly*, 127 S.Ct. at 1965.

24  Moreover, claims involving fraud are subject to a heightened pleading standard. FED. R. CIV.

25  P. 9(b) requires plaintiffs to plead fraud with particularity. The FAC contains only vague, conclusory

26  assertions that the Defendants engaged in fraudulent activity. To the extent Blomquist is granted

27

28

7

1   leave to amend, he must correct these pleading deficiencies in addition to establishing his standing.[5]

2

3

4                           **IV. ORDER**[6]

5       Good cause therefor appearing, IT IS HEREBY ORDERED that the motions to dismiss are

6   GRANTED.  Leave to amend is granted as to the claims against Lender Defendants other than for

7   securities fraud and otherwise is denied.

8

9   DATED: July 23, 2008.

10

11

12

13

14   JEREMY FOGEL
     United States District Judge

15

16

17

18

19

20

21

22

23

24

25  _____

26      [5] Blomquist also has requested that the Court waive his access fees for PACER.  Because
    Blomquist has not demonstrated an economic need for such relief, it will be denied.

27

28      [6]In light of the foregoing disposition, the Court does not address Defendants' remaining
    arguments.

                                        8

Case No. C 07-04108
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
(JFEX3)

1    This Order has been served upon the following persons:

2    Micahel Blomquist    michaelblomquist@yahoo.com

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

Court Name: U.S. District Court, NDCA
Division: 5
Receipt Number: 54611003008
Cashier ID: harwellt-
Transaction Date: 08/25/2008
Payer Name: Michael Blomquist
-----------------------------------
NOTICE OF APPEAL/DOCKETING FEE
  For: Michael Blomquist
  Case/Party: D-CAN-5-07-CV-004108-001
  Amount:      $455.00
PAPER COPIES
  For: Michael Blomquist
  Amount:      $5.00
-----------------------------------
CASH
  Amt Tendered: $460.00
-----------------------------------
Total Due:       $460.00
Total Tendered:  $460.00
Change Amt:      $0.00


Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.