1

2                                                              **E-Filed 12/15/08**

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11   MICHAEL BLOMQUIST, et al.,                  Case Number C 07-04108 JF (HRL)

12                        Plaintiffs,            ORDER[1] GRANTING MOTIONS TO
                                                 DISMISS SECOND AMENDED
13          v.                                   COMPLAINT

14   WASHINGTON MUTUAL, et al.,                  [re: doc. nos. 157, 159, 160, 161, 162,
                                                 165, 172]
15                        Defendants.

16

17

18          On August 9, 2007, Plaintiff Michael Blomquist, a licensed mortgage and real estate

19   agent proceeding *pro se*, filed the instant action against Washington Mutual, Kerry K. Killinger,

20   Joseph W. Saunders, Countrywide Home Loans, Inc., Angelo Mozilo, Ken Thompson, Citigroup

21   Corp., Sandford Weill, Charles Prince, Goldman Sachs Group, Inc., Henry Paulson, Bear Stearns

22
     Co., James Cayne, The McGraw Hill Co., Harold McGraw III, Wells Fargo & Co., Patricia R.
23
     Callahan, Herbert M. Sandler, Rock Holdings, Inc., Experian Corp., Fimalac, Inc., Moodys
24
     Corp., James E. Gilleran, John M. Reich, John D. Hawke Jr., John C. Dugan, Susan Schmidt
25
26   Bies, Donald E. Powell, Sheila C. Blair and Does 1-50 (collectively, "Defendants").  On July 23,

27

28          _____
            [1] This disposition is not designated for publication in the official reports.

     Case No. C 07-4108 JF (HRL)
     ORDER GRANTING MOTIONS TO DISMISS
     (JFLC1)

2008, the Court granted the motion by certain Defendants to dismiss Plaintiff's First Amended

Complaint ("FAC") without leave to amend, and granted Plaintiff leave to file a Second

Amended Complaint ("SAC") against the remaining Defendants.  Those remaining Defendants

now move to dismiss the SAC for failure to state a claim upon which relief may be granted.[2]

Plaintiff did not file opposition to the motions.  For the reasons set forth below, the motions to

dismiss will be granted, without leave to amend.

## I.  BACKGROUND

Both Plaintiff's initial complaint and the FAC allege a broad conspiracy among lenders,

investment banks, and rating agencies to enable the funding of illegal home loans.  Plaintiff

alleges that such actions were the root cause of the current housing market meltdown and

worldwide financial crisis.  The Court dismissed the FAC without leave to amend as to the

investment banks and rating agencies, referred to herein as the Non-Lender Defendants, because

Plaintiff did not have standing to assert claims based upon alleged injuries to society as a whole.[3]

The Court granted Plaintiff leave to file an amended complaint with respect to the remaining

Defendants (the "Lender Defendants").[4]  To help Plaintiff address the standing issue, the Court

---

[2] Five individual motions to dismiss were filed by the various Lender Defendants and
their corporate officers.  Two motions for joinder also were filed.  Because of the similar
postures of the Lender Defendants, the motions for joinder will be granted and the motions to
dismiss will be considered together.

[3] The Non-Lender Defendants are Goldman Sachs Group, Inc., Henry Paulson, The
McGraw Hill Companies, Inc., Harold McGraw, III, Fitch Group, Inc. (sued as Fimalac, Inc.),
Moody's Corporation, and Experian Holdings, Inc. (sued as Experian Corp.).  Final judgment
was entered in favor of the Non-Lender Defendants on July 25, 2008.

[4] The Lender Defendants include Washington Mutual, Countrywide Home Loans, Inc.,
Wachovia Corp., Wells Fargo & Co., Citigroup, The Bear Stearns Companies, Inc., Kerry
Killinger, Joseph Saunders, Patricia R. Callahan, Angelo Mozilo, Sanford Weill, Charles Prince,
James Cayne, Herbert M. Sandler, and Ken Thompson.  On November 10, 2008, Washington
Mutual filed a notice of automatic stay in light of its bankruptcy filing.  Accordingly, this order
applies to all Lender Defendants except Washington Mutual.

2

1   instructed that "[i]n his amended complaint, [Plaintiff] must allege specifically which Lender

2   Defendants approached him or his agents about arranging illegal loans and when they did it."

3   July 23, 2008 Order at 6.

4
        Plaintiff filed the SAC on September 4, 2008, several days after the deadline imposed by

5   the Court for filing any amended pleading.[5]  The operative SAC contains many of the same

6
7   allegations contained within the prior pleadings.[6]  Essentially, the thrust of the SAC is that

8   Plaintiff lost business as a result of the Lender Defendants' fraudulent loan practices.  Because he

9   refused to participate in the issuance of loans that allegedly were based on inflated income and

10  other false representations, Plaintiff's revenue declined, and eventually Plaintiff had to close his

11
12  real estate business.

13      The SAC contains few allegations of any direct contact with the Lender Defendants or

14  their agents.  In the few instances of such contact that are alleged, the nature of the interaction is

15  that an agent of one of the Lender Defendants would approach Plaintiff or one of Plaintiff's

16
17  employees and offer to engage in a home loan transaction.  Plaintiff alleges that he refused to do

18  business with the Lender Defendants on these occasions because he had concerns about engaging

19  in potentially fraudulent transactions.  The SAC does not allege that Plaintiff actually entered

20  into a financial transaction with any of the Lender Defendants.

21

22
        [5] After Plaintiff failed to file the SAC within the time allotted by the Court, several of the
23  Lender Defendants moved to dismiss the SAC.  Because Plaintiff is proceeding *pro se*, the Court
        allowed the instant action to proceed despite Plaintiff's tardiness.
24

25      [6] In granting leave to file the SAC, the Court explicitly instructed Plaintiff not only to
    omit any claims against the Non-Lender Defendants but also to omit any claims against the
26  Lender Defendants for securities fraud.  In contravention of these instructions, the SAC contains
    claims against the Non-Lender Defendants and alleges claims for securities fraud against all
27  Defendants.  On October 1, 2008, the Court ordered that any allegations against the Non-Lender
    Defendants and any allegations of securities fraud against the Lender Defendants be stricken
28  from the SAC.

3

Case No. C 07-4108 JF (HRL)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC1)

1   The SAC asserts seven "counts" against all the named defendants: two counts based on

2   alleged RICO violations, 18 U.S.C. § 1960 *et seq*.; two counts based on alleged antitrust

3   violations under the Sherman Act, 15 U.S.C. §§ 1, 15; one count under California's Unfair

4   Competition Law ("UCL"), Cal. Bus. & Prof. Code, § 17200 *et seq*.; one count for negligence;

5   

6   and one count for negligent and intentional infliction of emotional distress.  *See* SAC ¶¶135-185.

7   ## II.  LEGAL STANDARD

8   When considering a motion to dismiss, the plaintiff's allegations are taken as true and the

9   Court must construe the complaint in the light most favorable to the plaintiff.  *Jenkins v.*

10  *McKeithen*, 395 U.S. 411, 421 (1969).  A complaint may be dismissed for failure to state a claim

11  upon which relief can be granted for one of two reasons:  (1) lack of a cognizable legal theory or

12  

13  (2) insufficient facts under a cognizable legal theory.  *Bell Atl. Corp. v. Twombly*, 127 S. Ct.

14  1955 (2007).  *See also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir.

15  2008) ("Dismissal is appropriate only where the complaint lacks a cognizable legal theory or

16  

17  sufficient facts to support a cognizable legal theory.").

18  The pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted

19  by an attorney and is to be afforded the benefit of any doubt.  *Haines v. Kerner*, 404 U.S. 519,

20  520 (1972).  A *pro se* litigant must be given leave to amend at least once unless it is absolutely

21  

22  clear that the deficiencies of the complaint cannot be cured by amendment.  *See Lucas v. Dep't of*

23  *Corr*., 66 F.3d 245, 248 (9th Cir. 1995).  Nevertheless, "[w]hile a complaint attacked by a Rule

24  12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

25  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

26  

27  and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 127 S. Ct.

28  at 1964-65 (2007) (citations omitted).

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.  DISCUSSION

The Lender Defendants argue that Plaintiff again has failed to allege sufficient facts showing that he has standing to assert a viable claim based upon any of the numerous legal theories set forth in the SAC.  In addition, even assuming that Plaintiff has standing, the Lender Defendants contend that Plaintiff has failed to plead sufficient facts to support any of the claims. As noted previously, Plaintiff did not file a written opposition to these arguments.[7]

A.  Standing

Article III of the Constitution "requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury can be fairly traced to the challenged action and is likely to be redressed by a favorable decision."  *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (internal quotations omitted).  Thus, standing to bring a federal claim requires (1) injury in fact, (2) causation, and (3) redressability.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  The elements necessary to establish standing are "not mere pleading requirements but rather an indispensable part of the Plaintiffs' case, [and] each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation."  *Id*. at 561.

As a threshold matter, it bears repeating that Plaintiff may not assert claims on behalf of society as a whole.  *Warth v. Seldin*, 422 U.S. 490, 500 (1975) ("when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens,

---

[7] Plaintiff did attend the hearing on the instant motions on December 5, 2008 and was permitted to make comments on the record.

Case No. C 07-4108 JF (HRL)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC1)

1   that harm alone normally does not warrant exercise of jurisdiction.").  As relevant here, Plaintiff

2   lacks standing to assert claims for any alleged injuries to third parties.

3          The SAC also fails to set forth sufficient facts with respect to any harm alleged to have

4   been suffered by Plaintiff personally.  Plaintiff must allege at least one injury that is fairly

5   traceable to the conduct of a Lender Defendant.  The three specific incidents described within the

6   SAC fail to satisfy this requirement.  In paragraph 63 of the SAC, Plaintiff alleges that Lender

7   Defendant Wells Fargo was aware that Plaintiff's name had been added unlawfully to an account

8   owned by an loan originator.  The SAC contains no further details as to the significance of Wells

9   Fargo's alleged awareness and does not state that Plaintiff suffered any injury as a result.  *See*

10  SAC ¶63.  Plaintiff also alleges that on at least two occasions, a Countrywide representative

11  approached one of Plaintiff's loan agents regarding refinancing for two separate borrowers who

12  would not qualify for loans unless their income was inflated.  *Id*. at ¶¶117-120.  In each instance,

13  the Countrywide agent solicited Plaintiff's agent to participate in a loan supported by income

14  inflation.  *Id*.  However, Plaintiff barred his agent from participating in the transaction because he

15  did not want to participate in the fraudulent procurement of a loan.  *See id*. at ¶120.  The SAC

16  does not contain any information with respect to whether the borrowers ultimately received a

17  loan from Countrywide.  It appears that the alleged injury in each of these instances was that

18  Plaintiff lost business revenue because he refused to participate in a questionable transaction with

19  Countrywide.

20         When an alleged injury results from a plaintiff's voluntary decision to abstain from

21  certain activity, rather than engaging in the allegedly wrongful act itself, it is not "fairly

22  traceable" to the challenged conduct.  *See McConnell v. FEC*, 540 U.S. 93, 226-28 (2003).  In

23  *McConnell*, a group of candidates for political office challenged a provision in the Bipartisan

6

1   Campaign Reform Act of 2002 (BCRA) increasing the "hard money" limits on campaign

2   donations. *Id.* at 226-28.  The basis for their claim was that the BCRA put them at a competitive

3   disadvantage in fundraising because they did not wish to accept the donations allowable under

4

5   the increased limits—which they believed were fundamentally unfair—whereas their political

6   opponents would accept such donations. *See id.* at 228.  The Court held the plaintiffs' "own

7   personal 'wish' not to solicit or accept large contributions" was "their personal choice." *Id.*  As

8   such, the plaintiffs failed "to allege an injury in fact that is 'fairly traceable' to BCRA." *Id.*

9
        In the instant case, any alleged economic injury to Plaintiff arose out of his refusal to do
10
    business with the Lender Defendants.  This is a form of injury that the Supreme Court has found
11
12   to not be redressable because it is not "fairly traceable" to any conduct on the part of the Lender

13   Defendants. *See McConnell*, 540 U.S. at 228.  Accordingly, the statutory claims based upon

14   Plaintiff's alleged economic damages, namely Plaintiff's claims under RICO and the Sherman

15   Act, fail for lack of standing.  Plaintiff's UCL claim also fails for lack of standing because it too

16   is subject to the standing requirements of Article III. *See Daro v. Sup. Ct.*, 151 Cal. App. 4th

17
18   1079, 1097 (2007).  Accordingly, because Plaintiff has failed to comply with the Court's express

19   instructions with respect to standing and because Plaintiff has failed to oppose the instant

20   motions, the RICO, antitrust, and UCL claims will be dismissed without leave to amend.[8]

21
                            B.  Negligence and Emotional Distress
22
        The SAC adds claims for negligence, negligent infliction of emotional distress, and
23
24   intentional infliction of emotional distress to Plaintiff's original allegations.  To assert a claim for

25

26
        [8] Even if Plaintiff had standing to assert such claims, the SAC includes mostly legal
27   conclusions, rather than factual allegations, in support of such claims. *See Twombly*, 127 S. Ct.
     at 1964-65 (to survive a motion to dismiss, the SAC must contain more than "labels and
28   conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

                                        7

1    negligence, a plaintiff must allege that the defendant owed a duty to the plaintiff that

2    subsequently was breached, and such breach was the proximate cause of the plaintiff's injury.

3    *See Ditto v. McCurdy*, 510 F.3d 1070, 1078 (9th Cir. 2007).  Negligent infliction of emotional

4    distress has the same elements as a claim for negligence.  *Lawson v. Mgmt. Activities*, 69 Cal.

5    App. 4th 652, 656 (1999).  Accordingly, such a claim requires that a duty existed that was

6    breached, and such breach was the direct cause of emotional distress.  *Id.* at 657.  Here, the SAC

7    contains no facts that show that any Lender Defendant owed a duty to Plaintiff.  Accordingly,

8    Plaintiff's claims for negligence and negligent infliction of emotional distress are subject to

9    dismissal.  Because Plaintiff added these claims without leave of the Court and failed to oppose

10   the instant motions, leave to amend will be denied.

11   Intentional infliction of emotional distress requires that a plaintiff plead "(1) outrageous

12   conduct by the defendant, (2) intention to cause or reckless disregard of the probability of

13   causing emotional distress, (3) severe emotional suffering and (4) actual and proximate causation

14   of the emotional distress." *Bogard v. Employers Cas. Co.*, 164 Cal. App. 3d 602, 616 (1985).

15   Plaintiff's claim fails because he has not alleged the first required element, which courts have

16   defined as requiring extreme and outrageous conduct going beyond all bounds of decency.  *See*

17   *Schneider v. TRS, Inc.*, 938 F. 2d 986, 992 (9th Cir. 1991).  At most, the behavior by the Lender

18   Defendants may have violated certain laws, but that uncertainty regarding the legality

19   demonstrates that as a matter of law such behavior was not extreme or outrageous.  The claim for

20   intentional infliction of emotional distress also will be dismissed and leave to amend will be

21   denied for the same reasons applicable to Plaintiff's other newly added and unauthorized claims.

22

23

24

25

26

27

28

Case No. C 07-4108 JF (HRL)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC1)

1

### IV.  ORDER

2

Good cause therefor appearing, IT IS HEREBY ORDERED that the Lender Defendants'

3

4

motions to dismiss Plaintiff's SAC are GRANTED, without leave to amend.  Because Plaintiff

5

did not file written opposition to the instant motions, he was foreclosed from presenting any

6

substantive arguments in opposition.  Plaintiff may file a motion under Fed. R. Civ. P. 60(b) if he

7

believes there are valid grounds for relief from this order.

8

IT IS SO ORDERED.

9

10

11

DATED:  December 15, 2008

12

13

JEREMY FOGEL
United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1   This Order has been served upon the following persons:

2   Charles G. Miller     cmiller@bztm.com, jcoster@ssbb.com, jrubins@ssbb.com,
    pbrown@bztm.com

3
    Christopher A. Stecher     christopher.stecher@kyl.com, menchie.garcia@kyl.com

4
    Christopher Alan Carr     ccarr@afrct.com, ccarr@afrct.com

5
    Elizabeth Allen Frohlich     efrohlich@morganlewis.com, jowyang@morganlewis.com

6
    Erik Wayne Kemp     ek@severson.com, ek@severson.com, ano@severson.com

7
    John B. Sullivan     jbs@severson.com

8
    Jonathan Alan Patchen     jpatchen@tcolaw.com, abradley@tcolaw.com, cdunbar@tcolaw.com,
9   hcaughron@tcolaw.com, sbundy@tcolaw.com

10  Lloyd Winawer     lwinawer@goodwinprocter.com, cburgos@goodwinprocter.com,
    monyeagbako@goodwinprocter.com, sasmith@goodwinprocter.com
11
    Martin L. Fineman     martinfineman@dwt.com, edithshertz@dwt.com
12
    Melinda Mae Morton     mmorton@be-law.com, gsimmons@be-law.com, troy@cahill.com
13
    Michael Scott Blomquist     michaelsblomquist@gmail.com
14
    Michael Scott-Alan Blomquist     michaelsblomquist@gmail.com
15
    Michael William Stebbins     mstebbins@be-law.com, vross@be-law.com
16
    Peter R. Boutin     peter.boutin@kyl.com
17
    Regina Jill McClendon , Esq     rjm@severson.com, ksb@severson.com
18
    Ryan Jude Thompson     rthompson@goodwinprocter.com, rnelson@goodwinprocter.com,
19  srosesmith@goodwinprocter.com, thefferon@goodwinprocter.com

20  Sabrina M. Rose-Smith     srosesmith@goodwinprocter.com

21  Sam N. Dawood     samdawood@dwt.com, allanpatterson@dwt.com, pammaiwandi@dwt.com

22  Stephen E. Taylor     staylor@tcolaw.com, abradley@tcolaw.com, achung@tcolaw.com,
    cdunbar@tcolaw.com, hcaughron@tcolaw.com, jgrant@tcolaw.com, jhinesshah@tcolaw.com,
23  jpatchen@tcolaw.com, sbundy@tcolaw.com

24  Stephen Michael Rummage     steverummage@dwt.com, jeannecadley@dwt.com

25  Theodore Walter Maya     tmaya@kayescholer.com

26  Thomas M. Hefferon     thefferon@goodwinprocter.com

27

28

10

Case No. C 07-4108 JF (HRL)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC1)

1   James J. Coster
    Satterlee Stephen Burke & Burke LLP
2   230 Park Avenue
    New York, NY 10169
3
    Joshua M. Rubins
4   Satterlee Stephens Burke & Burke
    230 Park Ave
5   New York, NY 10169-0079

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-4108 JF (HRL)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC1)